

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK



---

ADREA, LLC,

       Plaintiff,

       v.

BARNES & NOBLE, INC.,
BARNESANDNOBLE.COM LLC, AND NOOK
MEDIA LLC,

       Defendants.

---

Civil Action No. _____

JURY TRIAL DEMANDED



## COMPLAINT

ADREA, LLC ("ADREA") brings this action under the patent laws of the United States,

35 U.S.C. § 1, *et seq*., against Barnes & Noble, Inc., barnesandnoble.com LLC, and Nook Media

LLC, for infringement of three United States patents and alleges as follows:

## PARTIES

1.     ADREA is a Delaware limited liability company with a principal place of

business at 920 Stewart Drive, Sunnyvale, California 94085.

2.     Upon information and belief, Barnes & Noble, Inc. is a Delaware corporation with

a principal place of business at 122 Fifth Avenue, New York, New York 10011.

3.     Upon information and belief, Barnes & Noble, Inc., has engaged in the design,

manufacture, marketing, and sale of one or more Nook Devices, including but not limited to the

Nook 1st Edition and Nook Tablet.  ("Nook Devices" as used herein refers to Barnes & Noble

Nook eReaders and tablets, including but not limited to the Nook 1st Edition, Nook Tablet, Nook Simple Touch, and Nook HD+.)

4.     Upon information and belief, barnesandnoble.com LLC is a Delaware limited liability company with a principal place of business at 76 Ninth Avenue, 9th Floor, New York, New York 10011.

5.     Upon information and belief, barnesandnoble.com LLC is a subsidiary of Barnes & Noble, Inc.

6.     Upon information and belief, barnesandnoble.com LLC has engaged in the design, manufacture, marketing, and sale of one or more Nook Devices, including but not limited to the Nook Simple Touch and Nook HD+, and the Nook application.

7.     Upon information and belief, Nook Media LLC is a Delaware limited liability company with a principal place of business at 76 Ninth Avenue, 9th Floor, New York, NY 10011.

8.     Upon information and belief, Nook Media LLC is a subsidiary of Barnes & Noble, Inc.

9.     Upon information and belief, Nook Media LLC has assumed responsibility for the design, manufacture, marketing, and sale of current and future Nook Devices and Nook applications.

10.    Barnes & Noble, Inc., barnesandnoble.com LLC, and Nook Media LLC are collectively referred to herein as the "Defendants."

2

## JURISDICTION AND VENUE

11.     This case arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq*.

12.     The Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338.

13.     Venue is proper in this District under 28 U.S.C. §§ 1391(a), (b) & (c) and 1400(b).

## BACKGROUND

14.     ADREA is the owner by assignment of all right, title, and interest in U.S. Patent No. 7,298,851 ("'851 Patent") entitled "Electronic Book Security and Copyright Protection System." The '851 Patent was duly issued by the USPTO on November 20, 2007 and is valid and enforceable. A copy of the '851 Patent is attached hereto as Exhibit 1.

15.     ADREA is the owner by assignment of all right, title, and interest in U.S. Patent No. 7,299,501 ("'501 Patent") entitled "Electronic Book Selection and Delivery System Having Encryption and Security Features." The '501 Patent was duly issued by the USPTO on November 20, 2007 and is valid and enforceable. A copy of the '501 Patent is attached hereto as Exhibit 2.

16.     ADREA is the owner by assignment of all right, title, and interest in U.S. Patent No. 7,620,703 ("'703 Patent") entitled "Topical Service Provides Context Information for a Home Network." The '703 Patent was duly issued by the USPTO on November 17, 2009 and is valid and enforceable. A copy of the '703 Patent is attached hereto as Exhibit 3.

## COUNT I – INFRINGEMENT OF THE '851 PATENT

17.     ADREA repeats each allegation of paragraphs 1-16 as if set forth here in full.

3

18.     Upon information and belief, Defendants, without authority, made, used, offered to sell, sold within the United States, and/or imported into the United States, products and services that infringed, contributed to the infringement of, or induced the infringement of, either literally and/or under the doctrine of equivalents, one or more claims of the '851 Patent, including but not limited to the Nook Devices, specifically, the Nook HD+, Nook Simple Touch, Nook Tablet, and Nook 1st Edition, the Nook application, the Nook Bookstore, and/or other Barnes & Noble online services related to the Nook devices ("'851 Accused Products").

19.     Defendants received actual notice of the '851 Patent at least as early as March 29, 2012.

20.     Upon information and belief, since at least as early as March 29, 2012, Defendants and users of the '851 Accused Products infringed one or more claims of the '851 Patent by using the '851 Accused Products to distribute and acquire media, including but not limited to electronic books, magazines, and newspapers, from the Nook Bookstore, and/or other Barnes & Noble online services.

21.     Upon information and belief, since at least as early as March 29, 2012, Defendants contributorily infringed the '851 Patent by providing, offering to sell and/or selling within the United States, and/or importing into the United States, software components, including but not limited to the Nook application, that constituted a material part of the invention recited in one or more claims of the '851 patent, that were especially made or adapted for use in an infringement of the '851 patent, and that were not a staple article or commodity of commerce suitable for substantial non-infringing use.

22.     Upon information and belief, since at least as early as March 29, 2012, Defendants demonstrated specific intent to induce, and did induce, infringement of the '851 Patent by advertising, licensing, and/or providing instructions for using the '851 Accused Products to distribute and/or acquire media, including but not limited to electronic books, magazines, and newspapers, from the Nook Bookstore, and/or other Barnes & Noble online services.

23.     Upon information and belief, Defendants' infringement of the '851 Patent was willful.

## COUNT II – INFRINGEMENT OF THE '501 PATENT

24.     ADREA repeats each allegation of paragraphs 1-16 as if set forth here in full.

25.     Upon information and belief, Defendants, without authority, make, use, offer to sell, sell within the United States, and/or import into the United States, products and services that infringe, contribute to the infringement of, or induce the infringement of, either literally and/or under the doctrine of equivalents, one or more claims of the '501 Patent, including but not limited to the Nook Devices, specifically, the Nook HD+, Nook Simple Touch, Nook Tablet, and Nook 1st Edition, and/or the Nook application ("'501 Accused Products").

26.     Defendants received actual notice of the '501 Patent at least as early as March 29, 2012.

27.     Upon information and belief, since at least as early as March 29, 2012, Defendants and users of the '501 Accused Products infringe one or more claims of the '501 Patent by using the Lend Me functionality of the '501 Accused Products.

5

28.     Upon information and belief, since at least as early as March 29, 2012, Defendants have contributorily infringed and continue to contributorily infringe the '501 Patent by providing, offering to sell and/or selling within the United States, and/or importing into the United States, software components, including but not limited to the Nook application, that constitute a material part of the invention recited in one or more claims of the '501 patent, that are especially made or adapted for use in an infringement of the '501 patent, and that are not a staple article or commodity of commerce suitable for substantial non-infringing use.

29.     Upon information and belief, since at least as early as March 29, 2012, Defendants have demonstrated and continue to demonstrate specific intent to induce, and have induced and continue to induce, infringement of the '501 Patent by advertising, licensing, and/or providing instructions for using the Lend Me functionality of the '501 Accused Products.

30.     Upon information and belief, Defendants' infringement of the '501 Patent is willful.

## COUNT III – INFRINGEMENT OF THE '703 PATENT

31.     ADREA repeats each allegation of paragraphs 1-16 as if set forth here in full.

32.     Upon information and belief, Defendants, without authority, make, use, offer to sell, sell within the United States, and/or import into the United States, products and services that infringe, contribute to the infringement of, or induce the infringement of, either literally and/or under the doctrine of equivalents, one or more claims of the '703 Patent, including but not limited to the Nook Devices, specifically, the Nook HD+, Nook Simple Touch, Nook Tablet, and

Nook 1st Edition, the Nook application, the Nook Bookstore, and/or other Barnes & Noble online services related to the Nook devices ("'703 Accused Products").

33.     Defendants received actual notice of the '703 Patent at least as early as March 29, 2012.

34.     Upon information and belief, since at least as early as March 29, 2012, Defendants and users of the '703 Accused Products infringe one or more claims of the '703 Patent by using the '703 Accused Products to distribute and acquire information from the Nook Bookstore, and/or other Barnes & Noble online services.

35.     Upon information and belief, since at least as early as March 29, 2012, Defendants have contributorily infringed and continue to contributorily infringe the '703 Patent by providing, offering to sell and/or selling within the United States, and/or importing into the United States, software components, including but not limited to the Nook application, that constitute a material part of the invention recited in one or more claims of the '703 patent, that are especially made or adapted for use in an infringement of the '703 patent, and that are not a staple article or commodity of commerce suitable for substantial non-infringing use.

36.     Upon information and belief, since at least as early as March 29, 2012, Defendants have demonstrated and continue to demonstrate specific intent to induce, and have induced and continue to induce, infringement of the '703 Patent by advertising, licensing, and/or providing instructions for using the '703 Accused Products to distribute and acquire information from the Nook Bookstore, and/or other Barnes & Noble online services.

37.     Upon information and belief, Defendants' infringement of the '703 Patent is willful.

7

## PRAYER FOR RELIEF

**WHEREFORE**, ADREA prays for judgment and seeks relief against the Defendants as follows:

(a)     That the Court find that the Defendants are infringing each of the patents-in-suit in violation of the Patent Act, 35 U.S.C. § 271;

(b)     That the Court finds that that the Defendants' infringement of the '851, '501, and '703 Patents is willful;

(c)     That the Court award ADREA damages adequate to compensate for the infringement of the patents-in-suit in an amount to be determined at trial, together with interest and costs as fixed by this Court; all of those damages to be enhanced in an amount up to treble the amount of compensatory damages as this Court finds proper, for example, due to Defendants' willful infringement, pursuant to 35 U.S.C. § 284;

(d)     That the Court find and declare this to be an exceptional case entitling ADREA to reasonable attorneys' fees, costs and disbursements pursuant to 35 U.S.C. § 285; and

(e)     That the Court grant ADREA such other relief as the Court deems just and equitable.

## JURY DEMAND

ADREA hereby demands a trial by jury on all issues so triable.

Dated: June 14, 2013

Respectfully submitted,

**PROSKAUER ROSE LLP**

_____
Kenneth Rubenstein
Baldassare Vinti
PROSKAUER ROSE LLP
11 Times Square
New York, NY 10036
(212) 969-3000 (telephone)
(212) 969-2900 (facsimile)

Steven M. Bauer
Amy Crafts
Micah Miller*
PROSKAUER ROSE LLP
One International Place
Boston, Massachusetts 02110
(617) 526-9600 (telephone)
(617) 526-9800 (facsimile)

_Attorneys for Plaintiff ADREA, LLC_

*Motion for admission _pro hac vice_ forthcoming

9