UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
**Adrea**

                 Plaintiff(s),

   -v-

**Barnes & Noble**

                 Defendant(s).
------------------------------------------------------------------ x

CIVIL CASE MANAGEMENT PLAN
(JUDGE RAKOFF)

**13cv4137** (JSR)

**This Court requires that this case shall be <u>ready for trial</u> on
01-02-2014.**

After consultation with counsel for the parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

A.    The case ((is)) (is not) to be tried to a jury. [Circle as appropriate]

B.    Joinder of additional parties must be accomplished by **8/16/2013**.

C.    Amended pleadings may be filed without leave of Court until **8/16/2013**.

D.    Discovery (in addition to the disclosures required by Fed. R. Civ. P. 26(a)):

    1. <u>Documents</u>. First request for production of documents, if any, must be served by **8/16/2013**. Further document requests may be served as required, but no document request may be served later than 30 days prior to the date of the close of discovery as set forth in item 7 below.

    2. <u>Interrogatories</u>. Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York must be served by **8/16/2013**. No other interrogatories are permitted except upon prior express permission of Judge Rakoff. No Rule 33.3(a) interrogatories need be served with respect to disclosures automatically required by Fed. R. Civ. P. 26(a).

    2.1 <u>Patent Disclosures.</u> The party asserting infringement shall serve its Disclosure of Asserted Claims and Infringement Contentions under Local Patent Rule 6 by **8/16/2013**, which shall assert no more than ten claims from each asserted patent and not more than a total of 25 claims. Each of the parties opposing a claim of infringement shall serve its Invalidity Contentions[1] under Local Patent Rule 7 by **9/6/2013**, which shall assert no more than twelve prior art references[2] against each patent and not more than a total of 30 references.

    Not later than 10 days after the Court issues its Claim Construction Order, the party asserting

---

[1] A firm representing multiple parties may serve only one set of Invalidity Contentions.

[2] For purposes of this Order, a prior art instrumentality (such as a device or process) and associated references that describe that instrumentality shall count as one reference, as shall the closely related work of a single prior artist. In cases involving several patent families or diverse technologies, or disparate claims within a patent, the court should consider flexibly whether circumstances warrant expanding the limits on prior art.

infringement shall serve a Final Election of Asserted Claims, which shall identify no more than five asserted claims per patent from among the ten previously identified claims and no more than a total of 15 claims. Not later than 10 days after service of a Final Election of Asserted Claims, each of the parties opposing a claim of infringement shall serve a Final Election of Asserted Prior Art, which shall identify no more than six asserted prior art references per patent from among the twelve prior art references previously identified and no more than a total of 18 references.

2.2 Claim Construction.    The parties shall exchange a list of patent claim terms to be construed by **9/13/2013**. Parties shall file a Joint Disputed Claim Terms Chart under Local Patent Rule 11 by **9/20/2013**. The parties are to simultaneously file and serve opening claim construction briefs by **9/27/2013**. The parties are to simultaneously file and serve opposing claim construction briefs on **10/4/2013**. The Court shall hold a claim construction hearing ~~as early as suits the Court's calendar after~~ on **10/10/2013** ~~at~~ at 4 p.m.

3. Experts. Every party-proponent of a claim (including any counterclaim, cross-claim, or third-party claim) that intends to offer expert testimony in respect of such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by **10/23/2013**. Every party-opponent of such claim that intends to offer expert testimony in opposition to such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by **11/6/2013**. No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the opinions covered by the aforesaid disclosures except upon prior express permission of the Court, application for which must be made no later than 10 days after the date specified in the immediately preceding sentence. All experts may be deposed, but such depositions must occur within the time limit for all depositions set forth below.

4. Depositions. All depositions (including any expert depositions, see item 3 above) must be completed by **11/20/2013**. Unless counsel agree otherwise or the Court so orders, depositions shall not commence until all parties have completed the initial disclosures required by Fed. R. Civ. P. 26(a)(1) or until four weeks from the date of this Order, whichever is earlier. Depositions shall proceed concurrently, with no party having priority, and no deposition shall extend beyond one business day without prior leave of the Court.

5. Requests to Admit. Requests to Admit, if any, must be served by **10/21/2013**.

6. Opinion of Counsel. Any party choosing to rely on an opinion of counsel defense to a claim of willful infringement or inducement of infringement, or that a case is exceptional, must produce those documents required by Local Patent Rule 10 by **10/23/2013.**

7. All discovery is to be completed by **11/20/2013**. Interim deadlines for items 1-6 above may be extended by the parties on consent without application to the Court, provided the parties are certain they can still meet the discovery completion date set forth in this paragraph. The discovery completion date may be adjourned only upon a showing to the Court of extraordinary circumstances, and may not be extended on consent.

E.    Post-discovery summary judgment motions in the form prescribed by the Court's Individual Rules of Practice may be brought on without further consultation with the Court provided that a Notice of any such motion, in the form specified in the Court's Individual Rules of Practice, is filed no later than one week following the close-of-discovery date (item D-7 above) and provided that the moving papers are served by **12/4/2013**, answering papers by **12/16/2013**, and reply papers by **12/23/2013**. Each party must file its respective papers with the Clerk of the Court on the same date that such papers are served. Additionally, on the same date that any papers are served and filed, counsel filing and serving the papers must arrange to deliver courtesy non-electronic hard copies to the Courthouse for delivery to Chambers.

F.      A final pre-trial conference, as well as oral argument on any post-discovery summary judgment motions, shall be held on **1/3/14 at 10 a.m.** [date to be inserted by the Court], at which time the Court shall set a firm trial date. The timing and other requirements for the Joint Pretrial Order and/or other pre-trial submissions shall be governed by the Court's Individual Rules of Practice.

G.      All motions and applications shall be governed by Judge Rakoff's Individual Rules of Practice. Counsel shall promptly familiarize themselves with all of the Court's Individual Rules, as well as with the Local Rules for the United States District Court for the Southern District of New York.

SO ORDERED.

_____
JED S. RAKOFF
U.S.D.J.

DATED:   New York, New York
         **7/31/13**