UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ADREA, LLC, | ) | |
| Plaintiff, Counterclaim-Defendant, | ) | |
| - against - | ) | 13-CV-4137 (JSR) |
| BARNES & NOBLE, INC., BARNESANDNOBLE.COM LLC, and NOOK MEDIA LLC, | ) | JURY TRIAL DEMANDED |
| Defendants, Counterclaim-Plaintiffs. | ) | |

**DEFENDANTS' ANSWER TO COMPLAINT,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendants and Counterclaim-Plaintiffs Barnes & Noble, Inc., barnesandnoble.com llc, and NOOK Media LLC (collectively, "Barnes & Noble"), through their counsel, hereby respond to the Complaint of Plaintiff and Counterclaim-Defendant Adrea, LLC ("Adrea") as follows:

1. Barnes & Noble is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and accordingly denies the allegations therein.

2. Admitted.

3. Barnes & Noble admits that Barnes & Noble, Inc. has engaged in the design, manufacture, marketing, and sale of the NOOK® HD+, NOOK Tablet, NOOK Simple Touch, and NOOK 1st Edition, but denies the remaining allegations in Paragraph 3.

4. Admitted.

5. Barnes & Noble admits that Barnes & Noble, Inc. is the ultimate majority parent, through affiliated companies, of barnesandnoble.com llc.

6. Barnes & Noble admits that barnesandnoble.com llc has engaged in the design, manufacture, marketing, and/or sale of the NOOK® HD+, NOOK Tablet, NOOK Simple Touch, and NOOK 1st Edition devices and NOOK applications for iOS and Android devices, but denies the remaining allegations in Paragraph 6.

7. Barnes & Noble admits that NOOK Media LLC is a Delaware limited liability company with offices at 76 Ninth Avenue, 9th Floor, New York, New York 10011 and 3400 Hillview Avenue, Palo Alto, California 94304.

8. Barnes & Noble admits that Barnes & Noble, Inc. is the ultimate majority parent, through affiliated companies, of NOOK Media LLC.

9. Barnes & Noble admits that NOOK Media LLC has responsibilities concerning the design, manufacture, marketing, and sale of current and future NOOK® devices and NOOK applications but denies that NOOK Media LLC has assumed sole responsibility with respect to these functions.

10. Barnes & Noble admits that the Complaint refers to Barnes & Noble, Inc., barnesandnoble.com llc, and NOOK Media LLC collectively as "Defendants."

## JURISDICTION AND VENUE

11. Barnes & Noble admits that the Complaint purports to allege causes of action arising under the patent laws of the United States. Barnes & Noble denies the merits of the allegations in the Complaint.

12. Barnes & Noble admits that this Court has subject matter jurisdiction over actions arising under the patent laws of the United States. Barnes & Noble denies the merits of Adrea's claims against Barnes & Noble.

13. Barnes & Noble does not contest that venue is proper in this district. Barnes & Noble denies the remaining allegations in Paragraph 13.

## BACKGROUND

14. Barnes & Noble admits that U.S. Patent No. 7,298,851 ("the '851 Patent"), entitled "Electronic Book Security and Copyright Protection System," was issued by the United States Patent and Trademark Office on November 20, 2007, and that a copy is attached to the Complaint as Exhibit 1. Barnes & Noble denies the remaining allegations in Paragraph 14.

15. Barnes & Noble admits that U.S. Patent No. 7,299,501 ("the '501 Patent"), entitled "Electronic Book Selection and Delivery System Having Encryption and Security Features," was issued by the United States Patent and Trademark Office on November 20, 2007, and that a copy is attached to the Complaint as Exhibit 2. Barnes & Noble denies the remaining allegations in Paragraph 15.

16. Barnes & Noble admits that U.S. Patent No. 7,620,703 ("the '703 Patent"), entitled "Topical Service Provides Context Information for a Home Network," was issued by the United States Patent and Trademark Office on November 17, 2009, and that a copy is attached to the Complaint as Exhibit 3. Barnes & Noble denies the remaining allegations in Paragraph 16.

## COUNT I - ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,298,851

17. Barnes & Noble restates and incorporates by reference its responses to paragraphs 1-16, as if fully set forth herein.

18. Barnes & Noble admits having sold NOOK® HD+, NOOK Tablet, NOOK Simple Touch, and NOOK 1st Edition devices, but denies the remaining allegations in Paragraph 18, including denying that any NOOK device infringes any asserted claim of the '851 patent.

19. Barnes & Noble admits having received a communication from Adrea, on or about March 29, 2012, that referred to the '851 patent, but denies the remaining allegations in Paragraph 19.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

**COUNT II - ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,299,501**

24. Barnes & Noble restates and incorporates by reference its responses to paragraphs 1-16, as if fully set forth herein.

25. Barnes & Noble admits having sold NOOK® HD+, NOOK Tablet, NOOK Simple Touch, and NOOK 1st Edition devices, but denies the remaining allegations in Paragraph 25, including denying that any NOOK devices infringes any asserted claim of the '501 patent.

26. Barnes & Noble admits having received a communication from Adrea, on or about March 29, 2012, that referred to the '501 patent, but denies the remaining allegations in Paragraph 26.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

**COUNT III - ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,620,703**

31. Barnes & Noble restates and incorporates by reference its responses to paragraphs 1-16, as if fully set forth herein.

32. Barnes & Noble admits having sold NOOK® HD+, NOOK Tablet, NOOK Simple Touch, and NOOK 1st Edition devices, which permit users to shop for eBooks and other content offered for sale by Barnes & Noble in the United States, and having made available NOOK applications for iOS and Android devices, but denies the remaining allegations in

Paragraph 32, including denying that any NOOK devices, applications, or online service infringes any asserted claim of the '703 patent.

33. Barnes & Noble admits having received a communication from Adrea, on or about March 29, 2012, that referred to the '703 patent, but denies the remaining allegations in Paragraph 33.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

### PRAYER FOR RELIEF

Barnes & Noble denies that Adrea is entitled to any of the requested relief and denies all allegations in its prayer for relief.

### JURY DEMAND

Barnes & Noble requests a trial by jury pursuant to Fed. R. Civ. P. 38 on all issues so triable.

### AFFIRMATIVE DEFENSES

Barnes & Noble alleges and asserts the following defenses, affirmative or otherwise, without assuming any burden of proof that it would not otherwise have. In addition to the affirmative defenses set out below, and subject to their responses above, Barnes & Noble specifically reserves all rights to assert additional defenses, affirmative or otherwise, that become known through the course of discovery:

## FIRST AFFIRMATIVE DEFENSE
### Failure to State a Claim

The Complaint fails to state a claim upon which relief can be granted, including, but not limited to, failure to meet the standard for pleading set by the Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

## SECOND SEPARATE DEFENSE
### Non-Infringement of the Patent Act

Barnes & Noble does not infringe and has not infringed (whether directly, contributorily, or by inducement), literally or under the doctrine of equivalents, any valid, enforceable claim of the patents-in-suit.

## THIRD AFFIRMATIVE DEFENSE
### Invalidity

The asserted claims of the patents-in-suit are invalid under 35 U.S.C. § 101 et seq., including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## FOURTH AFFIRMATIVE DEFENSE
### Waiver, Acquiescence and/or Consent

Adrea is barred from relief, in whole or in part, under the doctrines of waiver, acquiescence and/or consent.

## FIFTH AFFIRMATIVE DEFENSE
### Laches

Adrea is barred from relief, in whole or in part, under the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE
### Estoppel

Adrea is barred from relief, in whole or in part, under the doctrines of equitable estoppel and/or prosecution history estoppel.

### SEVENTH AFFIRMATIVE DEFENSE
### Unclean Hands

Adrea is barred from receiving equitable relief, in whole or in part, under the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE
### Bar to Damages

Adrea's claims for damages are barred, in whole or in part, under 35 U.S.C. § 286 (six year limitation) and 35 U.S.C. § 287 (marking).

### NINTH AFFIRMATIVE DEFENSE
### License and/or Exhaustion

Adrea's claims for damages are barred, in whole or in part, under the doctrines of license and/or exhaustion.

### TENTH AFFIRMATIVE DEFENSE
### No Injunctive Relief

To the extent that any point in these proceedings Adrea makes a demand for a preliminary or permanent injunction, Adrea is not entitled to any injunctive relief, as it has, at a minimum, an adequate remedy at law and no irreparable injury.

### ELEVENTH AFFIRMATIVE DEFENSE
### Mitigation of Damages

Adrea is barred from relief, in whole or in part, by its failure to mitigate damages, if any, with respect to its infringement allegations against Barnes & Noble.

### TWELFTH AFFIRMATIVE DEFENSE
### Lack of Intent

Barnes & Noble is not liable for acts alleged to have been taken by Barnes & Noble before the company received notice of the patents and that its actions would cause alleged infringement, either by directly, or contributing to, or inducing such infringement. Further,

Barnes & Noble lacks any specific intent to infringe any claims of the '851 patent, '501 patent and/or the '703 patent, thus barring claims of indirect infringement.

## COUNTERCLAIMS

Counterclaim-Plaintiffs, Barnes & Noble, Inc., barnesandnoble.com llc, and NOOK Media LLC (collectively, "Barnes & Noble"), by and through undersigned counsel, for their counterclaims ("Counterclaims") against Adrea, allege as follows:

## THE PARTIES

1. Counterclaim-Plaintiff Barnes & Noble, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business at 122 Fifth Avenue, New York, NY 10011.

2. Counterclaim-Plaintiff barnesandnoble.com llc is a limited liability company organized under the laws of the State of Delaware with its principal place of business at 76 Ninth Avenue, 9th Floor New York, NY 10011.

3. Counterclaim-Plaintiff NOOK Media LLC is a limited liability company organized under the laws of the State of Delaware with offices at 76 Ninth Avenue, 9th Floor New York, NY 10011 and 3400 Hillview Avenue, Palo Alto, California 94304.

4. Upon information and belief, Counterclaim-Defendant Adrea is a Delaware limited liability company with a principal place of business at 920 Stewart Drive, Sunnyvale, California 94085. Adrea purports to own the '857, '501, and '703 patents.

## JURISDICTION AND VENUE

5. Subject to Barnes & Noble's affirmative defenses and responses to the claims in Adrea's Complaint, Barnes & Noble alleges that this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation 28 U.S.C. §§ 1331, 1367, 1338(a), 2201, and 2202, and that venue for these Counterclaims is proper in this district.

6. This Court has personal jurisdiction over Adrea because, *inter alia*, it has submitted to the jurisdiction of this court.

## BACKGROUND

7. In its Complaint for patent infringement, Adrea asserts that Barnes & Noble has infringed the '851, '501 and '703 patents. Barnes & Noble denies Adrea's allegations of infringement, and further denies that the '851, '501, and '703 patents are valid. Consequently, there is an actual case or controversy between the parties over the non-infringement and/or invalidity of the '851, '501, and '703 patents.

## COUNT I
## NON-INFRINGEMENT OF U.S. PATENT NO. 7,298,851

8. Barnes & Noble repeats and realleges each and every allegation contained in paragraphs 1-7 of its Counterclaims as though fully set forth herein.

9. The '851 is currently expired. Barnes & Noble has not infringed (whether directly, contributorily, or by inducement), literally or under the doctrine of equivalents, willfully or otherwise, any claim of the '851 patent.

10. An actual and justiciable controversy exists with respect to Adrea's allegations that Barnes & Noble has previously infringed the '851 patent, whether directly or indirectly.

11. Barnes & Noble is entitled to a declaratory judgment that it has not infringed any claim of the '851 patent.

## COUNT II
## NON-INFRINGEMENT OF U.S. PATENT NO. 7,299,501

12. Barnes & Noble repeats and realleges each and every allegation contained in paragraphs 1-11 of its Counterclaims as though fully set forth herein.

13. Barnes & Noble does not infringe and has not infringed (whether directly, contributorily, or by inducement), literally or under the doctrine of equivalents, willfully or otherwise, any claim of the '501 patent.

14. An actual and justiciable controversy exists with respect to Adrea's allegations that Barnes & Noble has infringed the '501 patent, whether directly or indirectly.

15. Barnes & Noble is entitled to a declaratory judgment that it has not infringed and does not infringe any claim of the '501 patent.

## COUNT III
## NON-INFRINGEMENT OF U.S. PATENT NO. 7,620,703

16. Barnes & Noble repeats and realleges each and every allegation contained in paragraphs 1-15 of its Counterclaims as though fully set forth herein.

17. Barnes & Noble does not infringe and has not infringed (whether directly, contributorily, or by inducement), literally or under the doctrine of equivalents, willfully or otherwise, any claim of the '703 patent.

18. An actual and justiciable controversy exists with respect to Adrea's allegations that Barnes & Noble has infringed the '703 patent, whether directly or indirectly.

19. Barnes & Noble is entitled to a declaratory judgment that it has not infringed and does not infringe any claim of the '703 patent.

## COUNT IV
## INVALIDITY OF U.S. PATENT NO. 7,298,851

20. Barnes & Noble repeats and realleges each and every allegation contained in paragraphs 1-19 of its Counterclaims as though fully set forth herein.

21. Adrea has asserted the '851 patent against Barnes & Noble.

22. The '851 patent is currently expired. During its term, the claims of the '851 patent were invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

23. An actual and justiciable controversy exists with respect to the invalidity of the claims of the '851 patent.

24. Barnes & Noble is entitled to a declaratory judgment that the claims of the '851 patent are invalid.

## COUNT V
## INVALIDITY OF U.S. PATENT NO. 7,299,501

25. Barnes & Noble repeats and realleges each and every allegation contained in paragraphs 1-24 of their Counterclaims as though fully set forth herein.

26. Adrea has asserted the '501 patent against Barnes & Noble.

27. The claims of the '501 patent are invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

28. An actual and justiciable controversy exists with respect to the invalidity of the claims of the '501 patent.

29. Barnes & Noble is entitled to a declaratory judgment that the claims of the '501 patent are invalid.

## COUNT VI
## INVALIDITY OF U.S. PATENT NO. 7,620,703

30. Barnes & Noble repeats and realleges each and every allegation contained in paragraphs 1-29 of its Counterclaims as though fully set forth herein.

31. Adrea has asserted the '703 patent against Barnes & Noble.

32. The claims of the '703 patent are invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

33. An actual and justiciable controversy exists with respect to the invalidity of the claims of the '703 patent.

34. Barnes & Noble is entitled to a declaratory judgment that the claims of the '703 patent are invalid.

**PRAYER FOR RELIEF**

WHEREFORE, Barnes & Noble prays for judgment as follows:

a) A judgment in favor of Barnes & Noble denying Adrea all relief requested in its Complaint in this action and dismissing Adrea's Complaint for patent infringement with prejudice;

b) A judgment in favor of Barnes & Noble on all Counterclaims;

c) A declaration that Barnes & Noble has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid, enforceable claims of the '851 patent;

d) A declaration that Barnes & Noble has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid, enforceable claims of the '501 patent;

e) A declaration that Barnes & Noble has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid, enforceable claims of the '703 patent;

f) A declaration that the claims of the '851 patent are invalid;

g) A declaration that the claims of the '703 patent are invalid;

h) A declaration that the claims of the '501 patent are invalid;

i) A declaration that this case is exceptional under 35 U.S.C. § 285 and an award to Barnes & Noble of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees; and

j) Such other and further relief as this Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Counterclaim-Plaintiffs respectfully request a trial by jury of all issues so triable.

Respectfully submitted,

ARNOLD & PORTER LLP

/s/ Louis S. Ederer
Louis S. Ederer
Yue-Han Chow
399 Park Avenue
New York, NY 10022-4690
Telephone: (212) 715-1000
Facsimile: (212) 715-1399
louis.ederer@aporter.com
yue-han.chow@aporter.com

Ali R. Sharifahmadian (*pro hac vice*)
Arpan A. Sura (*pro hac vice*)
555 Twelfth Street, NW
Washington, DC 20004-1206
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
ali.sharifahmadian@aporter.com
arpan.sura@aporter.com

*Attorneys for Defendants and Counterclaim-Plaintiffs Barnes & Noble, Inc., barnesandnoble.com llc, and NOOK Media LLC*

Dated: August 9, 2013