**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ADREA, LLC,                                     )
                                                )
                        Plaintiff,              )
                                                )
            - against -                         )          13-CV-4137 (JSR)
                                                )
BARNES & NOBLE, INC.,                           )
BARNESANDNOBLE.COM LLC, and                     )
NOOK MEDIA LLC,                                 )
                                                )
                        Defendants.             )
                                                )

JED S. RAKOFF, U.S.D.J.

The parties having agreed to the following terms of confidentiality, and the Court having

found that good cause exists for issuance of an appropriately-tailored confidentiality order

governing the pre-trial phase of this action, it is therefore hereby

ORDERED that any person subject to this Order -- including without limitation the parties

to this action, their representatives, agents, experts and consultants, all third parties providing

discovery in this action, and all other interested persons with actual or constructive notice of this

Order -- shall adhere to the following terms, upon pain of contempt:

1.      Any person subject to this Order who receives from any other person any

"Discovery Material" (i.e., information of any kind provided in the course of discovery in this

action) that is designated as "Confidential" or "Outside Attorneys' Eyes Only" pursuant to the

terms of this Order shall not disclose such Confidential Discovery Material or Outside Attorneys'

Eyes Only Discovery Material to anyone else except as expressly permitted hereunder.

1

2.     The person producing any given Discovery Material may designate as
Confidential only such portion of such material as consists of:

(a)     previously nondisclosed financial information (including without limitation
profitability reports or estimates, percentage fees, design fees, royalty rates, minimum
guarantee payments, sales reports and sale margins);

(b)     previously nondisclosed material relating to ownership or control of any
non-public company;

(c)     previously nondisclosed business plans, product development information,
or marketing plans;

(d)     sensitive business information of third parties;

(e)     previously nondisclosed research or development information relating to
commercial products;

(f)     previously nondisclosed production and manufacturing cost information;

(g)     trade secrets, as defined by the Uniform Trade Secrets Acts;

(h)     customer lists and competitive market information;

(i)     any information of a personal or intimate nature regarding any individual;
or

(j)     any other category of information hereinafter given confidential status by
the Court.

The term "previously nondisclosed" shall include information disclosed under a nondisclosure
agreement or expectation of confidentiality.

2

3.     The person producing any given Discovery Material may designate as Outside

Attorneys' Eyes Only extremely sensitive Confidential information or items the disclosure of

which to opposing in-house counsel would create a substantial risk of serious injury that could

not be avoided by less restrictive means.  Such information shall fall into one or more of the

following categories:

> (a)     Previously non-disclosed current and future business plans;
>
> (b)     Source Code (as defined in paragraph 11 below);
>
> (c)     technical documentation related to Source Code; or
>
> (d)     technical information related to in-process research and development.

4.     With respect to the Confidential or Outside Attorneys' Eyes Only portion of any

Discovery Material other than deposition transcripts and exhibits, the producing person or that

person's counsel may designate such portion as "Confidential" or "Outside Attorneys' Eyes

Only" by stamping or otherwise clearly marking as "Confidential" or "Outside Attorneys' Eyes

Only" the protected portion in a manner that will not interfere with legibility or audibility, and by

also producing for future public use another copy of said Discovery Material with the confidential

information redacted when necessary to minimize burden on the Court associated with sealed

filings.  With respect to deposition transcripts and exhibits, a producing person or that person's

counsel may indicate on the record that a question calls for Confidential or Outside Attorneys'

Eyes Only  information, or by notifying the other parties in writing, within seven (7) calendar

days of receipt of the Court Reporter's official transmittal of the completed transcript for review,

of the specific pages and lines of the transcript which contain such Confidential or Outside

Attorneys' Eyes Only information.  All depositions, regardless of whether a designation of

confidentiality was made on the record, shall be treated as containing Outside Attorneys' Eyes

3

Only information until seven (7) calendar days after receipt of the Court Reporter's official transmittal of the completed deposition transcript for review, unless expressly waived. After such seven (7) day period has expired and in the absence of any written notice concerning the specific portions of the transcript that the producing party believes contain Confidential or Outside Attorneys' Eyes Only information, the transcript of testimony shall be treated as designated on the record at the time of testimony, or if no designations were made, then the transcript of testimony shall be treated as a non-Confidential and non-Outside Attorneys' Eyes Only document.

5.      If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential or Outside Attorneys' Eyes Only, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential or Outside Attorneys' Eyes Only under the terms of this Order.

6.      No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a)      No more than three (3) In-House Counsel or Attorneys from each party responsible for supervising this action and their support staff, solely to the extent necessary to carry out duties related to this litigation, and for use in a manner described in and consistent with this Order;

4

(b)     Outside Counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter, as well as any outside photocopy, imaging, database, graphics, translation, and design servicers retained by such counsel, to the extent necessary to assist such outside counsel in this litigation;

(c)     as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(d)     any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e)     any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, and his or her employees or assistants, provided that the retained person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto, and has been identified to the producing party as per Paragraph 9 below;

(f)     stenographers engaged to transcribe depositions conducted in this action; and

(g)     the Court and its support personnel.

Persons listed in paragraph 6(e) shall only be provided with Discovery Material designated Confidential once they sign the acknowledgement form annexed hereto as Exhibit A, agreeing to be bound by the terms of this Order.

7.     No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Outside Attorneys' Eyes Only to

5

any other person whomsoever, except to those persons listed in paragraphs 6(b), 6(c), and 6(e)-(g). Persons listed in paragraph 6(e) shall only be provided with Discovery Material designated Outside Attorneys' Eyes Only once they sign the acknowledgement form annexed hereto as Exhibit A, agreeing to be bound by the terms of this Order.

8.      Prior to any disclosure of any Confidential Discovery Material to any person referred to in Paragraph 6(d) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9.      Three (3) business days' written notice must be given to the designating party(s) before materials designated Confidential or Outside Attorneys' Eyes Only and filings made under seal with such material may be disclosed to an expert witness or any person otherwise retained to provide specialized advice to counsel in connection with this action, as described in Paragraph 6(e) above. The notice shall include identification of the person, expert witness or consultant, a copy of the curriculum vitae for that expert witness or consultant, and a copy of a completed and signed form annexed as Exhibit A hereto. Any prospective expert witness shall also identify all clients he or she has had within the past six years. A copy of the completed and signed form(s) shall then be sent via email, with confirmation by overnight mail, to counsel of record for each party in this litigation. Any objection to the disclosure of Confidential or Outside Attorneys' Eyes Only information to a party's designated expert or consultant shall be lodged in accordance with the procedures set forth in Paragraph 10.

6

10.     If any party proposing disclosure of Confidential or Outside Attorneys' Eyes Only information to persons set forth in Paragraph 6(e) receives an objection to such disclosure during the three-day period under Paragraph 9, there shall be no disclosure to the proposed expert or consultant until the objection is resolved. The objection must (1) state in detail the basis for the objection; (2) identify the categories of Confidential or Outside Attorneys' Eyes Only information that the objection applies to; (3) state how the objecting party believes the disclosure may be harmful; and (4) state why the objecting party believes the protections already afforded under this Protective Order would be inadequate to prevent the anticipated harm such that objection is warranted. If the parties cannot informally resolve an objection to the disclosure of Confidential or Outside Attorneys' Eyes Only information, the objecting party must within three (3) business days of the last conferral on the issue file a motion with the Court objecting to the disclosure. No Confidential or Outside Attorneys' Eyes Only information shall be disclosed to such person until the matter has been ruled upon by the Court or otherwise resolved.

11.     For purpose of this Order, the term "Source Code" shall include all non-publicly-available computer instructions, data structures, data schema, and data definitions expressed in a form suitable for input to an assembler, compiler, translator, or other data processing module that the producing party believes in good faith is not generally known to others and has significant competitive value such that unrestricted disclosure to others would harm the producing party, and which the producing party would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence. Source Code may include graphical and design elements and may be included in structured files in formats including, but not limited to, HTML, XML, XSL, and SGML. "Source Code" shall not include folder and file structures containing the computer instructions, data structures, data schema, and data definitions listed above. Additional

7

protections for Source Code are warranted, and therefore the manner by which the disclosing party will produce Source Code, and by which the discovery parties will handle Source Code is subject to the following provisions:

(a)     The disclosing party will make all relevant portions of the Source Code available in electronically searchable, source code files, to be maintained on a standalone computer with all ports, software and other avenues that could be used to copy or transfer such data blocked ("Standalone Computer"), however software aiding in analysis of the Source Code may be pre-loaded on the Standalone Computer by agreement. The disclosing party shall make reasonable efforts to produce the relevant portion of the Source Code in native format so as not to obscure the directory structure. The Standalone Computer shall be maintained at the New York office of the producing party's Outside Counsel at all times during business hours from 9:00am to 6:00pm;

(b)     At least two (2) business days prior to the date for which access is sought to such Standalone Computer, counsel for the receiving party shall provide written notice to the producing party including an identification of each individual for which access is requested;

(c)     No recordable media or recordable devices, including without limitation sound recorders, computers, peripheral equipment, cameras (including cellular telephones with cameras), CDs, DVDs, or drives of any kind, shall be permitted in the room housing the Standalone Computer(s) containing the Source Code;

(d)     The producing party may visually monitor the activities of the receiving party's representatives during any Source Code review, but only for periods of time

8

sufficient to ensure that there is no unauthorized recording, copying, or transmission of the Source Code;

(e)     The receiving party shall not have the right to, and agrees not to, copy, transmit or duplicate Source Code materials in any manner, including scanning or otherwise creating an electronic image of the Source Code materials, except as set forth herein:

(i)     A printer shall be attached to the Standalone Computer;

(ii)     Upon printing any portions of source code, the receiving party shall provide the printed pages to the producing party.  The producing party shall Bates number and label the printed pages as "Outside Attorneys' Eyes Only — Source Code," and promptly provide one (1) copy set to the receiving party's counsel of record within forty-eight (48) hours after printing, and may retain a copy for the producing party's records.  The printed pages shall constitute part of the Source Code produced by the producing party in this action.

(iii)     The receiving party shall only be entitled to printouts of those portions of the code reasonably necessary to case preparation activity.  The receiving party shall not print any continuous block of Source Code that results in more than thirty-five (35) printed pages or more than 500 pages of Source Code in total for each producing party or group of corporately-related producing parties.  The printed portions shall be printed in no smaller than twelve (12) point font.  The receiving party may in good faith make a further request to print continuous blocks that exceed thirty-five (35) pages or more than 500 pages of Source Code in total for each producing party or group of corporately-related producing parties.

9

The producing party may object to such a request, but shall not unreasonably deny such a request.

(iv)    The receiving party shall not print Source Code in order to review blocks of source code elsewhere in the first instance, *i.e.*, as an alternative to reviewing that Source Code electronically on the Standalone Computer, as the parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of Source Code for review and analysis elsewhere. The producing party may not rely on this subparagraph alone as a basis for refusing to comply with a request for a printout of Source Code.

(v)    The receiving party's Outside Counsel may make no more than three (3) paper copies of any page of the Source Code received from a producing party following inspection under this section above, not including copies attached to documents listed in paragraph 11(j) below.  To the extent the receiving party seeks to make additional paper copies of a particular producing party's Source Code, the parties shall meet and confer in good faith.  In no event may copies of Source Code be scanned using optical character recognition ("OCR") or similar technology.

(vi)    The receiving party's outside counsel and retained experts or consultants otherwise allowed to view Source Code shall be entitled to take notes relating to the Source Code provided, however, that no one may copy more than five (5) continuous lines of Source Code into said notes.  The receiving party's outside counsel and retained experts or consultants shall maintain any such notes in a secure location when an authorized person is not reviewing the Source Code.

10

(f)     Outside vendors shall not be used to copy the Source Code;

(g)     All Source Code materials, including all copies, in possession of the receiving party or persons described in Paragraph 6(e) shall be maintained in a secured, locked area;

(h)     The receiving party shall maintain a record of any individual who has inspected any portion of the Source Code in electronic or paper form.

(i)     All Source Code materials utilized during a deposition or marked as an exhibit at a deposition will be retrieved by the party conducting the deposition at the end of the day. At no time will any Source Code material be given to or left with the Court Reporter or any other individual;

(j)     The receiving party shall not convert any of the information contained in the hard copies into an electronic format, except when reproducing excerpts of the information in an expert report or a court filing, and then only according other additional restrictions on Source Code materials or Outside Attorneys' Eyes Only materials contained in this Order.

(k)     Counsel for the party in possession of the Source Code shall immediately notify via email counsel for the disclosing party if the Source Code was lost, stolen or otherwise compromised, and shall provide details of the event and make all reasonable effort to retrieve the Source Code.

12.     Absent the written consent of the producing party, any person on behalf of the plaintiff who reviews Outside Attorney Eyes Only information shall not be involved, directly or

indirectly, in any of the following activities: advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending of patent applications, specifications, claims, and/or responses to office actions for patents or patent applications relating to the functionality, operation, and/or design of technology for the electronic sale and transmission of digital content (generally or as described in any patent-in-suit), before any foreign or domestic agency, including the United States Patent and Trademark Office. These prohibitions are not intended to and shall not preclude counsel from participating in reexamination proceedings on behalf of a party challenging the validity of any patent, but are intended, inter alia, to preclude counsel from participating directly or indirectly in reexamination, reissue, CBM or IPR proceedings on behalf of a patentee. These prohibitions shall begin when the affected individual first reviews Outside Attorneys' Eyes Only Discovery Materials or Outside Attorneys' Eyes Only — Source Code, and shall end one (1) year after the final resolution of this action, except in the instance there is an appeal, where these prohibitions shall end upon the final resolution of this matter.

13.    All Confidential Discovery Material or Outside Attorneys' Eyes Only Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material or Outside Attorneys' Eyes Only Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material or Outside Attorneys' Eyes Only Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material or Outside Attorneys' Eyes Only Discovery Material.

14.     Any party who either objects to any "Confidential" or "Outside Attorneys' Eyes Only" designation, or who, by contrast, requests still further limits on disclosure, may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

15.     All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential or Outside Attorneys' Eyes Only. The Court also retains unfettered discretion whether or not to afford confidential treatment to any Confidential or Outside Attorneys' Eyes Only information contained in any Confidential or Outside Attorneys' Eyes Only document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

16.     Each person who has access to Discovery Material that has been designated as Confidential or Outside Attorneys' Eyes Only shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

17.     If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

18.     If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

19.     Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

20.     The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

21.     The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

22.     To the extent any party has responsive third party confidential information subject to a confidentiality or nondisclosure agreement that restricts the information from being produced in this litigation ("Third Party Confidential Information"), the party shall (a) timely notify the third party of the producing party's obligation to produce the information and (b) provide the third party with a copy of the Protective Order. If the third party fails to object or seek a protective order from this Court within fourteen (14) days of receiving notice, the producing party shall produce the Third Party Confidential Information responsive to the discovery request. If the third party timely seeks a protective order, the producing party shall not produce any information

14

in its possession or control that is subject to any confidentiality agreement with the third party before the Court makes a determination. Absent a court order to the contrary, the third party shall bear the burden and expense of seeking protection in this Court of its Third Party Confidential Information. To the extent Third Party Confidential Information discovery or testimony is taken, the third party may designate as Confidential or Outside Attorneys' Eyes Only any documents, information or other material, in whole or in part, produced or given by such third party.

23.      This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential" or "Outside Attorneys' Eyes Only" and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed, except that retained counsel may retain one archival copy of all attorney work product, correspondence, deposition transcripts and exhibits, hearing or trial transcripts, expert reports, papers filed with the Court and exhibits, and discovery responses, but not document production, exchanged by the parties.

24.      Notwithstanding Paragraph 23, upon termination of the litigation, within 30 days of the final disposition of this action, all Source Code, including paper copies, shall be returned to the disclosing party, irrespective of whether filed in court, and counsel and other agents for a receiving party shall not retain any Source Code produced by any disclosing party, and must provide written certification that all Source Code has been permanently deleted or destroyed.

25.      This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

15

SO STIPULATED AND AGREED.

By: _____
Dated: __9/4/2013__

By: _____
Dated: __9/3/13__

PROSKAUER ROSE LLP

Kenneth Rubenstein, Esq.
Baldassare Vinti, Esq.
11 Times Square
New York, NY 10036
Telephone: (212) 969-3000
Facsimile: (212) 969-2999
krubenstein@proskauer.com
bvinti@proskauer.com

Steven Michael Bauer, Esq.
Kimberly A. Mottley, Esq.
Amy Crafts, Esq.
Micah W. Miller, Esq.
One International Place
Boston, MA 02110
Telephone: (617) 526-9600
Facsimile: (617) 526-9899
sbauer@proskauer.com
acrafts@proskauer.com
mmiller@proskauer.com

*Attorneys for Plaintiff Adrea LLC*

SO ORDERED.

ARNOLD & PORTER LLP

Louis S. Ederer
Yue-Han Chow
399 Park Avenue
New York, NY 10022-4690
Telephone: (212) 715-1000
Facsimile: (212) 715-1399
louis.ederer@aporter.com
yue-han.chow@aporter.com

Ali R. Sharifahmadian (*pro hac vice*)
Arpan A. Sura (*pro hac vice*)
555 Twelfth Street, NW
Washington, DC 20004-1206
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
ali.sharifahmadian@aporter.com
arpan.sura@aporter.com

*Attorneys for Defendants Barnes &
Noble, Inc., barnesandnoble.com llc,
and Nook Media LLC*

_____
JED S. RAKOFF, U.S.D.J.

Dated:      New York, New York
            September _5_, 2013

16

# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| ADREA, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 13-CV-4137 (JSR) |
| - against - | ) |
| | ) Non-Disclosure Agreement |
| BARNES & NOBLE, INC., | ) |
| BARNESANDNOBLE.COM LLC, and | ) |
| NOOK MEDIA LLC, | ) |
| | ) |
| Defendants. | ) |

I, _____, state the following:

1.    I reside at _____.

2.    My present employer is _____.

3.    My present occupation or job description is _____.

4.    I acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Outside Attorneys' Eyes Only. I agree that I will not disclose such Confidential or Outside Attorneys' Eyes Only Discovery Material to anyone other than for purposes of this litigation. I understand that these promises are conditions precedent to my receipt of any such information.

5.    I understand that I am to retain all copies of any documents or other materials designated as Confidential or Outside Attorneys' Eyes Only in a secure manner, and that all copies are to remain in my custody until I have completed my assigned duties, and that at the conclusion of the litigation, I will destroy or return all discovery information and any writings

18

prepared by me containing any such Confidential or Outside Attorneys' Eyes Only information to the party or attorney from whom I received it. I also agree to notify any secretarial, clerical or supporting personnel who are required to assist me of the terms of said Order and to take steps to ensure their compliance with the terms of the Protective Order.

6.      By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.


Dated: _____          _____

19