```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
ADREA, LLC,                          :
                                     :
                Plaintiff,           :
                                     :
          -v-                        :     13-cv-4137(JSR)
                                     :
BARNES & NOBLE, INC.,                :     ORDER
BARNESANDNOBLE.COM LLC, and NOOK     :
MEDIA LLC,                           :
                                     :
                Defendants.          :
------------------------------------ x
```

JED S. RAKOFF, U.S.D.J.

Upon consideration of the parties' submissions and the testimony of the challenged experts, the Court resolves the parties' Daubert motions as follows.

No expert will be permitted to opine on questions of law. While both Dr. Wang and Dr. Neuman will be permitted to testify, Dr. Wang will <u>not</u> be permitted to testify regarding secondary considerations of nonobviousness, and Dr. Neuman will <u>not</u> be permitted to testify that either the Saigh or the MacPhail References render the '501 patent obvious.

Regarding the parties' damages experts, both Mr. Barnes and Professor Magee will be permitted to testify. However, the Court acknowledges that Professor Magee's testimony contains a greater degree of speculation than might ordinarily be required to pass muster under <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993) and Rule 702, Fed. R. Ev. This, however, is a function of the

1

limited nature of the underlying evidence available in this case to construct the hypothetical bargain required by patent law. Under these circumstances, the flexibility inherent in Daubert permits the Court to accept testimony that is more speculative than would ordinarily be desirable. Nonetheless, this ruling is made without prejudice to defendants' renewing their motion to strike Professor Magee's testimony if, after he has testified before the jury and been subject to full cross-examination, it turns out that his opinions are even more speculative in nature than they appeared at the Daubert hearing.

JED S. RAKOFF, U.S.D.J.

Dated: New York, New York
       October 13, 2014

2