EAO8ADRF

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

ADREA, LLC,

                Plaintiff,

           v.                          13 Cv. 4137 (JSR)

BARNES & NOBLE, INC.,
BARNESANDNOBLE.COM LLC, AND
NOOK MEDIA LLC,

                Defendants.

------------------------------x
                                       October 24, 2014
                                       9:00 a.m.

Before:
                        HON. JED S. RAKOFF

                                       District Judge


                            APPEARANCES

PROSKAUER ROSE LLP
     Attorneys for Plaintiff
BY:  STEVEN M. BAUER
     COLIN CABRAL
     BRENDAN COX

ARNOLD & PORTER LLP
     Attorneys for Defendants
BY:  LOUIS S. EDERER
     ALI R. SHARIFAHMADIAN
     MICHAEL A. BERTA
     YUE-HAN CHOW
     SARAH BRACKNEY ARNI
     SUSAN L. SHIN
```

1    (Jury deliberations resumed; time noted: 9:00 a.m.)

2    (Jury not present; time noted: 1:15 p.m.)

3    THE COURT:  This is Judge Rakoff.  I understand we
4    have received a note from the jury.  I will ask my law clerk
5    first to read the note itself.

6    LAW CLERK:  "To the judge:

7    "The plaintiff bears the burden of proving the amount
8    of such charges by a preponderance of the credible evidence.

9    "Based on the instructions above and the fact that we
10   don't have plaintiff testimony, what should be considered our
11   role in coming up with estimating damages?"

12   THE COURT:  When that was first read to me a few
13   minutes ago, I drafted a very first rough draft of a response,
14   which I will ask my law clerk to now read also into the record.

15   LAW CLERK:  "To the jury:  Although the plaintiff's
16   damages expert testimony was stricken, plaintiffs did introduce
17   some documentary evidence bearing on damages.  In addition,
18   defendants' expert calculated what he believed would be
19   reasonable damages if infringement was found.  In determining
20   damages, even though plaintiff bears the burden of proof, you
21   can still consider all evidence including any evidence
22   introduced by the defendants.  Finally, if you find in the end
23   that, even taking account of all the evidence, plaintiff has
24   not carried its burden as to any amount of damages but has
25   nonetheless proved infringement, you should award the amount of

1    zero dollars, which is known as nominal damages."

2        THE COURT:  OK.  Let me hear first from plaintiff's
3    counsel and then from defense counsel as to any suggestions,
4    corrections, additions, whatever, to that proposal.

5        MR. CABRAL:  Thank you.  This Colin Cabral on behalf
6    of plaintiff.  Good afternoon.

7        THE COURT:  Good afternoon.

8        MR. CABRAL:  Plaintiff has three proposed, I guess,
9    changes or modifications.  The first is a relatively simple
10   one.  We would eliminate the word "some" in front of
11   documentary evidence bearing on damages.

12       THE COURT:  That's fine.  Let's eliminate that.

13       MR. CABRAL:  The second would be after the sentence
14   referring to "in addition, defendants' expert calculated," so
15   forth, after the second full sentence, we would propose adding
16   a sentence that reflects the role of expert testimony under
17   703, something along the lines of expert testimony may be
18   considered, but is not necessary, or something to that effect.

19       THE COURT:  I agree with that.  I think it should
20   actually go earlier.

21       Celia, read me the first sentence again.

22       LAW CLERK:  "Although the plaintiff's damages expert
23   testimony was stricken, plaintiffs did introduce documentary
24   evidence bearing on damages."

25       THE COURT:  Let's start the sentence there.  More

1  generally, while expert testimony may be considered on the
2  issue of damages, it is not necessary for there to be expert
3  testimony on the issue of damages if there is sufficient other
4  evidence to provide a basis for a reasonable calculation of
5  damages.
6      Let me ask plaintiff's counsel.  That's the point you
7  wanted to make, yes?
8      MR. CABRAL:  That's right, your Honor.
9      THE COURT:  You have a third point?
10     MR. CABRAL:  Yes, your Honor.  The third point comes
11 at the very end of the proposed language, referring to "you
12 should award the amount of zero dollars."
13     THE COURT:  Yes.
14     MR. CABRAL:  "Which is known as nominal damages."
15     THE COURT:  Yes.
16     MR. CABRAL:  I think, generally speaking, the award of
17 nominal damages is the proper standard there.  But in terms of
18 zero dollars, Section 284 requires that a reasonable royalty be
19 awarded, so I am not sure zero dollars is accurate.
20     We would propose striking out the language "the amount
21 of zero dollars" and just have the language read, "if you find
22 that the plaintiff has not carried its burden, you should award
23 nominal damages."
24     THE COURT:  I don't think that's correct.  I think
25 where the plaintiff hasn't carried its burden, zero is the

1   right amount.  Because what that indicates is they don't have a
2   basis to calculate damages, but they are still informed to
3   determine infringement.  So I will leave it as is on nominal
4   damages, but I accept your other two changes.
5           Let's hear from defense counsel.
6           MR. EDERER:  With respect to the first proposed
7   change, we don't have a problem with that one.  That's just the
8   changing of one word in the first sentence.
9           We do, however, have an issue with the second sentence
10  that has been added.  I think that may carry the suggestion
11  that there is sufficient or could be sufficient evidence in the
12  record.  I think that needs to be tied -- if it's going to be
13  delivered at all, I think it needs to be tied to the burden.
14  In other words, the burden still remains.  Standing alone that
15  sentence suggests that you can ignore expert testimony and that
16  there may be sufficient evidence in this record separate and
17  apart from expert testimony.  I think that has to be coupled
18  somehow with a reminder that the burden is still to be carried.
19          THE COURT:  I hear what you're saying.  I will get to
20  that in a second.  I agree with that.  I will make a change
21  along those lines.
22          Anything else?
23          MR. EDERER:  No, your Honor.
24          Well, yes.  In the last sentence, I think to be
25  complete and consistent with the jury instructions, where it

1  says "but has nonetheless has proved infringement," I think
2  there should be some reference at that point to invalidity as
3  well.
4            THE COURT:  The reason I did that is they wouldn't
5  have gotten to damages if they hadn't rejected your claims of
6  invalidity.
7            All right.  Let me hear from my law clerk where we are
8  at the moment, and then I am going to add a sentence reflecting
9  the other point you made.
10           LAW CLERK:  You wanted me to read the rest of it?
11           THE COURT:  Read the whole thing from the beginning
12  including the sentence that I have added so far.
13           LAW CLERK:  "To the jury:
14           "Although the plaintiff's damages expert testimony was
15  stricken, plaintiffs did introduce documentary evidence bearing
16  on damages.  More generally, while expert testimony may be
17  considered on the issue of damages, it is not necessary for
18  there to be expert testimony on the issue of damages if there
19  is sufficient other evidence on the issue of damages."
20           THE COURT:  There is sufficient evidence to satisfy
21  the plaintiff's burden on damages.  That's the point that was
22  just being made.
23           Keep going.
24           LAW CLERK:  "In addition, defendants' expert
25  calculated what he believed would be reasonable damages if

1    infringement was found."
2            THE COURT:  OK.  If infringement of a valid patent
3    claim or claims was found.
4            LAW CLERK:  OK.  "In determining damages, even though
5    plaintiff bears the burden of proof, you can still consider all
6    evidence including any evidence introduced by the defendants.
7    Finally, if you find in the end that, even taking account of
8    all the evidence, plaintiff has not carried its burden as to
9    any amount of damages but has nonetheless proved infringement,
10   you should --"
11           THE COURT:  Proved infringement of a valid claim or
12   claims.
13           LAW CLERK:  "You should award the amount of zero
14   dollars, which is known as nominal damages."
15           THE COURT:  OK.  Good.  I think that is a print, as
16   they say.
17           So I will have my law clerk type it up nicely, put at
18   the bottom Judge Rakoff, send it into the jury, have a copy
19   made for each side and also a copy marked as a court exhibit.
20           Anything else we need to take up now?
21           MR. CABRAL:  Nothing from plaintiff.
22           MR. EDERER:  No, your Honor.
23           THE COURT:  Very good.  Thanks so much.
24           (Recess pending verdict)
25           (Jury not present; time noted:  3:55 p.m.)

1           THE COURT:  I want my law clerk to please read the
2    plaintiff's note.
3           LAW CLERK:  "To the judge:  Requesting Ned Barnes
4    report evidence, DTX 787, and calculator, and James Hilt's
5    testimony."
6           THE COURT:  All right.  If it's in evidence, they
7    should have it.
8           THE DEPUTY CLERK:  It's not in evidence.
9           THE COURT:  Then they can't have it.
10          They can have, obviously, the testimony and they can
11   have a calculator.
12          There is a calculator down at chambers.
13          THE DEPUTY CLERK:  I already have one, Judge.  I have
14   got the calculator.  I have got nine copies of the testimony.
15          THE COURT:  Great.  Let's send that in.  And to speed
16   things up, unless any counsel disagrees, I will just have my
17   courtroom deputy tell them, when the other items are brought
18   in, that the exhibit they mentioned is not in evidence.
19          THE DEPUTY CLERK:  OK.  Are we going to refer to the
20   Barnes report?
21          THE COURT:  I'm sorry.  Read me the note one more
22   time.
23          LAW CLERK:  "Requesting Ned Barnes report evidence,
24   DTX 787."
25          THE COURT:  That seems to be a request for that

1  exhibit, right?  Or you think it is a request for his
2  testimony?
3              THE DEPUTY CLERK:  You are absolutely.
4              THE COURT:  Let me hear from counsel.
5              MR. CABRAL:  We agree with that interpretation.
6              THE COURT:  So just to move things along, we will take
7  in the calculator and the Hilt testimony and my courtroom
8  deputy will just tell them that the other item is not in
9  evidence.
10             Anything else we need to take up now?
11             MR. CABRAL:  Not from plaintiff.
12             MR. SHARIFAHMADIAN:  Not from defendant.
13             (Recess pending verdict)
14             (Adjourned to October 27, 2014, at 9:00 a.m.)
15
16
17
18
19
20
21
22
23
24
25