**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

ADREA, LLC,

*Plaintiff*,

v.

BARNES & NOBLE, INC., BARNESANDNOBLE.COM LLC, and NOOK MEDIA LLC,

*Defendants*.

Civil Action No. 13-cv-4137 (JSR)

**PLAINTIFF'S REPLY BRIEF ON DAMAGES AND THE APPLICABILITY OF 35 U.S.C. § 287**

# TABLE OF CONTENTS


I. INTRODUCTION ........................................ 1

II. THE UNDERLYING ISSUES SHOULD BE DECIDED ON THE MERITS ........................................ 2

III. PLAINTIFF DID NOT MOVE FOR RECONSIDERATION ........................................ 3

IV. THE COURT SHOULD AWARD SUPPLEMENTAL DAMAGES ........................................ 3

A. The Requirements of the Marking Statute Have Not Been Triggered ........................................ 3

B. The Strong Majority View Allows for the Recovery of Damages When Marking Was Not Required Under Section 287. ........................................ 4

V. THE COURT HAS CLEAR AUTHORITY TO AWARD ADDITIONAL DAMAGES FOR INFRINGING SALES NOT CONSIDERED BY THE JURY ........................................ 5

VI. CONCLUSION ........................................ 5

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Am. Med. Sys. v. Med. Eng'g Corp.*,
6 F.3d 1523 (Fed. Cir. 1993)....................4

*Cognex Corp. v. Microscan Sys. Inc.*,
990 F. Supp. 2d 408 (S.D.N.Y. 2013)....................4

*Liriano v Hobart Corp.*
170 F.3d 264 (2d Cir. 1999)....................5

*United States EEOC v. Massey Yardley Chrysler Plymouth*,
117 F.3d 1244 (11th Cir. 1997) ....................5

*WiAV Solutions LLC v. Motorola, Inc.*,
732 F. Supp. 2d 634 (E.D. Va. 2010) ....................1, 4

*Wokas v. Dresser Industries, Inc.*,
978 F. Supp. 839 (N.D. Ind. 1997) ....................1, 4

**STATUTES**

35 U.S.C. § 287....................1, 3, 4

**OTHER AUTHORITIES**

FED. R. CIV. P. 54....................3

FED. R. CIV. P. 59....................3

L.R. 6.3 ....................3

## I. INTRODUCTION

B&N asks this Court to adopt a minority view on two separate issues relating to the interpretation and application of 35 U.S.C. § 287. *First*, B&N argues that an accused infringer can limit its liability and benefit from the requirements of § 287 without identifying what products it believes are unmarked "patented articles" under the statute. B&N Opp. Br. at 7. Unable to find any case law to support this position, B&N acknowledges the contrary authority, arguing that "at best" it had a duty to provide sufficient evidence to trigger the marking statute. *See id.* at 9 n.6. It is undisputed that B&N did not identify any "patented articles" during the discovery period, and the only three products identified by B&N after the discovery cutoff did not exist before the date of actual notice. Moreover, the primary case cited by B&N on this issue supports an award of supplemental damages here. *See id.* at 9; *WiAV Solutions LLC v. Motorola, Inc.*, 732 F. Supp. 2d 634, 639-40 (E.D. Va. 2010) ("[T]he Court holds that a patentee is not precluded from collecting damages for a period in which marking was not required even if the requirements of the marking statute were later triggered and the patentee failed to comply.").

*Second*, in situations where the marking statute has actually been triggered, B&N argues that a patent holder cannot recover damages for infringement occurring before the date of actual notice under any circumstances. In stark contrast to the authority cited by ADREA, which reflects the majority view (*see* Dkt No. 169 at 11-12), B&N points to only one case (from over 20 years ago) to support its interpretation of the marking statute. Despite B&N's attempt to elevate this "very fact specific" case above all others, it "simply does not stand for the general proposition that a licensee's failure to mark or notify precludes a patentee from collecting damages from other infringers before the license was granted." *See Wokas v. Dresser Industries, Inc.*, 978 F. Supp. 839, 847 (N.D. Ind. 1997) (distinguishing the only case cited by B&N).

The marking statute does not limit the recovery of damages for B&N's infringement of the '501 and '703 patents. But even if the marking statute has been triggered here, a strong majority of cases allows patent holders, like ADREA, to recover damages for infringement that occurred before the triggering event. This Court need only exercise its discretion to award supplemental damages that it deems appropriate as a matter of law by following its own instructions: "multiply [the jury's] royalty rate by the corresponding figure in evidence for the number of NOOK Device units sold during the 'relevant periods.'" *See* Dkt. No. 143 at 19.

## II. THE UNDERLYING ISSUES SHOULD BE DECIDED ON THE MERITS

Rather than engage on the merits, B&N tries to avoid supplemental damages on procedural grounds, arguing that ADREA somehow waived its request by not objecting to the jury instructions in a timely manner. B&N Opp. Br. at 4-6. B&N cites two cases in which parties failed to raise any issues with jury instructions before they were given. But in this case, there can be no genuine dispute that ADREA preserved the underlying issues before the Court gave its final instructions to the jury. *See*, *e.g.*, Dkt. No. 134 at 52 (proposing an instruction that the damages period for the '501 and '703 patents begins on the date of first infringement); Trial Tr. at 1169:20-24 (arguing that B&N failed to identify "patented articles"); *id.* at 1287:15-1288:12 (arguing that the damages period should begin on December 1, 2009); *id.* at 1386:9-24 (arguing that damages can be recovered before the marking statute is triggered).

Notably, B&N made this same exact argument during the trial, and the Court rejected it:

> MR. SHARIFAHMADIAN: Your Honor, this is an issue of the plaintiff having waived this issue [relating to § 287]. They have not raised it at any time during this case.
>
> THE COURT: Oh, no, no. The very argument [plaintiff's counsel] just made, he has made before. I can remember him making that argument.

Trial Tr. at 1386:25-1387:6. The Court should decide the underlying issues on the merits.

## III. PLAINTIFF DID NOT MOVE FOR RECONSIDERATION

B&N argues that ADREA has not met the "strict" standard for a motion for reconsideration. B&N Opp. Br. at 6-7. This is a classic example of a "straw man." ADREA did not file a motion for reconsideration under FED. R. CIV. P. 54 or 59 or L.R. 6.3. Nor did the Court give ADREA permission to file a motion for reconsideration. Instead, this Court allowed supplemental briefing on the applicability of the marking statute—an issue that involved two obscure questions of law that this Court had to decide from the bench without the benefit of any briefing. Accordingly, the standard for granting motions for reconsideration does not apply here.

## IV. THE COURT SHOULD AWARD SUPPLEMENTAL DAMAGES

### A. The Requirements of the Marking Statute Have Not Been Triggered.

B&N argues that the marking statute has been triggered because "the trial record is replete with evidence that unmarked Amazon Kindles and Sony eReaders were being sold well before B&N began producing the accused NOOK devices in November 2009 . . . ." B&N Opp. Br. at 8. It is undisputed, however, that B&N failed to identify any unmarked products before the close of discovery in this case.[1] Moreover, B&N tacitly concedes that the only three products it identified as unmarked "patented articles" after the discovery cutoff were not on sale (or in existence) before the date of actual notice. *See* B&N Opp. Br. at 8 n.5. Nothing in B&N's opposition calls into question the majority view, which requires the party seeking to limit damages under § 287 to identify unmarked products believed to practice the accused claims. *See* Dkt No. 169 at 5-7 (discussing cases reflecting majority view). Because B&N did not identify

[1] B&N's failure to timely identify unmarked "articles" has prejudiced ADREA by preventing any third-party discovery needed to demonstrate that unmarked products were not, in fact, covered by the patents.

any unmarked products on sale before the date of actual notice, it has not triggered the requirements of the marking statute with respect to the '501 or '703 patents.[2]

**B. The Strong Majority View Allows for the Recovery of Damages When Marking Was Not Required Under Section 287.**

B&N relies primarily on its own interpretation of § 287 to argue that "a patentee's failure to mark forfeits any claim to damages before appropriate notice." *See* B&N Br. at 9. Such a narrow reading of § 287 has been expressly rejected by the Federal Circuit, which has held that patent holders may recover damages for infringement occurring before actual notice, despite prior noncompliance with the marking statute. *See Am. Med. Sys. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1537-38 (Fed. Cir. 1993) (noting the "permissive wording" of the statute and holding that, despite noncompliance, the patent holder was "entitled to damages from the time that it began shipping its marked products . . . rather than the filing date of the lawsuit").

B&N's interpretation rests on a single case that issued over 20 years ago. *See* B&N Opp. Br. at 10-12. The lack of supporting authority in B&N's opposition presents a stark contrast to the case law and treatises cited by ADREA (*see* Dkt No. 169 at 11-12) that reflect the majority view—namely, that a patent holder can recover damages for infringement during a period when marking was not required, even if § 287 is later triggered and the patent holder fails to comply. Indeed, the most common and straightforward interpretation of the plain language of § 287(a) does not *retroactively* bar the recovery of damages before the statute is triggered by: (i) the production of patented articles in the United States; and (ii) the failure to mark those products.

---

[2] The cases cited by B&N do not support its cause. Unlike this case, the patent holder in *WiAV* conceded that its licensees sold products covered by the patent-in-suit, and the plaintiff excluded from its damages request the period between the first license and the date of actual notice. 732 F. Supp. 2d at 638 n.3. Moreover, in *Cognex Corp. v. Microscan Sys. Inc.*, this Court denied the plaintiffs' request for leave to replead a theory of constructive notice after the close of discovery, where "[p]laintiffs clearly did not plead compliance with the marking statute." 990 F. Supp. 2d 408, 416-17 (S.D.N.Y 2013). The sufficiency of ADREA's complaint is not at issue here.

## V. THE COURT HAS CLEAR AUTHORITY TO AWARD ADDITIONAL DAMAGES FOR INFRINGING SALES NOT CONSIDERED BY THE JURY

On the one hand, B&N contends that "the jury's award is a lump sum amount, and does not equate to any per unit royalty rate." B&N Opp. Br. at 13. On the other, B&N argues that "there is no explanation for what the jury did here, or how it arrived at its number." *Id.* at 14. Neither of these contradictory statements is correct. In fact, the final Jury Instructions provided only one way to calculate compensatory damages: (i) determine the royalty rate that would have resulted from the hypothetical negotiation in November 2009; and (ii) multiply that rate by the number of infringing units sold during the relevant period. *See* Dkt. No. 143 at 18-19.[3]

B&N is wrong to suggest that an award of supplemental damages "would be tantamount to an unconstitutional additur." B&N Opp. Br. 15. In the Second Circuit, district courts have the discretion to award additional damages for items that were not part of the damages calculation, particularly where, as here, the jury has already found liability and the relevant facts are not disputed. *See Liriano v Hobart Corp.* 170 F.3d 264, 272-73 (2d Cir. 1999) (finding "no true additur" because "[w]hen a jury has already found liability, federal courts may make such adjustments [increasing damages] without running afoul of *Dimick*"); *see also United States EEOC v. Massey Yardley Chrysler Plymouth*, 117 F.3d 1244, 1252 (11th Cir. 1997) (vacating the district court's refusal to increase damages to account for full damages period and recognizing the same exception to *Dimick*).

## VI. CONCLUSION

For the foregoing reasons, the Court should award supplemental damages for infringing sales that were not considered by the jury when it rendered its verdict.

[3] Dividing the damages award ($1.33 million) by the stipulated number of infringing units sold after March 29, 2012 (5,232,016 units), provides an effective royalty rate of $0.25 per unit.

Dated: November 19, 2014

Respectfully submitted,

/s/ Colin Cabral
Steven M. Bauer
Kimberly A. Mottley (*pro hac vice*)
Patrick J. Niedermeier (*pro hac vice*)
Micah Miller (*pro hac vice*)
Brendan Cox (*pro hac vice*)
Erin Staab (*pro hac vice*)
PROSKAUER ROSE LLP
One International Place
Boston, Massachusetts 02110
(617) 526-9600 (telephone)
(617) 526-9800 (facsimile)
sbauer@proskauer.com
kmottley@proskauer.com
pniedermeier@proskauer.com
mmiller@proskauer.com
estaab@proskauer.com

Colin Cabral
PROSKAUER ROSE LLP
2049 Century Park East, Suite 3200
Los Angeles, CA 90067
(310) 284-5611 (telephone)
(310) 557-2193 (facsimile)
ccabral@proskauer.com

Kenneth Rubenstein
Baldassare Vinti
PROSKAUER ROSE LLP
11 Times Square
New York, NY 10036
(212) 969-3000 (telephone)
(212) 969-2900 (facsimile)
krubenstein@proskauer.com
bvinti@proskauer.com

*Attorneys for Plaintiff ADREA, LLC*

**CERTIFICATE OF SERVICE**

I certify that on November 19, 2014, I caused a copy of the forgoing document to be served upon counsel of record for Barnes & Noble, Inc., barnesandnoble.com LLC, and Nook Media LLC by ECF.

Louis S. Ederer
Susan Lee Shin
Yue-Han Chow
Maxwell Charles Preston
ARNOLD & PORTER LLP
399 Park Avenue
New York, NY 10022-4690
Telephone: (212) 715-1000
Facsimile: (212) 715-1399
louis.ederer@aporter.com
susan.shin@aporter.com
yue-han.chow@aporter.com
maxwell.preston@aporter.com

Ali R. Sharifahmadian (*pro hac vice*)
Sarah Brackney Arni (*pro hac vice*)
ARNOLD & PORTER LLP
555 Twelfth Street, NW
Washington, DC 20004-1206
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
ali.sharifahmadian@aporter.com
sarah.arni@aporter.com

Michael A. Berta, Jr. (*pro hac vice*)
Willow W. Noonan (*pro hac vice*)
ARNOLD & PORTER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone: (415) 471-3100
Facsimile: (415)-471-3400
michael.berta@aporter.com
willow.noonan@aporter.com

*Attorneys for Defendants Barnes & Noble, Inc., Barnesandnoble.com LLC, and Nook Media LLC*

/s/ Colin Cabral
Colin Cabral