**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

ADREA, LLC,

               Plaintiff,

        - against -

BARNES & NOBLE, INC.,
BARNESANDNOBLE.COM LLC, and
NOOK MEDIA LLC,

            Defendants.

_____

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

ECF Case

13-CV-4137 (JSR)

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR JUDGMENT THAT THE
ASSERTED CLAIMS OF THE '501 PATENT ARE INVALID BECAUSE THEY ARE
DIRECTED TO NON-PATENTABLE SUBJECT MATTER UNDER 35 U.S.C. § 101**

**TABLE OF CONTENTS**

Page(s)

I.    THE '501 PATENT CLAIMS AN ABSTRACT IDEA.........................................................1

II.   THE CLAIMS ARE NOT "SIGNIFICANTLY MORE" THAN
      AN IDEA ..................................................................................................................................3

III.  THE CLAIMS DISPROPORTIONATELY TIE UP THE USE OF
      AN IDEA ..................................................................................................................................4

IV.   THE WANG DECLARATION SHOULD BE EXCLUDED ............................................5

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

<span style="font-variant:small-caps">Cases</span>

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l,*
134 S. Ct. 2347 (2014) ........................................................................... 1, 3, 4, 5

*Ameranth, Inc. v. Genesis Gaming Solutions, Inc.,*
No. 11-cv-189, slip op. (C.D. Cal. Nov. 12, 2014) (Exhibit B to the Miller
Decl.) ...........................................................................................................2

*Bancorp Servs., L.L.C. v. Sun Life Assur. Co. of Canada (U.S.),*
687 F.3d 1266 (Fed. Cir. 2012) ...............................................................3

*Cal. Inst. of Tech. v. Hughes Comm'ns., Inc.,*
2014 WL 5661290 (C.D. Cal. Nov. 3, 2014) .......................................3, 4

*Cogent Medicine, Inc. v. Elsevier Inc.,*
2014 WL 4966326 ...................................................................................1, 2

*Diamond v. Diehr,*
450 U.S. 175 (1981) .................................................................................3

*Muhammad v. Coughlin,*
1995 WL 242119 (S.D.N.Y. Apr. 26, 1995) .............................................5

*Peter Wolf v. Capstone Photography, Inc.,*
No. 2:13-cv-09573, slip op. (C.D. Cal. Oct. 28, 2014) (Ex. 1) ..............1, 2

*Research Corp. Tech., Inc. v. Microsoft Corp.,*
627 F.3d 859 (Fed. Cir. 2010) .................................................................3

*Schoenholtz v. Doniger,*
112 F.R.D. 110 (S.D.N.Y. 1986) ..............................................................5

*Ultramercial, Inc. v. Hulu, LLC,*
2014 WL 5904902 (Fed. Cir. Nov. 14, 2014) .......................................2, 5

*U.S. v. Local 1804-1, Int'l Longshoremen's Ass'n,*
831 F. Supp. 167 (S.D.N.Y. 1993) ..........................................................5

*Walker Digital, LLC v. Google, Inc.,*
2014 WL 4365245 (D. Del. Sept. 3, 2014) ............................................4, 5

B&N's opening brief applied the framework of *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014) to show by clear and convincing evidence that the asserted claims of the '501 patent are not patentable.  Adrea's Opposition cannot and does not contest much of that analysis, including the fact that the claims recite generic computers comprised of generic computer components.  *See* Mot. at 5-12, 13 n.4.  Instead, Adrea distorts the clear governing law, and improperly attempts to offer expert testimony it deliberately chose not to present at trial.

## I.     THE '501 PATENT CLAIMS AN ABSTRACT IDEA

Under the *Alice Corp.* framework, B&N demonstrated in its opening brief that the asserted claims are directed to a centuries-old concept — the abstract idea of providing access to books for a limited period of time.  *See* Mot. at 4-7.  Adrea's response does not change that.

*First*, Adrea argues that the asserted claims are not directed to this abstract idea because they involve electronic (rather than physical) books, and are performed on a computer.  Opp. at 5-10.  But that argument is baseless — a party cannot render patentable an abstract idea by computerizing it; indeed, this is exactly what *Alice Corp.* stands for.  *See* Mot. at 2-7; *Alice Corp.*, 135 S. Ct. at 2358.  As post-*Alice Corp.* cases further clarify, claims are directed to abstract ideas where, for example, they merely implement on a computer a familiar process, replacing physical materials, like photographs or folders, with electronic equivalents.  *Peter Wolf v. Capstone Photography, Inc.*, No. 2:13-cv-09573, slip op. at 17-20 (C.D. Cal. Oct. 28, 2014) (photographs) (Ex. 1); *Cogent Medicine, Inc. v. Elsevier Inc.*, 2014 WL 4966326, at **1, 4 (N.D. Cal. Sept. 30, 2014) (folders).  That is precisely what the claims here do with regard to the borrowing and return of books — merely implement a familiar library process on a computer.

Adrea's attempts to distinguish B&N's cases are unavailing.  For example, Adrea attempts to dismiss *Peter Wolf* and *Cogent Medicine* as relating to manual or mental processes, while, according to Adrea, the manipulation of electronic books requires a computer.  Opp. at 8-

9. This argument, however, misses the boat, since, as here, those cases involved computerized implementation of manual practices long performed in the physical world.[1] *See Peter Wolf*, slip op. at 17-20 (selecting and ordering electronic photographs, previously done manually with physical photographs) (Ex. 1); *Cogent Medicine*, 2014 WL 4966326, at **1, 4 (keeping up-to-date electronic research folders, "previously done manually" with physical folders).[2]

Adrea's reliance on *Ameranth, Inc. v. Genesis Gaming Solutions, Inc.*, No. 11-cv-189, slip op. (C.D. Cal. Nov. 12, 2014) (Exhibit B to the Miller Decl.), is also of no help.  There, the defendant argued the claims were directed to the abstract idea of a customer loyalty program.  *Id.* at 5.  But the court disagreed, finding that the claims contained "nothing … about a loyalty program," or contained "key steps" entirely unrelated to such a program.  *Id.* at 7, 9.  However, here the claims mirror the steps that provide limited-time access to books.  Mot. at 6-7, 9 n.3.

*Second*, Adrea argues that the invention solved problems in the industry, relying on the specification, trial testimony, and an improper new declaration.  Opp. at 7-8.  However, a § 101 analysis focuses on the claims, which here contain nothing directed to solving industry problems.  Mot. at 13-14 (citing *Dealertrack, Inc. v. Huber*, 674 F.3d 1315, 1334 (Fed. Cir. 2012)).

Further, it is irrelevant to a § 101 analysis whether claims have practical applications or solve problems.  Mot. at 14-15 (citing cases).  According to the case law, the question is whether Adrea's claims "sweep too broadly," which they clearly do here in that the claimed processes merely automate the borrowing and return of books.  *See id.*  On this issue, Adrea's reliance on

---

[1] Thus, the claims asserted in *Cogent Medicine* "assume[d] the existence of … a general purpose computer."  *Cogent Medicine*, 2014 WL 4966326, at *5.

[2] Adrea's reference to the machine-or-transformation test is misguided.  *See* Opp. at 9.  Claims tied to a generic computer — such as the "viewer" and "portable viewer" of the asserted claims (*see* Mot. at 5-11) — do not satisfy this test.  *See, e.g.*, *Ultramercial, Inc. v. Hulu, LLC*, 2014 WL 5904902, at *6 (Fed. Cir. Nov. 14, 2014) ("The claims … are not tied to any particular novel machine or apparatus, only a general purpose computer….  Any transformation from the use of computers … is merely what computers do and does not change the analysis.").

*Research Corp. Tech., Inc. v. Microsoft Corp.*, 627 F.3d 859 (Fed. Cir. 2010) is misplaced, because, as the Federal Circuit made clear, the claimed processes in *Research Corp.* "plainly represented **improvements to computer technologies**," as opposed to using a computer to "perform[] more efficiently what could otherwise be accomplished manually." *Bancorp Servs., L.L.C. v. Sun Life Assur. Co. of Canada (U.S.)*, 687 F.3d 1266, 1279 (Fed. Cir. 2012) (emphasis added). In contrast, the claimed processes here do not represent technological improvements (Mot. at 10, 13-14), but merely computerize a manual process (*e.g.*, borrowing and returning a book). The mere automation of a manual process is not patentable. *Id.* at 7, 10 (citing cases).

## II.    THE CLAIMS ARE NOT "SIGNIFICANTLY MORE" THAN AN IDEA

In its analysis of the *Alice Corp.* framework, B&N's opening brief next demonstrates that the asserted claims of the '501 patent do not cover "significantly more" than an abstract idea, but rather recite only a "generic computer implementation." Mot. at 8-12.[3] Once again, Adrea cannot and does not dispute that the computers here are generic (Mot. at 5-11, 13 n.4), but instead offers various irrelevant or flawed arguments.

*First*, Adrea argues once again that the claims solve an industry problem. Opp. at 10-11. As discussed, however, this is not only wrong, but irrelevant to a § 101 analysis. *Supra* at 2-3.

*Second*, Adrea argues that the claims involve electronic books on a computer rather than physical books. Opp. at 11. As discussed above, however, an abstract idea cannot be rendered patentable simply by implementing it on a computer. *Supra* at 1; Mot. at 2-3, 8-12.[4] On this point, Adrea asserts that *Cal. Inst. of Tech. v. Hughes Comm'ns., Inc.*, 2014 WL 5661290, at *16 (C.D. Cal. Nov. 3, 2014), demonstrates that B&N's discussion about the manual lending of

---

[3] Adrea's comparison to *Diamond v. Diehr*, 450 U.S. 175 (1981) is inappropriate, as the patent there claimed significantly more than an abstract idea. Opp. at 14 n.7 (discussing *Diehr*).

[4] Adrea's argument regarding prior art should be ignored, as it admits that novelty and obviousness are distinct from the § 101 analysis. *See* Opp. at 12-13; Mot. at 14-15 (citing cases).

physical books is somehow improper.  Opp. at 11.  The *Hughes* court, however, said it was "highly relevant" whether "humans engaged in the same activity long before the invention of computers." *Id.* at *16, 20 ("patent law should not protect inventions that simply apply longstanding ideas to a computer environment.")  It then found the claims not invalid because they: (1) did not involve the computerization of longstanding ideas, and (2) "improve[d] a computer's functionality."  *Id.* at 62.  The claims here are precisely the opposite.

*Third*, Adrea argues that B&N failed to ask "whether, taking the claim elements separately or as an ordered combination, the function performed by the computer at each step of the process is 'purely conventional.'"  Opp. at 12.  But B&N did exactly that and more in its *Alice Corp.* analysis (Mot. at 9-12) — indeed, Adrea even quoted a portion of B&N's analysis: "Storing, calculating, manipulating, displaying, and deleting data are among the most basic and conventional functions of a computer."  Mot. at 9 (citing supporting cases); Opp. at 12.

*Finally*, Adrea argues that it was unconventional for a computer in 1994 to, for example, erase data.  Opp. at 12.  But anyone who used a computer at that time knows this is wrong; in fact, expert testimony confirmed that the claims require no special hardware (Mot. at 13 n.4), and that the 1993 Saigh publication disclosed a computer restricting access to, deleting, and erasing electronic books (*see* Ex. 5 at 1073:4-1074:24; Chow Dec., Ex. 6 at 14:8-25).

## III.    THE CLAIMS DISPROPORTIONATELY TIE UP THE USE OF AN IDEA

Adrea's last argument is that the asserted claims do not preempt the "entire field of lending books," since they do not cover three book-lending processes Adrea conjures up which no library has ever even tried to implement (for example, a process where the "loan period [is] based on the time the user actually spends reading the book").  Opp. at 13-14.  However, "the inquiry on preemption is not whether patents … would preempt an entire field but, instead, whether such patents 'would risk ***disproportionately*** tying up the use of the underlying ideas.'"

*Walker Digital, LLC v. Google, Inc.*, 2014 WL 4365245, at \*3 n.2 (D. Del. Sept. 3, 2014)

(quoting *Alice Corp.*, 134 S. Ct. at 2354 (emphasis added)).  Indeed, the Federal Circuit

confirmed, just last week, that a claim can be nonpatentable under § 101 and *Alice Corp.* where,

as here, it merely computerizes a long-used idea, even if it does not encompass every possible

implementation of that idea.  *See Hulu*, 2014 WL 5904902, at \*4.[5]  This makes complete sense,

because Section 101 would have no meaning if an abstract idea could be patented merely by

computerizing it, and then drafting claim language that excludes obscure implementations.  That

is why patentability cannot "depend simply on the draftsman's art … [as this would] eviscerat[e]

the rule that … abstract ideas are not patentable."  *Alice Corp.*, 134 S. Ct. at 2359.

## IV.    THE WANG DECLARATION SHOULD BE EXCLUDED

Finally, in an attempt to support its unfounded arguments, Adrea submits a new

declaration from its invalidity expert, Dr. Xin Wang.  However, trial concluded weeks ago, and

Dr. Wang was a witness, but Adrea chose to present none of the testimony in his declaration,

thereby depriving B&N of the opportunity to cross-examine him on these points.  Accordingly,

the Wang Declaration should be excluded, as Adrea "must live with the consequences of [its]

decision not to put forward [its] version of the facts during the trial."  *U.S. v. Local 1804-1, Int'l*

*Longshoremen's Ass'n*, 831 F. Supp. 167, 173 (S.D.N.Y. 1993); *see Muhammad v. Coughlin*,

1995 WL 242119, at \*1 (S.D.N.Y. Apr. 26, 1995) ("plaintiffs have not shown that their failure to

present this evidence [at trial] was not due to their own lack of diligence"); *Schoenholtz v.*

*Doniger*, 112 F.R.D. 110, 114 (S.D.N.Y. 1986) ("no good and sufficient reason … why the

evidence … was not offered at the time of trial").

---

[5] Thus, the Federal Circuit in *Hulu*, in invalidating a patent, held that "[a]lthough certain additional limitations, such as consulting an activity log [and selecting an advertisement], add a degree of particularity, the concept embodied by the majority of the limitations describes only the abstract idea of showing an advertisement before delivering free content."  *Id.*

Dated: November 19, 2014                    **Arnold & Porter LLP**

*/s/ Ali R. Sharifahmadian*
_____
Louis S. Ederer
Susan Shin
Yue-Han Chow
Maxwell Preston
399 Park Avenue
New York, NY 10022-4690
Telephone: (212) 715-1000
Facsimile: (212) 715-1399
louis.ederer@aporter.com
susan.shin@aporter.com
yue-han.chow@aporter.com
maxwell.preston@aporter.com

Ali R. Sharifahmadian  (*pro hac vice*)
Sarah Brackney Arni (*pro hac vice*)
555 Twelfth Street, NW
Washington, DC  20004-1206
Telephone:  (202) 942-5000
Facsimile:  (202) 942-5999
ali.sharifahmadian@aporter.com
sarah.arni@aporter.com

Michael Berta (*pro hac vice*)
Willow Noonan (*pro hac vice*)
Three Embarcadero Center
10th Floor
San Francisco, CA 94111-4024
Telephone: (415) 471-3100
Facsimile: (415) 471-3400
michael.berta@aporter.com
willow.noonan@aporter.com

*Attorneys for Defendants Barnes & Noble, Inc.,*
*barnesandnoble.com llc, and Nook Media LLC*

## <u>CERTIFICATE OF SERVICE</u>

I, hereby certify that on November 21, 2014, copies of Defendants' Reply in Support of

Motion for Judgment that the Asserted Claims of the '501 Patent Are Invalid Because They Are

Directed to Non-Patentable Subject Matter Pursuant to 35 U.S.C. § 101 were caused to be served

upon the following via ECF:

Kenneth Rubenstein, Esq.
Baldassare Vinti, Esq.
PROSKAUER ROSE LLP
11 Times Square
New York, NY 10036
krubenstein@proskauer.com
bvinti@proskauer.com

Steven Michael Bauer, Esq.
Kimberly A. Mottley, Esq.
Micah W. Miller, Esq.
Brendan Cox, Esq.
Patrick Niedermeier, Esq.
Erin Staab, Esq.
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110
sbauer@proskauer.com
kmottley@proskauer.com
mmiller@proskauer.com
pniedermeier@proskauer.com
estaab@proskauer.com

Colin Cabral, Esq.
PROSKAUER ROSE LLP
2049 Century Park East
Los Angeles, CA 90067
ccabral@proskauer.com

*/s/ Maxwell C. Preston*_____
Maxwell C. Preston