```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ :
ADREA, LLC,                          :
                                     :
                Plaintiff,           :
                                     :
        -v-                          :    13 Civ. 4137(JSR)
                                     :
BARNES & NOBLE, INC.,                :    MEMORANDUM ORDER
BARNESANDNOBLE.COM LLC, and NOOK     :
MEDIA LLC,                           :
                                     :
                Defendants.          :
------------------------------------ :
```

JED S. RAKOFF, U.S.D.J.

Plaintiff Adrea, LLC brought this action against defendants Barnes & Noble, Inc., Barnesandnoble.com LLC, and NOOK Media LLC (collectively, "B&N") for infringement of three of its patents: U.S. Patent Nos. 7,298,851 ("the "'851 patent"), 7,299,501 (the "'501 patent") and 7,620,703 (the "'703 patent"). See Adrea, LLC v. Barnes & Noble, Inc., No. 13-cv-4137, 2014 WL 3057902, at *1 (S.D.N.Y. July 1, 2014) (describing the patents-in-suit). Following trial, a jury returned a verdict that the '851 patent was not infringed but that the '501 and '703 patents were valid and infringed, and awarded plaintiff $1.33 million in compensatory damages. The Court subsequently granted B&N's motion for judgment that the '501 patent was invalid. See Memorandum Order dated July 24, 2015, at 7-14, ECF No. 182. Because the jury did not allocate the $1.33 million award between the '501 and '703 patents, the Court ordered a new trial on damages. See Memorandum Order dated February 24, 2016, at 16, ECF No. 201. The parties submitted letter briefing disputing the scope of this new trial and

any additional discovery. Upon consideration of the parties' submissions, which will be docketed contemporaneously with this Order, the Court rules that the sole issue before the jury in the new trial will be the apportionment of the existing $1.33 million damages award. In addition, the Court will allow further discovery limited to the submission of one expert report by each side and depositions of each side's expert. The Court denies Adrea's request to compel B&N to disclose sales data since the first trial.

First, the parties dispute whether the jury at the new trial should reach an entirely new damages award or apportion the existing $1.33 million award. Adrea argues that it would be confusing and difficult for a jury to apportion the earlier award and that juries should never be informed of prior verdicts. However, the Second Circuit has approved retrials limited to apportionment. See Cappellini v. McCabe Power Body Co., 713 F.2d 1, 9-10 (2d Cir. 1983). Moreover, there is no need for the jury to be informed of the prior verdict. They can simply be told that, as a matter of law, the amount of damages may not exceed $1.33 million.

Second, the parties dispute whether additional discovery is warranted. Granting additional discovery is within the discretion of the Court, which "should be guided by considerations of fairness and justice to all parties." White v. McDermott, No. 3:08cv634, 2010 WL 4876025 at *1 (D. Conn. Nov. 19, 2010) (quoting 11 C. Wright, A. Miller, & E. Cooper, Federal Practice & Procedure § 2803); see Yong ex. rel. Yong v. The Nemours Foundation, 432 F. Supp. 2d 439, 441 (D.

2

Del. 2006). Adrea's expert witness on damages was excluded at the first trial, see Trial Transcript dated Oct. 17, 2014 at 888-909, ECF No. 156, but there is no reason why it should not be given another chance to provide proper expert testimony, to which, in turn, B&N's expert may respond. Any theoretical prejudice to B&N can be minimized by limiting the additional discovery to a single expert report from each side and depositions of the parties' expert witnesses.

Third, the Court denies Adrea's request for disclosures of B&N's sales data since the first trial. "[T]he amount of supplemental damages following a jury verdict 'is a matter committed to the sound discretion of the district court.' . . . [A] jury right is not implicated every time the district court is required to determine factual matters before awarding supplemental damages to compensate the patentee for post-verdict infringement." SynQor, Inc. v. Artesyn Technologies, Inc., 709 F.3d 1365, 1384 (Fed. Cir. 2013)(quoting Amado v. Microsoft Corp., 517 F.3d 1353, 1362 n.2 (Fed. Cir. 2008)). Addressing supplemental damages at the new trial would unnecessarily complicate the proceedings. Adrea, however, may duly file a motion for post-verdict damages once the verdict from the first trial has been clarified.

The parties are directed to jointly contact the Court no later than March 18, 2016, to schedule the further trial.

SO ORDERED.

Dated:   New York, NY
         March 12, 2016                              _____
                                                     JED S. RAKOFF, U.S.D.J.