**Proskauer**  Proskauer Rose LLP  2049 Century Park East, 32nd Floor  Los Angeles, CA 90067-3206

March 9, 2016

By Email and Federal Express

Hon. Jed S. Rakoff
Room 1340
United States Courthouse
500 Pearl Street
New York, NY 10007



Colin G. Cabral
Senior Counsel
d 310.284.5611
f 310.557.2193
ccabral@proskauer.com
www.proskauer.com

Re:   *ADREA, LLC v. Barnes & Noble, Inc. et al.*, 13-CV-4137 (JSR) (S.D.N.Y.)

Dear Judge Rakoff:

A new trial on damages that allows both sides to present their respective cases through competent expert witness testimony is the best way to arrive at a fair and just result that represents an accurate assessment of compensatory damages for B&N's infringement of the '703 patent. It is difficult to argue otherwise, given that a foundational tenet of our legal system is that justice is best served by letting both sides present their cases through whatever competent evidence they can muster.

In lieu of a balanced trial on damages, B&N proposes a special proceeding "limited solely to the issue of determining the portion of the jury's award [from the previous trial] that should be allocated to the '703 Patent." B&N Ltr. at 1. B&N also insists on "strict ground rules," including, among other things, "no evidence concerning anything other the allocation of the [prior] jury's $1.33 million award to the '703 Patent" and "no claim for damages above $1.33 million." *Id.* At bottom, B&N's letter is an argument that (1) Plaintiff should be punished because its damages expert from the first trial collapsed under questioning from the Court;[1] and (2) a fair and just result is not worth the cost of revising expert disclosures to address the damages issues as they now stand. B&N offers no precedent to support either of these positions.

B&N does not cite a single case where any court has asked a jury to reverse-engineer a prior verdict in the manner that B&N now proposes. Neither of the cases cited by B&N—*Cappellini v. McCabe Powers Body Co.*, 713 F.2d 1 (2d Cir. 1983) and *Mitrione ex rel. Brittany v. Monroe*, No. 1:02-cv-526, 2010 WL 1539719 (N.D.N.Y Apr. 19, 2010)—suggest that the allocation of damages for infringement of multiple patents is a "distinct and separable" issue for retrial. The amount of damages in *Cappellini* was not in dispute. *See Cappellini*, 713 F.2d at 2, 9-10 (remanding for a "redetermination of the defendants' comparative responsibility for [plaintiffs'] injuries"). Similarly, in *Mitrione*, the damages award was "not subject to retrial." *Mitrione*, 2010 WL 1539719, at *7. The court ordered a new trial to determine "whether and

---

[1] Professor Magee was allowed to testify following a *Daubert* hearing. *See* Dkt. No. 141.

Proskauer»

Hon. Jed S. Rakoff
March 9, 2016
Page 2

how much Defendants were at fault," finding that "Defendants' fault and the apportionment thereof are separate issues from the total damages award." *Id.* These cases have nothing to do with patent infringement or new trials on damages.[2]

B&N's proposal represents a significant departure from the standard practice of district courts, which generally prohibit any mention of verdicts or damages amounts from prior juries. *See* Plaintiff's 3/4/16 Ltr. at 4-5. B&N wants the jury to perform a value-based comparison between two patents, despite the fact that one of the patents (the '501 patent) is no longer in the case. *See* B&N Ltr. 2 (arguing the jury should consider evidence regarding "the relative values of the '703 and '501 patents"). But this would require the jury to evaluate legally irrelevant evidence—namely, evidence regarding the value of the '501 patent—to determine compensatory damages for B&N's infringement of the '703 patent. Also, the new jury will have no way of knowing how the prior jury weighed the evidence at the first trial or even what evidence the prior jury considered when reaching its verdict. The interests of fairness and justice are best served by allowing the jury at the new trial to hear expert testimony from both sides and reach its own conclusions regarding compensatory damages for B&N's infringement of the '703 patent.

B&N also fails to provide any good reason for the Court to deviate from the standard practice of excluding prior verdicts. For example, B&N asserts that "were the Court to allow the limited new trial to be anything other than the determination of the portion of the $1.33 million award to be allocated to the '703 Patent, this would necessarily complicate the trial and surely cause jury confusion." B&N Ltr. at 2. But B&N offers no explanation for this statement. *See id.* In short, B&N says every possible alternative to its proposal would result in jury confusion and nothing more. To the contrary, the damages issues for the jury will be simpler and cleaner if the evidence focuses only on the one patent at issue: the '703 patent.[3]

---

[2] To the extent B&N cites additional cases generally for the proposition that a new trial on damages may be limited to a "separable" issue, those decisions have no application to the facts here because they deal with *different types of damages*. In *Boucher v. U.S. Suzuki Motor Corp.*, for example, the Second Circuit did not disturb an award of personal injury damages but vacated a separate award for past and future lost earnings. 73 F.3d 18, 20 (2d Cir. 1996); *see also Rice v. Cmty. Health Ass'n*, 203 F.3d 283, 290 (4th Cir. 2000) (addressing "two forms of damages [that] not only require distinct elements of proof, but also focus on different time frames . . .").

[3] In a footnote, B&N asserts that "best way to avoid jury confusion would be for the Court to conduct a bench trial." B&N Ltr. at 2 n.1. But B&N disregards a patent owner's right to a jury trial in cases seeking damages. *See, e.g., Duhn Oil Tool, Inc. v. Cooper Cameron Corp.*, 818 F. Supp. 2d 1193, 1203 (E.D. Cal. 2011) ("The Seventh Amendment right to jury trial applies in patent infringement actions for damages.").

**Proskauer»**
Hon. Jed S. Rakoff
March 9, 2016
Page 3

B&N's reliance on the *Apple v. Samsung* case is misplaced. Following remand by the Federal Circuit, the district court decided not to "reopen[] discovery less than a month before the 2016 damages retrial" due to "the extraordinary amount of resources the parties and the Court have already spent developing the existing evidentiary record . . . upon which the Federal Circuit has already relied," including over 3,000 docket entries. *Apple Inc. v. Samsung Electronics Co.*, Case No. 5:11-cv-01846, Dkt. No. 3430 at 7 (N.D. Cal. Feb. 29, 2016). By contrast, this single-patent case is far less complicated, and a new trial date has not been scheduled. *Cf. Apple*, 2016 WL 524904, at *1 (N.D. Cal. Feb. 10, 2016) (summarizing the original trial ***after*** "pretrial case narrowing" to include "three utility patents, four design patents, one registered trade dress and three unregistered trade dresses against 28 accused Samsung products"). B&N also relies on an earlier decision, where the judge ruled that the first new trial on damages would be "extremely limited" because, unlike here, "[t]he sole purpose of the trial [was] to correct the erroneous notice dates." *Apple*, Dkt. No. 2316, at 3 (N.D. Cal. Apr. 29, 2013). None of these decisions constrained the autonomy of the jury by limiting damages to the amount of a prior verdict. *See Apple*, Dkt. No. 2369 at 2 (N.D. Cal. Aug. 22, 2013) ("The Court will not issue a statement about the prior trial and the scope of the new trial to the jury."); *Apple*, Dkt. No. 2739 at 24:18-23 (N.D. Cal. Nov. 14, 2013) (instructing the jury that its "sole job" was to "determine the amount of damages to be awarded Apple for Samsung's infringement of these patents").

Finally, B&N is wrong to suggest that Plaintiff improperly seeks to "pump up the damages award." B&N Ltr. at 4-5. Plaintiff seeks nothing more than a fair proceeding, where the jury can consider expert testimony from each side before deciding the issue of damages. B&N's liability has already been established. All that remains is for a jury to determine just compensation for B&N's patent infringement. How can the jury reasonably be expected to return a verdict that reflects just compensation if it only hears expert testimony from the infringer? Moreover, with the benefit of updated sales data, the new trial will eliminate the need for additional motion practice and proceedings to determine royalties owed for B&N's infringement since June 2014.[4]

Respectfully submitted,

*/s/ Colin Cabral*

Colin Cabral

---

[4] B&N cites *Total Containment, Inc. v. Dayco Products, Inc.*, 177 F. Supp. 2d 332 (E.D. Pa. 2001) for the proposition that a new trial is not meant to provide a plaintiff with an opportunity to improve its case. *See* B&N Ltr. at 4. B&N neglects to mention, however, that the court exercised its discretion to allow the plaintiff to "expand[] upon evidence which it previously introduced" at the original trial. *See Total Containment*, 177 F. Supp. 2d at 339 ("In allowing TCI [plaintiff] to improve upon its case, the potential prejudice on Dayco [defendant] is minimal: it will largely confront evidence and witnesses already admitted at the first trial.").