```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- :
ADREA, LLC,                              :
                                         :
            Plaintiff,                   :
                                         :
         -v-                             :    13 Civ. 4137(JSR)
                                         :
BARNES & NOBLE, INC.,                    :           ORDER
BARNESANDNOBLE.COM LLC, and NOOK         :
MEDIA LLC,                               :
                                         :
            Defendants.                  :
---------------------------------------- :
```

JED S. RAKOFF, U.S.D.J.

    The parties in this action convened a phone conference with the Court on March 18, 2016, seeking to clarify the scope of the upcoming trial. The jury at the first trial awarded plaintiff $1.33 million for infringement of U.S. Patent No. 7,620,703 (the "'703 patent") and U.S. Patent No. 7,299,501 (the "'501 patent"). The Court subsequently granted defendants' motion for judgment that the '501 patent was invalid. See Memorandum Order dated July 24, 2015, at 7-14, ECF No. 182. Because the jury did not allocate the $1.33 million award between the '501 and '703 patents, the Court ordered a new trial on damages. See Memorandum Order dated February 24, 2016, at 16, ECF No. 201. The jury at the second trial will determine in effect the portion of the existing $1.33 million damages award that flows from infringement of the '703 patent. See Memorandum Order dated March 12, 2016, ECF No. 202.

    On the phone conference, the parties first sought to clarify whether the second jury will hear testimony regarding both the '501

1

patent and the '703 patent. Defendants argued that the jury should hear testimony concerning both patents and allocate the $1.33 million award based on their understanding of both patents. Plaintiff argued that the jury should not even be told of the invalid '501 patent and should hear testimony solely concerning the '703 patent. Plaintiff is correct. There is no reason for the jury to hear testimony regarding the invalid '501 patent; testimony concerning the invalid '501 patent could confuse the jury and unnecessarily complicate the proceedings. As such, the jury will not be informed of the invalid '501 patent. They will be instructed that the '703 patent has been infringed and that, as a matter of law, they can award damages of anywhere between zero and $1.33 million, but no more.

The parties also sought to clarify whether fact witnesses will testify at the second trial or whether the only testimony will come from the parties' two expert witnesses. Defendants argued that fact witnesses are unnecessary and would needlessly complicate the proceedings. In defendants' view, the experts can testify on the basis of evidence presented at the first trial. Plaintiff responded that a small number of fact witnesses will be necessary to aid the jury in understanding the patent and how the infringing products use patented material. The Court cannot rule on questions of limiting or allowing trial testimony at this level of specificity on the record before it. Accordingly, the Court directs the parties to address this issue, if they wish, in motions in limine, in accordance with the Court's Individual Rules.

On the phone conference, the Court also set the following pre-trial schedule:

Plaintiff will produce its expert report by April 8, 2016.

Defendants will produce their expert report by April 29, 2016.

Expert depositions will be completed by May 13, 2016.

Pursuant to the Court's Individual Rules, the Court allows the parties to make the disclosures prescribed in Fed. R. Civ. P. 26(a)(3) 21 days before trial, i.e., May 11, 2016.

Pursuant to the Court's Individual Rules, the parties must serve any motions in limine on each other 2 weeks before trial, i.e., May 18, 2016, and must submit any such motions to the Court 1 week before trial, i.e. May 25, 2016.

Pursuant to the Court's Individual Rules, the parties must jointly file a Pretrial Consent Order with the Court 1 week before trial, i.e. May 25, 2016. Rule 4(b) of the Court's Individual Rules of Practice describes what this Pretrial Consent Order must contain.

Trial will begin on June 1, 2016.

SO ORDERED.

Dated: New York, NY
       March 24, 2016

JED S. RAKOFF, U.S.D.J.

3