```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------
ADREA, LLC,

                Plaintiff,

        -v-                              :    13-cv-4137(JSR)

BARNES & NOBLE, INC.,                    :    ORDER
BARNESANDNOBLE.COM LLC, and NOOK
MEDIA LLC,

                Defendants.
----------------------------------------
```

JED S. RAKOFF, U.S.D.J.

A new trial will be held in this patent infringement case, following a jury award of $1.33 million that did not apportion damages between two patents, one of which the Court later held invalid. On March 25, 2016, the Court issued an Order explaining that jurors at the new trial would only be told of the valid patent and that they could award damages up to $1.33 million. See Order dated March 25, 2016, ECF No. 207. Defendants now moves for reconsideration of this decision. Upon consideration of the parties' briefing, the Court denies defendants' motion for reconsideration.

"The major grounds justifying reconsideration [include] the need to correct a clear error or prevent manifest injustice." Virgin Atlantic Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted). Defendants argue that the Court's decision was clear error or manifest injustice because of Cappellini v. McCave Powers Body Co., 713 F.2d 1 (2d Cir. 1983), on which the Court relied in its earlier decision to hold a new

1

trial. See Memorandum Order dated March 14, 2016, at 2, ECF No. 202. In Cappellini, a jury returned special verdicts holding two defendants liable and apportioning liability for 85% of plaintiff's damages to one defendant and 15% to the other. After determining that one of the special verdicts rested on invalid grounds, the Second Circuit directed that a new jury be told of each defendant's liability and apportion damages between them. See Cappellini, 713 F.2d at 9-10. As the Court previously pointed out, Cappellini does show that "the Second Circuit has approved retrials limited to apportionment." See Memorandum Order dated March 14, 2016, at 2, ECF No. 202. Cappellini does not, however, set forth any rule that a jury tasked with apportionment must be told of any specific details concerning prior proceedings in a case. As such, defendant's primary argument for reconsideration fails.

    Defendant also argues that the new jury, if unaware of the invalid patent, will be more likely to award a greater portion of the $1.33 million award to plaintiff because "[the new jury] could easily misunderstand that [the $1.33 million] amount has some special meaning in relation to the [valid] patent alone." Memorandum of Law in Support of Defendants' Motion for Partial Reconsideration of the Court's March 24, 2016 Order at 3, ECF No. 209. This tenuous possibility of prejudice is counterbalanced by the danger that the jury will be needlessly confused – and trial needlessly extended – by discussions of an invalid patent.

For the foregoing reasons, defendants' motion for reconsideration is denied.

The Clerk of Court is directed to close document number 208 on the docket of this case.

SO ORDERED.

Dated: New York, NY
April 13, 2016

JED S. RAKOFF, U.S.D.J.