THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADREA, LLC,<br><br>    *Plaintiff*,<br><br>v.<br><br>BARNES & NOBLE, INC.,<br>BARNESANDNOBLE.COM LLC, and<br>NOOK MEDIA LLC,<br><br>    *Defendants*. | Civil Action No. 13-cv-4137 (JSR) |

**[PROPOSED] PRETRIAL CONSENT ORDER**

    Pursuant to Rule 4(b) of the Court's Individual Rules of Practice, Plaintiff ADREA, LLC ("ADREA") and Defendants Barnes & Noble, Inc., barnesandnoble.com llc, and NOOK Media LLC (collectively, "B&N") jointly submit this proposed pretrial consent order.

**I.      JOINT OVERVIEW OF THE CASE**

    1.      Following a 10-day trial in October 2014 ("the First Trial"), a jury awarded ADREA $1.33 million in damages for infringement of U.S. Patent No. 7,620,703 ("the '703 patent") and U.S. Patent No. 7,299,501 ("the '501 patent"). *See* Dkt. 145 (Jury Verdict). The Court subsequently found that the '501 patent was invalid. Dkt. 182 (July 24, 2015 Mem. Order). Since the jury did not allocate its damages award between the '703 patent and the '501 patent, the Court ordered "a limited new trial . . . to determine damages on the remaining claims as to which liability remains established." Dkt. 201 (Feb. 24, 2016 Mem. Order) at 16.

    2.      The parties were unable to agree upon certain additional statements that they believe should, or should not be included in Sections I and III. The parties accordingly address such additional statements in their respective statements in Paragraphs II and V below.

**II.     PARTICULARIZED DESCRIPTION OF EACH PARTY'S REMAINING CLAIMS AND COUNTERCLAIMS**

  **A. ADREA's Remaining Claims**

  1. ADREA's claim for damages is no less than a reasonable royalty for the use made of the inventions of the '703 patent by B&N, together with interest and costs as fixed by the Court, under 35 U.S.C. § 284.

  2. The Court should award increased damages pursuant to 35 U.S.C. § 284. At the First Trial, the jury was instructed that, "plaintiff must prove, by clear and convincing evidence, that defendants either actually knew they were infringing plaintiff's patents or, once they were put on notice of plaintiff's patens, recklessly disregarded the fact that their actions constituted an unjustifiably high risk of infringement of that patent." Dkt. 143 (Jury Instructions) at 21. The clear and convincing standard for willful infringement and enhanced damages under § 284 has since been rejected by the U.S. Supreme Court. *See Halo Elec's, Inc. v. Pulse Elec's, Inc.*, 579 U.S. ___ (Slip. Op. Jun. 13, 2016) (holding that the requirement that a patentee must demonstrate willfulness by clear and convincing evidence is not consistent with 35 U.S.C. § 284, and that an award of enhanced damages is governed by a preponderance of the evidence standard).

  3. This case is an exceptional case and ADREA is entitled to its costs and reasonable attorneys' fees under 35 U.S.C. § 285 because this case stands out from others with respect to the substantive weakness of B&N's litigation position.

  **B. B&N'S REMAINING CLAIMS**

  1. B&N disputes each and every one of ADREA's remaining claims.

  2. In addition, with respect to Adrea's new remaining claim A.2, namely, that the Court should award increased damages under 35 U.S.C. § 284 because of a recent Supreme Court decision, B&N states as follows. The jury at the First Trial made a factual finding that the

infringement of the '703 patent was not willful. Dkt. 145. In effect, Adrea is now seeking a new trial on the issue of willfulness, which would, consequently, require a new trial on liability as well. That, however, is not the purpose of this trial. To the contrary, "the sole issue" to be decided in this new trial is "the apportionment of the existing $1.33 million damages award." Dkt. 202 at 2. Accordingly, while B&N contests the legal merits of Adrea's claim as set forth in Section II.A.2, B&N will present its position on this issue at the appropriate time.

### III. PARTICULARIZED STATEMENT OF THE SPECIFIC FACTS, STIPULATIONS, ADMISSIONS, AND OTHER MATTERS ON WHICH THE PARTIES AGREE[1]

#### A. The Parties

1. ADREA is a Delaware limited liability company with a principal place of business at 920 Stewart Drive, Sunnyvale, California 94085.

2. Barnes & Noble, Inc. is a Delaware corporation with a principal place of business at 122 Fifth Avenue, New York, New York 10011.

3. barnesandnoble.com LLC is a Delaware limited liability company with a principal place of business at 76 Ninth Avenue, 9th Floor, New York, New York 10011.[2]

4. NOOK Media LLC is a Delaware limited liability company with offices at 76 Ninth Avenue, 9th Floor, New York, New York 10011.[3]

#### B. Procedural Background

5. On June 14, 2013, ADREA filed a Complaint against B&N in the Southern District of New York. Dkt. 1.

---

[1] The headings contained in this section are not stipulations and should not be used to interpret the stipulations.

[2] barnesandnoble.com LLC is the predecessor in interest to Nook Digital, LLC.

[3] NOOK Media LLC is now Barnes & Noble Education, LLC, a subsidiary of Barnes & Noble Education, Inc., a separately traded company.

6. The Complaint alleged infringement of U.S. Patent No. 7,298,851 (the "'851 patent"), the '501 patent, and the '703 patent under 35 U.S.C. § 271, and willful infringement of the same three patents.

7. B&N filed an Answer, Affirmative Defenses, and Counterclaims on August 9, 2013. In its Answer, B&N denied that it infringed the '851 patent, the '501 patent, or the '703 patent. The Counterclaims sought a declaratory judgment that B&N did not infringe the '851 patent, the '501 patent, or the '703 patent, and that the '851 patent, the '501 patent, and the '703 patent are invalid.

8. At the close of the First Trial, on October 27, 2014, a jury found that B&N did not infringe the '851 patent, but awarded ADREA $1.33 million for infringement of the '703 patent and the '501 patent. Dkt. 145. The jury also found that the infringement of the '703 patent and the '501 patent was not willful. Dkt. 145. The jury further determined that B&N did not prove that the infringed claims of either the '703 patent and the '501 patent are invalid. *Id.*

9. On July 23, 2015, the Court granted B&N's motion for judgment that the asserted claims of the '501 patent were invalid. Dkt. 182.

10. On February 24, 2016, the Court ordered "a limited new trial . . . to determine damages on the remaining claims as to which liability remains established." Dkt. 201 at 16.

11. On March 12, 2016, the Court ruled that the sole issue in the new trial will be the "apportionment of the existing $1.33 million damages award." Dkt. 202 at 2.

12. On March 24, 2016, the Court ordered that the jury in the new trial "will be instructed that the '703 patent has been infringed and that, as a matter of law, [the jury] can award damages of anywhere between zero and $1.33 million, but no more." Dkt. 207 at 2.

13.     On June 13, 2016, the Court directed, in accordance with the parties' agreement, that the new trial will be conducted as a bench trial.

**C.     The '703 Patent**

14.     The '703 patent issued on November 17, 2009.

15.     The title of the '703 patent is "TOPICAL SERVICE PROVIDES CONTEXT INFORMATION FOR A HOME NETWORK."

16.     The '703 patent issued from U.S. Patent Application No. 09/635,549, which was filed on August 10, 2000.

17.     The named inventor on the '703 patent is Yevgeniy Eugene Shteyn.

18.     Mr. Shteyn assigned all his rights and interests in the '703 patent to Koninklijke Philips Electronics N.V. ("Philips").

19.     Philips assigned all its rights and interest in the '703 patent to Philips Electronics North America Corporation on August 24, 2010.

20.     Philips Electronics North America Corporation assigned all its rights and interests in the '703 patent to ADREA on August 25, 2010.

21.     ADREA owns the '703 patent.

**D.     ADREA and its Members**

22.     ADREA was formed in August 2010 as a joint venture between Discovery Communications, Inc.; Intertrust Technologies Corporation ("Intertrust"); Philips; and Sony Corporation of America ("Sony").

**E.     B&N's Sales of the NOOK Devices**

23.     B&N's first sale of any of the NOOK Devices[4] within the United States was in November 2009.

24.     From March 29, 2012 through June 30, 2014, B&N has sold 5,232,016 units of the NOOK Devices in the United States.

## IV.   PROPOSED FINDING OF FACT AND CONCLUSIONS OF LAW

1.     Pursuant to the Court's instructions, the parties will submit their proposed findings of fact and conclusions of law following the non-jury trial.

## V.   PARTICULARIZED STATEMENT OF THE INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND/ OR DAMAGES CLAIMED (INCLUDING AMOUNTS) FOR EACH CLAIM, COUNTERCLAIM, CROSS-CLAIM, OR THIRD-PARTY CLAIM

### A.   ADREA's Statement

1.     ADREA has incurred damages as a result of B&N's infringement of the '703 patent. ADREA seeks no less than a reasonable royalty, together with interest and costs as fixed by the Court, as well as increased damages under 35 U.S.C. § 284. November 2009 is the date of first infringement by B&N. As set forth in the Expert Report of David Yurkerwich, dated April 8, 2016, for example, a reasonable royalty in this case would be $0.202 per unit sold of the NOOK Devices. Solely for the purposes of this limited new trial, the relevant damages period is March 29, 2012 through June 30, 2014. Applying this per-unit rate to the 5,232,016 infringing NOOK Devices sold between March 29, 2012 and June 30, 2014 would result in royalties totaling $1,059,265.

---

[4] "NOOK Devices" includes the NOOK Classic (a/k/a NOOK 1st Edition), NOOK Color, NOOK Tablet, NOOK Simple Touch, NOOK Simple Touch with GlowLight, NOOK HD, NOOK HD+, and NOOK GlowLight.

2. ADREA additionally seeks damages in an amount no less than a reasonable royalty, together with interest and costs as fixed by the Court, for B&N's continued infringement from and after June 30, 2014.

### B. B&N's Statement

1. The date of the hypothetical negotiation for purposes of calculating potential damages was November 2009.

2. Such hypothetical negotiation would have taken place between B&N and the then-owner of the '703 patent, Philips.

3. As set forth in the expert reports of Ned Barnes, if a reasonable royalty rate were to be calculated for the '703 patent at the time of the hypothetical negotiation, it would consist of a rate of no more than $0.02 per NOOK Device found to have been infringing.

4. During the First Trial, based on 35 U.S.C. § 287(a) and ADREA's failure "to produce any evidence that it made any effort to ensure that Amazon or any other licensee marked their patented products, or that such products were in fact properly marked," the Court ruled that ADREA could not recover damages for the sale of NOOK Devices prior to March 29, 2012. *See* Dkt. 182 at 1-6.

5. At the close of the First Trial, the Court instructed the jury that, "[f]or the '501 and '703 patents … damages should run from March 29, 2012 through the date of your verdict." Dkt. 143 at 19-20 (Court's Instructions of Law to the Jury); *see also* Dkt. 182 at 3 ("Having considered the parties' written submissions and oral arguments, the Court instructed the jury that it could award damages for infringement of the '501 and '703 patents only from March 29, 2012 through the date of its verdict.").

6. A $0.02 per NOOK Device royalty rate results in a total amount of $104,640 in damages for the relevant damages period.

7. B&N denies that ADREA is entitled to recover any increased damages as that term is used in 35 U.S.C. § 284.

8. B&N denies that this an exceptional case as that term is used in 35 U.S.C. § 285.

9. B&N denies that ADREA is entitled to recover any costs and disbursements it has incurred in this action, including any attorneys' fees.

10. ADREA is not entitled to any injunctive relief.

11. B&N further seeks an award of any such other and further relief as the Court may deem just and proper.

12. Adrea's request in Section V.A.2 that it be awarded additional damages at this trial for "B&N's continued infringement from and after June 30, 2014" is contrary to the Court's prior rulings. At the First Trial, the Court instructed the jury to issue a damages award through the date of its verdict (October 27, 2014), and has subsequently ordered that "the sole issue" to be decided at the new trial is "the apportionment of the existing $1.33 million damages award." Dkt. 202 at 2. In addition, the Court specifically rejected a request by ADREA to seek damages at the new trial for the period after June 30, 2014, indicating, in denying ADREA's application to include a claim for supplemental damages at the new trial, that any request for supplemental damages would be limited to post-verdict damages: "[a]ddressing supplemental damages at the new trial would unnecessarily complicate the proceedings. Adrea … may duly file a motion for post-verdict damages once the verdict from the first trial has been clarified." *Id.* at 3.

## VI. WITNESS LIST

The Court has indicated that it will consider testimony from the First Trial and that the only witnesses to present live testimony at this limited new trial will be the parties' respective damages experts.

### A. ADREA's Witnesses

1. David Yurkerwich (live)
2. Yevgeniy Eugene Shteyn (by designation)
3. Talal Shamoon (by designation)
4. Deepak Mulchandani (by designation)
5. James Hilt (by designation)
6. Richard Nagle (by designation)

### B. B&N's Witnesses

1. Ned Barnes (live)
2. Talal Shamoon (by designation)
3. Shawn Ambwani (by designation)
4. Jim Hilt (by designation)
5. Deepak Mulchandani (by designation)
6. Dr. B. Clifford Neuman (by designation)
7. Eugene Shteyn (by designation)

## VII. EXHIBIT LISTS

### A. Joint Exhibit List

The parties' joint exhibit list is attached as Exhibit A.

### B. ADREA's List of Exhibits

ADREA's exhibit list and with B&N's objections is attached as Exhibit B.

 C. **B&N's List of Exhibits**

B&N's exhibit list and with ADREA's objections is attached as Exhibit C.

**VIII. ESTIMATED LENGTH OF TRIAL**

The parties estimate that the trial of this matter will take approximately 2 days.

Dated: June 16, 2016

Respectfully submitted,

| | |
|---|---|
| */s/ Colin G. Cabral* | */s/ Louis S. Ederer* |
| Colin G. Cabral<br>PROSKAUER ROSE LLP<br>2049 Century Park East, Suite 3200<br>Los Angeles, CA 90067<br>(310) 284-5611 (telephone)<br>(310) 557-2193 (facsimile)<br>ccabral@proskauer.com<br><br>Brendan S. Cox<br>PROSKAUER ROSE LLP<br>One International Place<br>Boston, Massachusetts 02110<br>(617) 526-9600 (telephone)<br>(617) 526-9800 (facsimile)<br>bcox@proskauer.com<br><br>*Attorneys for Plaintiff ADREA, LLC* | Louis S. Ederer<br>Susan L. Shin<br>Maxwell Preston<br>Julie Simeone<br>Arnold & Porter LLP<br>399 Park Avenue<br>New York, NY 10022-4690<br>Telephone: (212) 715-1000<br>Facsimile: (212) 715-1399<br>louis.ederer@aporter.com<br>susan.shin@aporter.com<br>maxwell.preston@aporter.com<br>julie.simeone@aporter.com<br><br>*Attorneys for Defendants Barnes & Noble, Inc.,<br>barnesandnoble.com llc, and NOOK Media LLC* |