# Exhibit H

**Preston, Maxwell C.**

| | |
|---|---|
| **From:** | Shin, Susan L. |
| **Sent:** | Thursday, October 16, 2014 11:13 PM |
| **To:** | 'Cox, Brendan S.'; 'Celia_Choy@nysd.uscourts.gov' |
| **Cc:** | Ederer, Louis S.; Sharifahmadian, Ali R.; Berta, Michael A.; Arni, Sarah Brackney; 'Adrea-Litigation'; Chow, Yue-Han |
| **Subject:** | RE: ADREA, LLC v. Barnes & Noble, Inc., et. al  13-CV-4137 (JSR) |

Ms. Choy:  this paragraph was inadvertently omitted from Defendants' statement:

Finally, even though Plaintiff's expert is not including the e-content sales figures in the royalty calculations, to the extent he claims to use the data as a "check" for the reasonableness of his royalty rate, the Federal Circuit in *Uniloc v. Microsoft*, 632 F.3d 1292, 1321 (Fed. Cir. 2011) stated that any such "argument attempts to gloss over the purpose of the check as lending legitimacy to the reasonableness of" its expert's damages calculation."  In that case, the prejudice from having shown the large numbers to the jury "was never put back into the bag even by Microsoft's cross-examination" and therefore the court affirmed the district court's grant of a conditional new trial on damages.

---

Susan L. Shin
Partner

Arnold & Porter LLP
399 Park Avenue
New York, NY  10022-4690

Telephone: +1 212.715.1722
Cell Phone: +1 646.765.5861
susan.shin@aporter.com

---

**From:** Cox, Brendan S. [mailto:bcox@proskauer.com]
**Sent:** Thursday, October 16, 2014 10:59 PM
**To:** Celia_Choy@nysd.uscourts.gov
**Cc:** Ederer, Louis S.; Sharifahmadian, Ali R.; Berta, Michael A.; Arni, Sarah Brackney; Adrea-Litigation; Chow, Yue-Han; Shin, Susan L.
**Subject:** ADREA, LLC v. Barnes & Noble, Inc., et. al 13-CV-4137 (JSR)

Ms. Choy,

Per the court's order this afternoon, the parties have conferred regarding the Magee demonstrative slides. The parties have resolved many of the disputes regarding the slides.

The attached document includes the demonstrative exhibits for which there are remaining objections.

The parties positions are as follows:

> **Plaintiff's Statement  on Defendants Objections to Slides: PDX317, PDX318, PDX 322 (and any underlying exhibits and testimony pertaining to e-content sales)**.

Slides 317, 318, and 322 are related to Professor Magee's analysis of *Georgia-Pacific* Factor # 6.  Slide 317 is a list of the categories of products considered by Professor Magee in his analysis.

The information in slides 318 and 322 is information regarding Barnes and Noble revenue from convoyed sales. The information in the slides (approximately $900 million) is directly rooted in Professor Magee's December 11, 2013 expert report. Specifically, the data is a summary of the data contained in Table 6.  The data in the slides has been modified pursuant to the court's ruling on the Defendant's Motion in Limine II.F to exclude content to remove revenue from sales made from other than the accused devices.

**Defendants' Statement  on Their Objections to Slides: PDX317, PDX318, PDX 322 (and any underlying exhibits and testimony pertaining to e-content sales)**.

*Georgia-Pacific* Factor # 6 permits consideration of "**convoyed or derivative sales**," i.e., sales of non-patented products that are often or exclusively sold with the patented product be included in the royalty base, but only if they meet the definition of such sales and are tied to the patented feature. Here, plaintiff is attempting to introduce three slides showing over $900 million in sales of such products without having offered a single fact to support any finding that these strict requirements are met.  This failure lay any predicate facts that may lead a jury to find that e-content are "convoyed or derivative" sales renders any references to sales or other information concerning the e-content <u>irrelevant</u> and <u>highly prejudicial.</u>

- Whether e-books, apps, subscriptions, etc. ("e-content") are "convoyed or derivative" sales is highly disputed.
- Plaintiff has not offered any evidence to support any finding e-content (e-books, apps, subscriptions, etc.) are "convoyed or derivative" sales as described in GP Factor 6.
- "[C]onvoyed sales" refers to an unpatented item that is sold with the patented item and where the two items are "analogous to components of a single assembly or [are] parts of a complete machine, or they must constitute a functional unit." *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1550 (Fed. Cir.) (en banc), *cert. denied*, 516 U.S. 867 (1995); *see also American Seating Co. v. USSC Group, Inc.,*  514 F.3d 1262, 1268 (Fed. Cir. 2008 ("A "convoyed sale" refers to the relationship between the sale of a patented product and a functionality associated non-patented product.").
- Accordingly, there has been no factual predicate laid showing that there is a functional nexus between the patented features and the e-content.  Indeed, it is undisputed that e-content and Nooks are <u>not</u> even sold together.  That an item can be purchased through a device does not create the requisite nexus between the patented feature and the sale of that item.
- Even if e-content sales were to be deemed "convoyed sales," which they are not, no facts have been offered and no factual predicate has been laid to support any finding that the patented features in any way drive or "promote the sales" the e-content.

For the same reasons any such information would be irrelevant under G*eorgia-Pacific* Factor 8 (the established profitability of the product made under the patent and its commercial success).

Defendants also ask to advise the court that they reserve the right to object to the introduction of any evidence through Magee at the time it is offered.

Also, regarding slides 328, 329, and 330, the parties have agreed that the remaining objection to those slides relates to the admissibility of the underlying documents, rather than the slides themselves.

Thank you,
Brendan

**Brendan S. Cox**
Attorney at Law

Proskauer
One International Place
Boston, MA 02110-2600
d 617.526.9474
f  617.526.9899
bcox@proskauer.com


greenspaces
Please consider the environment before printing this email.

******************************************************************************
*************************************************************
This message and its attachments are sent from a law firm and may contain information that is confidential and protected by privilege from disclosure.
If you are not the intended recipient, you are prohibited from printing, copying, forwarding or saving them.
Please delete the message and attachments without printing, copying, forwarding or saving them, and notify the sender immediately.
******************************************************************************
*************************************************************