IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADREA, LLC,<br><br>    *Plaintiff,*<br><br>v.<br><br>BARNES & NOBLE, INC.,<br>BARNESANDNOBLE.COM LLC, and<br>NOOK MEDIA LLC,<br><br>    *Defendants*. | Civil Action No. 13-cv-4137 (JSR) |

**PLAINTIFF'S MEMORANDUM OF LAW ON
ENHANCED DAMAGES UNDER 35 U.S.C. § 284**

**TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT ..................................................................................1

II. THE *HALO* DECISION REJECTED THE FEDERAL CIRCUIT'S "RIGID FORMULA" FOR ENHANCED DAMAGES AND LOWERED THE STANDARD OF PROOF ...................................................................................2

III. THIS IS AN EGREGIOUS CASE OF CULPABLE BEHAVIOR, AND B&N'S CONDUCT WARRANTS ENHANCED DAMAGES ..........................................2

IV. CONCLUSION ............................................................................................................5

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Domestic Fabrics Corp. v. Sears, Roebuck & Co.*,
   326 F. Supp. 2d 694 (E.D.N.C 2004)......................................................................4, 5

*Halo Electronics, Inc. v. Pulse Electronics, Inc.*,
   136 S. Ct. 1923 (2016)...........................................................................................1, 2, 5

*i4i Ltd. P'ship v. Microsoft Corp.*,
   598 F.3d 831 (Fed. Cir. 2010).....................................................................................3

*In re Seagate Technology, LLC*,
   497 F.3d 1360 (Fed. Cir. 2007) (*en banc*) ...............................................................1, 2, 3

*Linear Tech. Corp. v. Micrel, Inc.*,
   No. 94-cv-1633, 2006 U.S. Dist. LEXIS 96860 (N.D. Cal. Jun. 9, 2006)..................5

*Read Corp. v. Portec, Inc.*,
   970 F.2d 816 (Fed. Cir. 1992).................................................................................3, 5

*SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.*,
   127 F.3d 1462 (Fed. Cir. 1997)...................................................................................5

**STATUTES**

35 U.S.C. § 112...................................................................................................................4

35 U.S.C. § 284..........................................................................................................1, 2, 5

I.       **PRELIMINARY STATEMENT**

In *Halo Electronics, Inc. v. Pulse Electronics, Inc.*,[1] the United States Supreme Court lowered the standard of proof required for enhanced damages under 35 U.S.C. § 284, rejecting the heightened standard of clear and convincing evidence—the same standard included in the jury instructions in this case—in favor of a preponderance-of-the-evidence standard. The Supreme Court also rejected the "rigid formula" for awarding enhanced damages set forth by the Federal Circuit in *In re Seagate Technology, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007) (*en banc*). This Court may now exercise its discretion to enhance damages for Defendants' longstanding infringement of U.S. Patent No. 7,620,703 ("the '703 patent").

This is not a typical infringement case. Defendants (collectively, "B&N") have infringed the '703 patent since the initial launch of the Nook devices in late 2009. The parties began licensing discussions in 2010. In March 2012, B&N received written notice of the '703 patent and a detailed claim chart that mapped the infringing technology to the limitations of the asserted claims. In May 2012, B&N received an offer to license the '703 patent, together with the rest of Plaintiff Adrea, LLC ("Adrea")'s patent portfolio. B&N did not respond. Licensing discussions continued for another year before this case began in June 2013. And yet, B&N took no remedial action and conducted no meaningful investigation relating to the scope of the '703 patent. Nor did B&N make any effort to avoid infringement or design around the patent as it continued to develop new Nook devices. B&N has refused to reciprocate settlement offers or participate in meaningful discussions to resolve this dispute, insisting instead on a complete dismissal even after the jury's verdict of infringement and the Court's denial of post-trial motions relating to the '703 patent. B&N willful disregard of Adrea's patent rights has lasted for years and continues to this day. This is an egregious case of culpable behavior warranting enhanced damages.

---

[1] 136 S. Ct. 1923 (2016).

## II. THE *HALO* DECISION REJECTED THE FEDERAL CIRCUIT'S "RIGID FORMULA" FOR ENHANCED DAMAGES AND LOWERED THE STANDARD OF PROOF

In *Halo*, the Supreme Court rejected the Federal Circuit's "rigid formula for awarding enhanced damages under §284." *Halo*, 136 S. Ct. at 1927. The Court criticized the *Seagate* test because "it require[d] a finding of objective recklessness in every case before district courts may award enhanced damages." *Id.* at 1932. The Court found that "Section 284 permits district courts to exercise their discretion in a manner free from the inelastic constraints of the *Seagate* test." *Id.* at 1933-34 ("Consistent with nearly two centuries of enhanced damages under patent law . . . such punishment should generally be reserved for egregious cases typified by willful misconduct."). In addition, the Court found that the *Seagate* test was "inconsistent with §284 because it require[d] clear and convincing evidence to prove recklessness." *Id.* at 1934. Finding "nothing in historical practice" to support a heightened standard of proof, the Court explained that "patent-infringement litigation has always been governed by a preponderance of the evidence standard" and "[e]nhanced damages are no exception." *Id.*[2]

## III. THIS IS AN EGREGIOUS CASE OF CULPABLE BEHAVIOR, AND B&N'S CONDUCT WARRANTS ENHANCED DAMAGES

The factors courts consider when deciding whether to enhance damages include: (1) whether the infringer deliberately copied the ideas or design of another; (2) whether the infringer, when he knew of the other's patent protection, investigated the scope of the patent and formed a good-faith belief that it was invalid or that it was not infringed; (3) the infringer's behavior as a party to the litigation; (4) defendant's size and financial condition; (5) closeness of the case; (6) duration of defendant's misconduct; (7) remedial action by the defendant; (8)

---

[2] The Supreme Court also rejected the Federal Circuit's tripartite framework for appellate review, holding that decisions to award enhanced damages must be reviewed for an abuse of discretion. *Halo*, 136 S. Ct. at 1927.

defendant's motivation for harm; and (9) whether defendant attempted to conceal its misconduct. *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 827 (Fed. Cir. 1992); *see i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 859 (Fed. Cir. 2010) (stating that "the standard for deciding whether—and by how much—to enhance damages is set forth in *Read*, not *Seagate*"). *Read* factors 2, 3, 4, 5, 6, 7, and 8 weigh heavily in favor of an award of enhanced damages in this case.

B&N's misconduct dates back to the initial launch of the infringing Nook e-reader products in late 2009 (Factor 6). Every Nook model sold by B&N prior to June 30, 2014—*i.e.*, the last day of sales data produced by B&N—was found to infringe the '703 patent. B&N has known about Adrea and its patent portfolio since 2010. JTX-021 (10/5/2010 email to B&N) at 5. Moreover, B&N has had specific knowledge of the '703 patent since at least March 2012, when B&N received a detailed claim chart mapping the infringing technology to elements of the asserted claims. *See* JTX-021 (3/29/2012 email to B&N) at 1; JTX-022 (claim charts) at 25-30.

B&N has taken no remedial action (Factor 7). B&N's 30(b)(6) witness testified that B&N has made no attempt to design around or avoid infringement of the '703 patent:

> Q.   Are you aware of any attempts by Barnes & Noble to design around or avoid infringement of the patents that are at issue in this litigation?
>
> A.   No.

*See* Ex. A (Mulchandani Depo. Tr.) at 275:5-10; Ex. B (Mulchandani Trial Tr.) at 529:25-530:6.[3] This admission is binding on B&N and constitutes direct evidence of the willfulness and egregiousness of B&N's conduct. Any argument from B&N that it has somehow tried to avoid infringement of the '703 patent should be rejected out of hand.

B&N did not conduct any meaningful investigation of the scope of the '703 patent or form a good-faith belief that the patent was invalid or not infringed (Factor 2). There is no

---

[3] All exhibits are attached to the Declaration of Colin Cabral ("Cabral Decl.") filed concurrently.

evidence in the record to indicate that B&N ever conducted a meaningful investigation relating to the scope of the '703 patent. In fact, the Court rejected each one of B&N's proposed constructions for the disputed claim terms in the '703 patent. *See* Dkt. No. 60 at 7-9 (explaining the Court's claim constructions for the '703 patent); *cf.* Dkt. No. 34-2 at 11-12 (listing B&N's proposed constructions). Further, B&N abandoned every position set forth in its initial invalidity contentions with respect to the '703 patent. It was not until B&N supplemented its invalidity contentions at the close of discovery that B&N identified the two prior art references—Bolas and Munyan—that it relied on at trial in an effort to invalidate the '703 patent. *See* Ex. C at 32-33.

B&N's liability for infringement of the '703 patent was not a close question (Factor 5). On the eve of trial, B&N abandoned many of its defenses, including 13 of the 15 prior art references identified in its invalidity contentions, as well as written description and enablement challenges to the '703 patent under 35 U.S.C. § 112. *See* Ex. C at 28-33. Moreover, B&N's primary non-infringement defense—that the Shop application on the Nook was a web browser—was belied by its own witness, who testified "that Nooks lacking a general web browser but including the Shop application did not include a web browser." Dkt. No. 201 at 4-5 (finding "ample evidence" to support the jury's verdict of infringement of claim 1).

B&N's size and financial condition weigh in favor of enhancement (Factor 4). B&N is a company with billions in annual revenues. For example, B&N's annual report for fiscal year 2012 states that the company's revenues grew 2% to $7.1 billion. Ex. D at 3. Any punitive measure for a company the size of B&N requires a significant enhancement of the damages in this case. *See Domestic Fabrics Corp. v. Sears, Roebuck & Co.*, 326 F. Supp. 2d 694, 701-2 (E.D.N.C 2004) (finding factor 4 is "very relevant, especially where, as here, a 'giant' company

infringes on the patent of a small company such as plaintiff"); *see also Halo*, 136 S. Ct. at 1932 (stating that awards of enhanced damages under the Patent Act are a "punitive" sanction).

B&N's behavior as a party in the litigation also supports enhanced damages (Factor 3). B&N has refused to reciprocate settlement offers or engage in any meaningful dialogue to resolve this dispute. Despite being found liable for infringement of the '703 patent by the jury, and despite this Court's denial of its post-trial motion on liability issues, B&N continues to insist on a complete dismissal of the claims against it. *See* Ex. E; Cabral Decl. at ¶ 7; *see also Domestic Fabrics*, 326 F. Supp. 2d at 701 (finding factor 3 weighed in favor of enhanced damages based on the infringer's refusal to reciprocate offers during settlement negotiations).[4]

This is a case in which B&N has used its size and financial resources to punish a smaller company for pursuing its patent rights, imposing litigation expenses that cannot be justified by the stakes in this litigation. Enhanced damages will ensure that B&N's willful misconduct and brazen disregard of intellectual property—even after a jury verdict of infringement—are not rewarded. The totality of the circumstances here supports an award of enhanced damages. *See Linear Tech. Corp. v. Micrel, Inc.*, No. 94-cv-1633, 2006 U.S. Dist. LEXIS 96860, at *204-5 (N.D. Cal. Jun. 9, 2006) (trebling damages under § 284 after a bench trial, despite finding a 4-4 split in the *Read* factors for enhancement); *SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.*, 127 F.3d 1462, 1469 (Fed. Cir. 1997) (finding no abuse of discretion in the district court's award of treble damages where, as here, the infringer knew of the patent when devices were being developed and engaged in infringing activities for years after being contacted by the patent owner).

## IV. CONCLUSION

For the foregoing reasons, the Court should award treble damages under 35 U.S.C. § 284.

---

[4] In addition, B&N's infringement continues for the purpose of benefiting from the patented technology without paying royalties (factor 8). *See Domestic Fabrics*, 326 F. Supp. 2d at 702.

5

Dated: August 5, 2016                                    Respectfully submitted,


/s/ Colin Cabral
Steven M. Bauer
Brendan Cox (*pro hac vice*)
PROSKAUER ROSE LLP
One International Place
Boston, Massachusetts 02110
(617) 526-9600 (telephone)
(617) 526-9800 (facsimile)
sbauer@proskauer.com
bcox@proskauer.com

Colin Cabral
PROSKAUER ROSE LLP
2049 Century Park East, Suite 3200
Los Angeles, CA 90067
(310) 284-5611 (telephone)
(310) 557-2193 (facsimile)
ccabral@proskauer.com

*Attorneys for Plaintiff ADREA, LLC*

# CERTIFICATE OF SERVICE

      I certify that on August 5, 2016, I caused a copy of the foregoing document to be served upon counsel of record for Barnes & Noble, Inc., barnesandnoble.com llc, and Nook Media LLC by electronic mail.

Louis S. Ederer
Susan Lee Shin
Maxwell Charles Preston
ARNOLD & PORTER LLP
399 Park Avenue
New York, NY 10022-4690
Telephone: (212) 715-1000
Facsimile: (212) 715-1399
louis.ederer@aporter.com
susan.shin@aporter.com
maxwell.preston@aporter.com

*Attorneys for Defendants Barnes & Noble, Inc.,
barnesandnoble.com llc, and Nook Media LLC*

                                          */s/ Colin Cabral*