UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------
ADREA, LLC,

        Plaintiff,

        -v-                              13 Civ. 4137(JSR)

BARNES & NOBLE, INC.,               ORDER AND FINAL JUDGMENT
BARNESANDNOBLE.COM LLC, and NOOK
MEDIA LLC,

        Defendants.
------------------------------------

JED S. RAKOFF, U.S.D.J.

    Beginning on June 23, 2016, the Court held a three-day bench trial to determine the amount of damages owed by defendants Barnes and Noble, Inc., BarnesandNoble.com LLC, and Nook Media LLC (collectively, "B&N") to plaintiff Adrea, LLC ("Adrea") for their infringement of U.S. Patent No. 7,620,703 ("the '703 Patent"), owned by Adrea. On January 4, 2017, the Court issued its Amended Findings of Fact and Conclusions of Law, which awarded Adrea damages of $266,832.82 and directed the parties to submit letter briefing giving their competing calculations of the prejudgment interest, if any, to be added to this amount. See ECF No. 248. Having considered the parties' written submissions, the Court finds that Adrea is entitled to prejudgment interest in the amount of $2,999.43, for the reasons set forth below.

    Under 35 U.S.C. § 284, "prejudgment interest should ordinarily be awarded" in patent infringement cases, since "[a]n award of interest from the time that the royalty payments would have been received merely serves to make the patent owner whole," given that "his damages

1

consist not only of the value of the royalty payments but also of the forgone use of the money between the time of infringement and the date of the judgment." General Motors Corp. v. Devex Corp., 461 U.S. 648, 655-56 (1983). The Court may nonetheless deny prejudgment interest "where the patent owner has been responsible for undue delay in prosecuting the lawsuit." Id. at 657. In either event, the decision whether to award prejudgment interest is committed to the discretion of the district court. Id.

The Court finds that there has been no unreasonable delay by Adrea warranting a denial of prejudgment interest. Although it is true that Adrea waited approximately three years after the issuance of the '703 Patent to notify B&N of the infringement, the Court has already held that the marking statute, 35 U.S.C. § 287(a), bars Adrea from recovering damages prior to the time of notice (March 29, 2012). See ECF No. 182 at 207. Adrea promptly filed suit against B&N the next year, after settlement negotiations broke down, see ECF No. 248 at 1, and B&N therefore has suffered no escalation in damages warranting a denial of prejudgment interest.

The Court accordingly turns to the appropriate prejudgment interest rate. Adrea proposes no less than three options, including B&N's cost of borrowing on the open market, New York's state statutory interest rate, and the "prime rate" representing "the interest rate that a corporate borrower with good credit would pay for a loan." Tomita Techs. USA, LLC v. Nintendo Co., No. 11 CIV. 4256 JSR, 2013 WL 4101251, at *10 (S.D.N.Y. Aug. 14, 2013). These rates result in

prejudgment interest of $91,265, $89,935, and $35,348, respectively. B&N responds that the Court should use the U.S. Treasury rate, representing the return that an investor would receive on a risk-free investment, see id. at *10, and award prejudgment interest of $2,999.43.

None of Adrea's proposed rates is satisfactory. In deciding an appropriate rate, courts "must be guided by the purpose of prejudgment interest, which is 'to ensure that the patent owner is placed in as good a position as he would have been had the infringer entered into a reasonable royalty agreement.'" Bio-Rad Laboratories, Inc. v. Nicolet Instrument Corp., 807 F.2d 964, 967 (Fed. Cir. 1986) (quoting Devex, 461 U.S. at 655). Adrea's proposal to use B&N's cost of borrowing would put the defendant in the position that it would have been had the infringement not occurred – not the plaintiff. Adrea likewise fails to draw a reasonable relation between the New York state statutory interest rate and its own loss of capital and, in any event, this rate is not binding on the Court because the claims here arise under federal law. Finally, Adrea has failed "to suggest that it borrowed money during the infringement period and therefore should be compensated at the higher prime rate." Tomita Techs., 2013 WL 4101251, at *10.

The Court therefore awards prejudgment interest at the Treasury rate, amounting to $189.33, $110.59, $562.75, $784.84, and $1351.92 for the years 2012 to 2016, respectively.[1] This results in total

---

[1] The relevant rates are 0.18%, 0.13%, 0.12%, 0.32%, and 0.61%,

prejudgment interest of $2,999.43.

The Court accordingly hereby enters final judgment for Adrea holding that plaintiff Adrea LLC shall recover from defendants Barnes and Noble, Inc., BarnesandNoble.com LLC, and Nook Media LLC, jointly and severally, in the amount of $269,832.25. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated:   New York, NY
         January 11, 2017

_____
JED S. RAKOFF, U.S.D.J.

---

respectively, compounding annually.