**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| ADREA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| - against - | ) | ECF Case |
| | ) | |
| BARNES & NOBLE, INC., | ) | 13-CV-4137 (JSR) |
| BARNESANDNOBLE.COM LLC, and | ) | |
| NOOK MEDIA LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'**
**MOTION TO REVIEW THE CLERK'S TAXATION OF COSTS**

**TABLE OF CONTENTS**

**Page**

I.    ADREA IS NOT ENTITLED TO RECOVER ANY COSTS, AS IT IS NOT A PREVAILING PARTY FOR PURPOSES OF FRCP 54(d)(1)............................................ 1

II.    IN THE ALTERNATIVE, THE COSTS AWARD SHOULD BE REDUCED, AS IT INCLUDES EXPENSES TO WHICH ADREA IS NOT ENTITLED ............................. 7

III.    CONCLUSION.................................................................................................. 10

**TABLE OF AUTHORITIES**

**Cases:**                                                                                   **Page(s):**

*Advanced Video Techs., LLC v. HTC Corp.*,
  2016 WL 1253899 (S.D.N.Y. Feb. 23, 2016)........................................................7, 9

*Amarel v. Connell*,
  102 F.3d 1494 (9th Cir. 1996) ........................................................................5

*Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*,
  2015 WL 1470710 (M.D. Pa. Mar. 31, 2015)....................................................4

*ARP Films, Inc. v. Marvel Entm't Grp., Inc.*,
  952 F.2d 643 (2d Cir. 1991)..........................................................................4

*AXA Versicherung AG v. N.H. Ins. Co.*,
  769 F. Supp. 2d 623 (S.D.N.Y. 2011) (Rakoff, J.) .....................................6, 10

*Colon v. Fashion Inst. of Tech. (State Univ. of N.Y.)*,
  2014 WL 1979875 (S.D.N.Y. May 15, 2014) ................................................9

*First Commodity Traders, Inc. v. Heinold Commodities, Inc.*,
  766 F.2d 1007 (7th Cir. 1985) .....................................................................5

*Gottlieb v. Simon*,
  1999 WL 993700 (S.D.N.Y. Nov. 2, 1999)....................................................9

*Howell Petro. Corp. v. Samson Res. Co.*,
  903 F.2d 778 (10th Cir. 1990) .....................................................................5

*HTC Corp. v. Tech. Props. Ltd.*,
  2014 WL 3706617 (N.D. Cal. July 21, 2014)................................................5

*Intellectual Ventures I LLC v. Cap. One Fin. Corp.*,
  2015 WL 7283108 (E.D. Va. Nov. 17, 2015)................................................4

*In re Omeprazole Patent Litig.*,
  2012 WL 5427849 (S.D.N.Y. Nov. 7, 2012)...................................................9

*Interthal v. State Farm Fire & Cas. Co.*,
  52 Fed. App'x 582 (3d Cir. 2002)................................................................5

*J.S. Nicol, Inc. v. Peking Handicraft, Inc.*,
  2008 WL 4613752 (S.D.N.Y. Oct. 17, 2008).................................................8

*JA Apparel Corp. v. Abboud*,
  2010 WL 1488009 (S.D.N.Y. Apr. 13, 2010)................................................5

*Mills v. Energy Transp. Corp.*,
    2000 WL 328573 (S.D.N.Y. Mar. 29, 2000) .........................................................................7

*Natividad v. Pronav Ship Mgmt., Inc.*,
    2001 WL 357086 (S.D.N.Y. Apr. 9, 2001).........................................................................7

*RBC Nice Bearings, Inc. v. SKF USA Inc.*,
    513 Fed. Appx. 61 (2d Cir. 2013) ......................................................................................4

*Rebel Distribs. Corp. v. Devos, Ltd.*,
    376 F. App'x 772 (9th Cir. 2010) .......................................................................................5

*Schultz v. United States*,
    918 F.2d 164 (Fed. Cir. 1990).............................................................................................4

*Shum v. Intel Corp.*,
    629 F.3d 1360 (Fed. Cir. 2010)..................................................................................... 3-4, 6

*Testa v. Village of Mudelein, Ill.*,
    89 F.3d 443 (7th Cir. 1996) ................................................................................................5

## Other Authorities

Fed. R. Civ. P. 54(d)(1)............................................................................................ *passim*

Local Rule  54.1(c)(2)................................................................................................ 8, 9

Defendants Barnes & Noble, Inc., barnesandnoble.com LLC, and Nook Media LLC (collectively "B&N"),[1] hereby respectfully move, pursuant to Federal Rule of Civil Procedure ("FRCP") 54(d)(1), to review and modify the Clerk of Court's April 28, 2017 Taxation of Costs. Dkt. No. 267. On April 5, 2017, Plaintiff Adrea, LLC ("Adrea"), claiming it was the prevailing party in this action, filed a Bill of Costs seeking to recover a total of $110,415.71 in alleged taxable expenses. Dkt. No. 263. In response, B&N filed Objections to Adrea's Bill of Costs (the "Objections"), asserting that (i) Adrea was not entitled to an award of costs, as it was not the "prevailing party" for purposes of such an award, and (ii) in any event, the costs Adrea sought were deliberately excessive and overstated. Dkt. No. 265. On April 28, 2017, the Clerk of Court issued a Taxation of Costs (the "Taxation of Costs") in the amount of $27,041.59, but did not address B&N's Objections based on the prevailing party issue.

On this motion, B&N respectfully requests that the Court set aside the Taxation of Costs in its entirety. As discussed in detail at pages 1-6 of B&N's Objections (Dkt. No. 275), Adrea was not the prevailing party in this action for purposes of FRCP 54(d)(1), and requiring B&N to pay Adrea's costs would be unfair and inequitable. In the alternative, B&N requests that the Court reduce the amount of taxed costs to $17,492.34, in view of various errors the Clerk made in awarding certain of Adrea's proposed costs.

## I.     ADREA IS NOT ENTITLED TO RECOVER ANY COSTS, AS IT IS NOT A PREVAILING PARTY FOR PURPOSES OF FRCP 54(d)(1)

As an initial matter, Adrea is not entitled to recover any of its costs, since it is not a prevailing party for purposes of a costs award. FRCP 54(d)(1) only allows costs to be taxed in favor of a "prevailing party" in federal court litigation. However, the mere fact that a judgment

---

[1] NOOK Media LLC is now Barnes & Noble Education, LLC, a subsidiary of Barnes & Noble Education, Inc., and a separately traded company. barnesandnoble.com LLC is the predecessor in interest to Nook Digital, LLC, a subsidiary of Barnes & Noble, Inc.

was entered in Adrea's favor does not make it the "prevailing party" under FRCP 54(d)(1).  In fact, after nearly three years of litigation, Adrea succeeded only as to a minute portion of its claims, while B&N succeeded on nearly all of its defenses and legal positions.  Accordingly, as a matter of law, Adrea is not a "prevailing party" for purposes of FRCP 54(d)(1), and *no* costs should be taxed in its favor.  Indeed, if anyone should be considered the prevailing party in this case, it is B&N.

As demonstrated in the accompanying Declaration of Louis S. Ederer ("Ederer Decl."), in its Complaint, Adrea initially alleged that B&N was infringing a total of twenty-three individual patent claims in three separate patents, and sought to recover $12.4 million in damages.  Ederer Decl. ¶¶7, 11.  However, following the Court's dismissal of several of Adrea's asserted claims in response to B&N's successful motion for summary judgment (Dkt. No. 85), the jury at the first trial in this action found B&N to have infringed only two of the three asserted patents (Dkt. No. 145).  Ederer Decl. ¶¶8-9, 14.  Further, following B&N's successful exclusion of Adrea's damages expert, Stephen P. Magee, during his cross-examination at trial, the jury awarded only $1.33 million in damages, rather than the $6 million Adrea sought at trial, which itself was less than half the $12.4 million Adrea originally sought.  Dkt. No. 145; Ederer Decl. ¶¶11-12, 14.

But Adrea's losses did not stop there.  Following the conclusion of the first trial, the Court granted B&N's motion to invalidate one of the two patents the jury found to have been infringed, thereby nullifying the jury's verdict with respect to that patent.  Dkt. No. 182; Ederer Decl. ¶15.  As a result, ultimately Adrea succeeded with respect to only one of the three patents it originally claimed to be infringed.  Ederer Decl. ¶15.

Thereafter, the Court ordered a new trial on damages as to the one infringed patent.  Dkt. No. 201; Ederer Decl. ¶15.  At that trial, while Adrea sought to recover $1.059 million in

damages, the Court awarded only $266,832, a mere fraction of Adrea's original $12.4 million

damages claim. Dkt. No. 248; Ederer Decl. ¶¶17-18. In addition, the Court rejected Adrea's

claim for an award of enhanced damages, finding that B&N's conduct was neither willful nor

egregious. Dkt. No. 248 at 14-17; Ederer Decl. ¶18. Accordingly, Adrea failed not only on two

of its three infringement claims, but its original multi-million dollar damages claim had been

whittled down by over ninety-seven percent. Ederer Decl. ¶18.

Not satisfied with this outcome, Adrea then sought yet another avenue to increase its

insubstantial damages award. In February 2017, Adrea filed a Motion for Supplemental

Damages and Ongoing Royalties, seeking not only additional damages with respect to

unaccounted-for sales of the products at issue, but also damages with respect to several new

NOOK devices never before considered by this Court. Dkt. No. 252 at 9-16; Ederer Decl. ¶20.

Moreover, Adrea requested that ongoing royalties for such new products be awarded at a royalty

rate double the rate the Court awarded at the 2016 damages trial. Dkt. No. 252 at 16-19; Ederer

Decl. ¶20. By Order dated March 22, 2017, however, the Court denied Adrea's request for

ongoing royalties in its entirety, and awarded only a small measure of supplemental damages

with respect to the products previously at issue. Dkt. No. 262 at 4 n.4 & 6-8; Ederer Decl. ¶20.

Accordingly, the final amount of damages awarded to Adrea was increased merely by

$12,605.83, for a total award of $282,438.08. Dkt. No. 262 at 9; Ederer Decl. ¶20.

Under these circumstances, as a matter of law, Adrea is not a "prevailing party" under

FRCP 54(d)(1), and is not entitled to recover its costs. Since this case involves claims for patent

infringement, the law of the Federal Circuit governs the determination whether a party has

"prevailed" within the meaning of FRCP 54(d)(1). *Shum v. Intel Corp.*, 629 F.3d 1360, 1366

(Fed. Cir. 2010) ("Federal Circuit law defines 'prevailing party' for the purposes of patent

litigation."). Under Federal Circuit law, "[a]scertaining the 'prevailing party' [under FRCP 54(d)(1)] requires us to 'look to the substance of the litigation to determine whether an applicant has *substantially* prevailed in its position, and not merely the technical disposition of the case or motion. In effect, substance should prevail over form." *Schultz v. United States*, 918 F.2d 164, 166 (Fed. Cir. 1990) (emphasis in original). District courts applying Federal Circuit law have consistently followed this reasoning. *See, e.g.*, *Intellectual Ventures I LLC v. Capital One Fin. Corp.*, 2015 WL 7283108, at *2 (E.D. Va. Nov. 17, 2015) ("In determining which of these two parties should be deemed the 'prevailing party', the Court must consider (1) whether the success of one party surpasses the other, and (2) whether that success aligns itself with the central issue of litigation."); *Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*, 2015 WL 1470710, at *8 (M.D. Pa. Mar. 31, 2015) ("[T]he essential inquiry in mixed judgment cases is whether one party's successes surpass the other's with respect to the 'central issue[s]' in the suit.").

Second Circuit law is in agreement. Particularly where the result or outcome of the case is "mixed", the Second Circuit has consistently held that even if judgment has been entered in a party's favor, that party may not be a "prevailing party" for purposes of an award of costs under FRCP 54(d)(1). *See ARP Films, Inc. v. Marvel Entm't Grp., Inc.*, 952 F.2d 643, 651 (2d Cir. 1991) ("In view of the mixed outcome of this litigation, the district court was well within its discretion in concluding that plaintiffs were not prevailing parties within the meaning of … Fed. R. Civ. P. 54(d), and accordingly were not entitled to costs or attorneys' fees."); *RBC Nice Bearings, Inc. v. SKF USA Inc.*, 513 Fed. Appx. 61, 62 (2d Cir. 2013) (holding that even if the district court was in error in finding that a party was not "prevailing" for purposes of FRCP 54(d)(1), it did not exceed the bounds of its discretion in refusing to award costs to either party).

The case of *JA Apparel Corp. v. Abboud*, 2010 WL 1488009 (S.D.N.Y. Apr. 13, 2010), is

on point. In that case, after the Clerk taxed costs in favor of plaintiff JA Apparel, the Court

found — even though JA Apparel had obtained certain limited relief — that JA Apparel was not

a "prevailing party" in the litigation, given that "[t]he judgment was 'mixed', with Abboud

prevailing on the issue most seriously in contention, and JA Apparel prevailing on other issues."

*Id.* at \*4. Accordingly, following Second Circuit law and the law of other circuits regarding

"mixed outcome" cases, the Court, in the exercise of its discretion, denied the plaintiff's request

for costs, instead ordering that "[e]ach party shall bear its own costs." *Id.*[2]

B&N anticipates that Adrea will argue that the "mixed results" principle only applies in

cases where both parties have asserted affirmative claims, and each has succeeded on some of

them. Even a cursory review of the case law, however, demonstrates this is not accurate; indeed,

none of the judgments in the cases cited in footnote 2 below involved affirmative claims by the

---

[2] *Abboud* is only one of many cases where federal courts have declined to award costs under FRCP 54(d)(1) when the result or outcome was "mixed". *See, e.g.*, *Rebel Distribs. Corp. v. Devos, Ltd.*, 376 F. App'x 772, 775 (9th Cir. 2010) ("In the event of a mixed judgment, as here, it is within the discretion of a district court to require each party to bear its own costs.") (internal quotations omitted); *HTC Corp. v. Tech. Properties Ltd.*, 2014 WL 3706617, at \*6 (N.D. Cal. July 21, 2014) ("Here, the judgment is mixed. HTC prevailed with respect to the '148 and '749 patents, neither party prevailed with respect to the '584 and '890 patents and TPL prevailed with respect to the '336 patent. In light of the mixed judgment, and cognizant of the prolonged litigation between the parties spanning five accused patents, the equitable result is for each side to bear its own costs. However unsatisfying, the law treats such draws as group stage play: no winner may be declared."); *Interthal v. State Farm Fire & Cas. Co.*, 52 Fed. App'x 582, 583-84 (3d Cir. 2002) ("The results here were mixed. [Plaintiff] achieved only partial success on his claims. For that reason, the District Court did not abuse its discretion in holding that each party should be responsible for its own costs."); *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996) ("In the event of a mixed judgment, however, it is within the discretion of a district court to require each party to bear its own costs."); *Testa v. Village of Mudelein, Ill.,* 89 F.3d 443, 447 (7th Cir. 1996) ("[T]he prevailing party is the party who prevails as to the *substantial* part of the litigation.… Considering the mixed outcome … the decision requiring each party to bear its own costs is within [the court's] discretion.") (internal citations and quotation marks omitted); *Howell Petroleum Corp. v. Samson Res. Co.*, 903 F.2d 778, 783 (10th Cir. 1990) ("The court was within its discretion to refuse to award costs to a party which was only partially successful."); *First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1015 (7th Cir. 1985) ("[T]his court has held that under Rule 54(d) the 'prevailing party' is the party who prevails 'as to the substantial part of the litigation'.").

defending party.  Rather, the principle may be applied whether or not the party in the position of the defendant maintains its own affirmative claims, whether by counterclaims or otherwise.

Further, even where a party is technically considered "prevailing" within the meaning of FRCP 54(d)(1), district courts in this and other circuits have broad discretion to apply regional circuit law and determine whether an award of costs is fair and reasonable, especially in cases where the alleged "prevailing party" has not succeeded on the issues most seriously in contention.  *See Shum*, 629 F.3d at 1370 ("Whether an award of costs is reasonable is determined under the law of the regional circuit.").  Indeed, as this Court has explained, "[c]ourts [] have recognized several grounds upon which it is appropriate to deny costs to the prevailing party in an action.  Key among these is the court's appraisal as to whether awarding costs would be 'inequitable' or 'unfair'." *AXA Versicherung AG v. N.H. Ins. Co.*, 769 F. Supp. 2d 623, 625-26 (S.D.N.Y. 2011) (Rakoff, J.).  Accordingly, "fairness requires each party to bear its own costs where," for example, the litigation was "complex and protracted," and where the action presented "close and difficult legal issues." *Id.* (citing cases).

Here, given that B&N's victories far outnumbered Adrea's with respect to the key issues in contention — including whether Adrea's patents were valid and infringed, and whether Adrea's damages should be in the multi-millions, or $282,438.08 — the question whether the results were "mixed", or whether fairness requires each party to bear its own costs, is not a close call.  Having lost two of its three claims for patent infringement (and having had one of its asserted patents invalidated), and having been awarded less than three percent of its claimed damages, Adrea did not come close to substantially prevailing on its key positions, and cannot be considered a "prevailing party" for purposes of FRCP 54(d)(1).  Put another way, to the extent Adrea prevailed on some small portion of its case, B&N prevailed to a much greater extent, and

awarding Adrea its costs would be inequitable. Either way, "[i]n any realistic sense, [Adrea] was not a prevailing party." *Mills v. Energy Transp. Corp.*, 2000 WL 328573, at *1 (S.D.N.Y. Mar. 29, 2000) (finding that a jury's decision to award $193,750 in damages when the plaintiff sought millions of dollars was "clearly a major victory for the defendant"); *see also Natividad v. Pronav Ship Mgmt., Inc.*, 2001 WL 357086, at *1 (S.D.N.Y. Apr. 9, 2001) (finding that the plaintiff was not the prevailing party where he recovered damages at trial that were less than 5% of the amount demanded). Accordingly, the Court should exercise its broad discretion to deny costs to Adrea in their entirety.

## II.    IN THE ALTERNATIVE, THE COSTS AWARD SHOULD BE REDUCED, AS IT INCLUDES EXPENSES TO WHICH ADREA IS NOT ENTITLED

In the unlikely event the Court finds that Adrea is entitled to recover any costs, for the reasons stated below the Clerk of Court's Taxation of Costs should be reduced to $17,492.34. Although the Clerk's denials and reductions of Adrea's claimed costs were, for the most part, correct and accurate, in certain instances the Clerk failed to appropriately reduce an expense, or awarded costs to which Adrea was not entitled at all. As discussed below, in each such instance, Adrea has not met its burden to show that the expense for which it is seeking reimbursement was justified. *Advanced Video Techs., LLC v. HTC Corp.*, 2016 WL 1253899, at *3 (S.D.N.Y. Feb. 23, 2016) (party who filed the Bill of Costs bears the burden of proof).

*First*, the Clerk improperly awarded $1,127.75 in costs relating to Adrea's payment for the deposition transcript of its first damages expert, Stephen P. Magee. *See* Dkt. No. 267 at 4; Dkt. No. 267-1 at 50.[3] In support of that expense, Adrea asserts that this deposition transcript

---

[3] It is noted that the Clerk's award for the Magee deposition transcript was reduced from Adrea's claimed expense of $3,631.60 (Dkt. No. 267 at 4), since, as with every other claimed deposition-related expense, Adrea sought to recover for expedited transcription and numerous other services that are not recoverable under Local Rule 54.1(c)(2). *See* Dkt. No. 267-1 at 50-51.

"was used by the parties at trial." Dkt. No. 267 at 4. However, as this Court is aware — and as

Adrea neglects to mention — Magee was excluded at trial, and the jury was instructed to

disregard his opinions in their entirety. Ederer Decl. Ex. 3 (Trial Tr. 1522:20-1523:7).

Accordingly, in effect Magee did not testify at trial, so under Local Rule 54.1(c)(2), B&N should

not be required to pay any of Adrea's costs associated with his deposition transcript. *See J.S.*

*Nicol, Inc. v. Peking Handicraft, Inc.*, 2008 WL 4613752, at \*\*13-14 (S.D.N.Y. Oct. 17, 2008)

(deducting fees and costs related to witnesses who were excluded from testifying at trial).

     *Second*, Adrea requested, and the Clerk improperly awarded, $5,862.80 in costs relating

to the deposition transcript of its second damages expert, David Yurkerwich, whose trial

testimony the Court largely rejected. *See* Dkt. No. 267 at 4; Dkt. No. 267-1 at 44. While in

every other instance where Adrea sought to recover the expense of a deposition transcript, the

Clerk correctly refused to award any expense in excess of "the original transcript [] plus one

copy" (which is all that Local Rule 54.1(c)(2) permits), here the Clerk failed to deduct such

improper expenses. Rather, even though the invoice Adrea submitted included charges for

expedited turnaround of the transcript; "Interactive Realtime"; a "Rough Draft/ASCII"; an

"Exhibit Package"; and a "Litigation Support Package", none of which is recoverable under

Local Rule 54.1(c)(2), in this instance the Clerk allowed all of those costs. The apparent reason

for this is that, unlike all the other deposition transcript invoices Adrea submitted, this particular

invoice, presented by a different reporting service than all the others, does not set out separately

the cost for each of these extraneous services. Dkt. No. 267-1 at 44. That, however, does not

render the expenses recoverable.[4] By not breaking down each expense, Adrea has failed to meet

---

[4] *See In re Omeprazole Patent Litig.*, 2012 WL 5427849, at \*4 (S.D.N.Y. Nov. 7, 2012)
("[C]ourts in this District have determined that court reporter appearance fees, delivery fees,
ASCII and rough ASCII fees are not taxable."); *Gottlieb v. Simon*, 1999 WL 993700, at \*1

Footnote continued on next page

its burden to prove entitlement to any costs with respect to the Yurkerwich deposition, as it is not possible to determine precisely what portion of the invoice relates to costs that would be properly recovered under Local Rule 54.1(c)(2). Accordingly, no costs should be taxed with respect to the Yurkerwich deposition transcript.[5]

*Third*, the Clerk improperly taxed the amounts of $359.45 and $347.75 in costs relating to the depositions of James Rosenstock and William Ernest Rainey, III, respectively. Dkt. No. 267 at 4-5; Dkt. No. 267-1 at 34, 53. As to each of these depositions, Adrea asserted, as a basis for taxation, that "[e]xcerpts of this deposition were read into the record at trial through designation." Dkt. No. 267 at 4-5. This statement appears to be an attempt to meet the requirement of Local Rule 51.4(c)(2), providing that costs for deposition transcripts are only taxable "if the deposition was used or received in evidence at the trial." However, as noted, it is Adrea's burden to prove that it is entitled to recover any particular costs (*Advanced Video Techs., LLC*, 2016 WL 1253899, at *3), yet Adrea fails to indicate where in the trial transcript such depositions were introduced into the record, which, in fact, they were not. Ederer Decl. ¶25.[6]

*Fourth*, the Clerk improperly taxed the amounts of $1,030.25, $549.00, and $272.25 in costs relating to the depositions of John Hendricks, Bahrath Kalyan, and Susan Lally,

---

Footnote continued from previous page
(S.D.N.Y. Nov. 2, 1999) (denying costs for expedited daily transcripts on grounds that expedited transcripts were unnecessary given trial schedule); *cf. Colon v. Fashion Inst. of Tech. (State Univ. of N.Y.)*, 2014 WL 1979875, at *2 (S.D.N.Y. May 15, 2014) (RealTime for trial transcripts).

[5] At the least, Adrea should not be awarded costs with respect to the Yurkerwich deposition in any greater proportion than was the case with respect to the depositions of other witnesses. On average, the Clerk taxed only 29.5% of the overall costs associated with all other depositions. Ederer Decl. ¶24. Accordingly, the most Adrea should be awarded with respect to the Yurkerwich deposition is $1,729.53 (29.5% of $5,862.80). Ederer Decl. ¶24.

[6] Similarly, Adrea failed to indicate to the Clerk where the deposition of Magee was used or received in evidence at trial, which it was not. Ederer Decl. ¶25. This is yet another reason why Adrea should not be entitled to any costs relating to the Magee deposition.

respectively.  Dkt. No. 267 at 3; Dkt. No. 267-1 at 20-22.  As explained in B&N's Objections, however (Dkt. No. 265 at 10 n.6), those witnesses testified at deposition only with respect to Adrea patents that were either found invalid, or not to have been infringed.  Ederer Decl. ¶26.  Accordingly, since Adrea was not the "prevailing party" on those claims under any definition, it would be "'inequitable' or 'unfair'" for B&N to be required to pay Adrea's costs with respect to these deposition transcripts.  *See AXA Versicherung AG*, 769 F. Supp. 2d at 625 (Rakoff, J.).

## III.    CONCLUSION

For all the foregoing reasons, B&N respectfully requests that the Court, in its discretion, set aside the Clerk of Court's Taxation of Costs in its entirety on the grounds that Adrea was not the "prevailing party" in this action, or, in the alternative, reduce the Clerk's award of costs to $17,492.34.

Dated:  May 5, 2017

ARNOLD & PORTER KAYE SCHOLER LLP

*/s/ Louis S. Ederer*
Louis S. Ederer
Maxwell C. Preston
250 West 55th Street
New York, NY 10019
Telephone:  (212) 836-8000
Facsimile:  (212) 836-8689
louis.ederer@apks.com
maxwell.preston@apks.com

*Attorneys for Defendants Barnes & Noble, Inc.,*
*barnesandnoble.com LLC, and Nook Media LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2017, copies of the attached were caused to be served upon the following via ECF:

Colin Cabral, Esq.
PROSKAUER ROSE LLP
2049 Century Park East, Suite 3200
Los Angeles, CA 90067

*Attorneys for Plaintiff*

*/s/ Maxwell C. Preston*
Maxwell C. Preston
