# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADREA, LLC, | ) |
| Plaintiff, | ) ) ) ) |
| - against - | ) ECF Case ) |
| BARNES & NOBLE, INC., BARNESANDNOBLE.COM LLC, and NOOK MEDIA LLC, | ) 13-CV-4137 (JSR) ) ) ) |
| Defendants. | ) ) ) |

## DECLARATION OF LOUIS S. EDERER IN SUPPORT OF DEFENDANTS' MOTION TO REVIEW THE CLERK'S TAXATION OF COSTS

I, Louis S. Ederer, declare as follows:

1. I am lead counsel for Defendants ("B&N") in the above entitled action, and a member of the law firm of Arnold & Porter Kaye Scholer LLP. I make this Declaration in support of Defendants' Motion to Review the Clerk's Taxation of Costs. The statements contained in this Declaration are true to the best of my knowledge.

### Procedural History

2. On April 5, 2017, Plaintiff Adrea LLC ("Adrea") filed its Bill of Costs, and its materials in support thereof. *See* Dkt. Nos. 263-264. The Bill of Costs sought an award of costs in the amount of $110,415.71.

3. On April 19, 2017, B&N filed its Objections to Adrea's Bill of Costs, and its materials in support thereof. *See* Dkt. Nos. 265-266. Attached hereto as **Exhibit 1** is a true and correct copy of B&N's Objections. In its Objections, B&N objected to the award of any costs to Adrea, on the basis that Adrea was not a prevailing party in this action. Further, B&N objected

to the award of numerous individual expenses that Adrea claimed, on the grounds that Adrea was not entitled to recover them under Local Rules 54.1(c)(1) and (c)(2).

4. On April 28, 2017, the Clerk entered a Taxation of Costs, awarding Adrea costs in the amount of $27,041.59. *See* Dkt. No. 267. Attached hereto as **Exhibit 2** is a true and correct copy of the Clerk's Taxation of Costs, without exhibits.

## Facts Relevant to B&N's Prevailing Party Objection

5. Adrea commenced this suit on June 14, 2013, claiming that B&N's NOOK devices, NOOK applications, and website were directly and contributorily infringing three Adrea patents — U.S. Patent Nos. 7,298,851 (the "'851 Patent"); 7,299,501 (the "'501 Patent"); and 7,620,703 (the "'703 Patent"). *See* Complaint, Dkt. No. 1 ¶¶ 3, 6, 9, 18, 21, 25, 25, 28, 32, 35. Moreover, Adrea alleged that such infringement was willful. *See id.* ¶¶ 23, 30, 37.

6. As a result of this alleged willful infringement, Adrea sought to recover treble damages, as well as attorney's fees, costs, and disbursements. *See id.* (Prayer for Relief).

7. On September 12, 2013, Adrea's counsel provided Adrea's Disclosure of Asserted Claims and Infringement Contentions, asserting that B&N was infringing a total of twenty-three (23) patent claims — ten (10) claims of the '851 Patent, seven (7) claims of the '501 Patent, and six (6) claims of the '703 Patent. Thereafter, on December 5, 2013, Adrea's counsel provided a Final Election of Asserted Claims, asserting that B&N was infringing a total of fifteen (15) patent claims — five (5) claims of each asserted patent.

8. On January 24, 2014, Adrea filed a motion for summary judgment. *See* Dkt. No. 61. Such motion sought a finding of infringement with respect to certain asserted claims of the '501 Patent and the '703 Patent, and a finding of validity with respect to certain asserted claims

of all three patents. By Order dated June 30, 2014, the Court denied Adrea's motion for summary judgment in its entirety. *See* Dkt. No. 85 at 9.

9. On January 24, 2014, B&N filed a motion for summary judgment, seeking findings of no infringement and other relief. *See* Dkt. No. 62. In its Order dated June 30, 2014, the Court granted B&N's motion for summary judgment in five respects:

> (a) The Court found no infringement with respect to the NOOK applications and B&N's website (*see* Dkt. No. 85 at 2-3);
>
> (b) The Court found no direct or contributory infringement as to certain asserted claims of the '851 Patent (*see id.* at 3);
>
> (c) The Court found no indirect infringement as to asserted claims of the '705 and '501 Patents (*see id.*);
>
> (d) With respect to the '851 Patent, the Court precluded recovery of damages for the period of time prior to March 29, 2012 (*see id.* at 3-5); and
>
> (e) The Court found that B&N's NOOK devices did not infringe an asserted claim of the '851 Patent (*see id.* at 5-6).

10. On September 30, 2014, the parties filed a Proposed Pretrial Consent Order. *See* Dkt. No. 132. In this filing, Adrea alleged that B&N infringed a total of eleven (11) patent claims — one (1) claim of the '851 Patent, five (5) claims of the '501 Patent, and five (5) claims of the '703 Patent. *See id.* at 1. In the Proposed Pretrial Consent Order, Adrea continued to allege willfulness on B&N's part, and to seek treble damages, attorney's fees, and costs. *See id.* at 3.

11. Prior to trial, in December 2013, Adrea submitted the report of a damages expert, Stephen P. Magee, who opined that Adrea was entitled to recover $12.4 million in damages for

the remaining life of the allegedly infringed patents, and $8 million in damages for the number of units of allegedly infringing B&N products sold to date. Thereafter, following a deposition at which his damages calculations were challenged, in August 2014 Magee submitted a supplemental expert report opining that Adrea was entitled to recover $7.7 million in damages for the remaining life of the allegedly infringed patents, and $6 million in damages for the number of units of allegedly infringing B&N products sold to date.

12. Subsequently at trial, Magee opined that Adrea was entitled to $6 million in damages. *See* Dkt. No. 154 at 137 (October 16, 2014 Trial Tr. at 808:8-12). During Magee's cross-examination, however, the Court granted B&N's motion to exclude Magee's testimony as unreliable, and the jury was instructed to disregard his expert opinions. *See* Dkt. No. 156 at 65-85 (October 17, 2014 Trial Tr. at 890:18-910:18).

13. Thereafter, as it had already ruled with respect to the '851 Patent, the Court precluded Adrea's recovery of damages for the period prior to March 29, 2012 with respect to the other two patents at issue. *See* Dkt. No. 160 at 106 (October 21, 2014 Trial Tr. at 1291:4-7); Dkt. No. 143 at 21-22 (Instruction No. 12: Compensatory Damages).

14. On October 27, 2014, the jury found that B&N had infringed the '501 Patent and the '703 Patent, but not the '851 Patent. The jury further awarded Adrea $1.33 million in damages. The jury also found that B&N's infringement was not willful. *See* Dkt. No. 145.

15. Subsequently, by Order dated July 24, 2015, the Court granted B&N's motion to invalidate the '501 Patent, thereby nullifying the jury's finding of infringement with respect to that patent. The Court further ordered a new trial on damages with respect to the single remaining patent — the '703 Patent. *See* Dkt. No. 182 at 7-14.

16. On July 16, 2016, the parties filed a Proposed Pretrial Consent Order with respect to the upcoming new trial on damages. *See* Dkt. No. 217. In this filing, Adrea sought enhanced damages for willful infringement, as well as attorney's fees and costs. *See id.* at 2.

17. At the second trial, Adrea presented a damages expert — David Yurkerwich — who opined that Adrea was entitled to $1,059,265 in damages with respect to the '703 Patent alone. *See* Dkt. No. 236 at 143 (July 23, 2016 Trial Tr. at 143:1-3, 16-18). Adrea also argued that any damages award should be enhanced, due to B&N's allegedly "egregious" conduct. *See* Dkt. No. 234. In response, B&N presented a damages expert — Ned Barnes — who opined that Adrea was entitled to $104,000 in damages.

18. The Court rejected Yurkerwich's damages position, and awarded Adrea only $266,832.82 in compensatory damages. *See* Dkt. No. 248 at 14, 17. The Court's damages award was approximately 25% of the amount Adrea sought at the second trial, and less than 3% of the $12.4 million Adrea sought at the outset of the case. In addition, the Court found that B&N's conduct was not willful or egregious, and declined to award enhanced damages. *Id.* at 14-17.

19. After trial, Adrea asked the Court to award prejudgment interest in the amount of approximately $90,000. *See* Dkt. No. 249 at 3. B&N, in turn, argued that the Court should award only $2,999.43 in prejudgment interest. The Court agreed with B&N, and entered judgment in favor of Adrea on the one remaining infringed patent in the total amount of $269,832.25. *See* Dkt. No. 249.

20. Thereafter, in February 2017, Adrea requested supplemental damages not only with respect to the sales of the NOOK products at issue that had not been accounted for at trial, but also with respect to several new NOOK products never before considered by the Court. In addition, Adrea requested that the Court award ongoing royalties with respect to such new

5

products at two times the 5.1 cent royalty rate the Court awarded following the July 2016 damages trial. *See* Dkt. No. 252 at 16-19. The Court, however, denied Adrea's request for ongoing royalties in its entirety, and awarded supplemental damages only with respect to the NOOK products previously at issue. The final amount of damages awarded to Adrea, therefore, was increased only by $12,605.83, to a total of $282,438.08. *See* Dkt. No. 262 (Final Judgment entered on March 23, 2017).

**Facts Relevant to B&N's Objections Relating to Certain Individual Cost Awards**

21. With respect to the Clerk's award of $1,127.75 in costs relating to the deposition transcript of Adrea's first damages expert Magee (Dkt. No. 267 at 4; Dkt. No. 267-1 at 50), at the time Magee was excluded from testifying at trial, this Court instructed the jury to disregard his expert opinion (Trial Tr. 1522:20-1523:7). Attached hereto as **Exhibit 3** is a true and correct copy of the Trial Transcript, dated October 23, 2014.

22. With respect to the Clerk's award of costs with respect to the deposition transcript of Adrea's second damages expert Yurkerwich (Dkt. No. 267 at 4; Dkt. No. 267-1 at 44), attached as **Exhibit 4** is a true and correct copy of the David Feldman reporting service's invoice that Adrea presented with respect to the Yurkerwich transcript. Such invoice, while not listing separately the cost for each individual deposition-related service, billed Adrea not only for one (1) copy of the transcript, but expedited turn-around of the transcript; "Interactive Realtime"; a "Rough Draft/ASCII"; an "Exhibit Package"; and a "Litigation Support Package", with all such services included in the total invoiced amount of $5,862.80.

23. Attached hereto as **Exhibit 5** is a true and correct copy of the TSG reporting service's invoice Adrea presented with respect to the Deepak Mulchandani deposition. *See* Dkt. No. 267-1 at 26-27. Such invoice is a representative example of all of the TSG invoices Adrea

submitted with respect to every other deposition for which it has sought reimbursement (20 in all). In the case of each such TSG invoice, once again Adrea sought recovery for expedited ("Daily" and "Evening") turn-around; "Interactive Real-time"; "Rough ASCII"; and an "Exhibits" package, as well as various appearance and delivery fees. However, in all TSG invoices, each of these costs was separately itemized, allowing the Clerk to reject any cost not recoverable under Local Rule 54.1(c)(2).

24. In the Taxation of Costs, in allowing certain deposition-related expenses invoiced by TSG while rejecting others, on average, overall the Clerk taxed 29.5% of the costs requested by Adrea with respect to such depositions. Were Adrea to be awarded 29.5% of the $5,862.80 it paid with respect to the Yurkerwich deposition transcript, such amount would equal $1,729.53.

25. With respect to the Clerk's award of costs relating to the deposition transcripts of James Rosenstock, William Ernest Rainey, III, and Stephen P. Magee, a review of the trial transcripts indicates that no portions of these deposition transcripts were used or received in evidence at trial.

26. With respect to the Clerk's award of costs relating to the deposition transcripts of John Hendricks, Bahrath Kalyan, and Susan Lally, a review of the trial transcripts indicates that these witnesses did not testify at deposition with respect to the '703 Patent, the only patent that was ultimately found to have been infringed, but only with respect to the two other patents that were either found to be invalid, or not to have been infringed.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 5, 2017, in New York, New York.

_____<br>Louis S. Ederer

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2017, copies of the Declaration of Louis S. Ederer in Support of Defendants' Motion to Review the Clerk's Taxation of Costs were caused to be served upon the following via ECF:

Colin Cabral, Esq.
PROSKAUER ROSE LLP
2049 Century Park East
Los Angeles, CA 90067
ccabral@proskauer.com

*Attorneys for Plaintiff Adrea, LLC*

                                                 */s/ Maxwell C. Preston*
                                                  Maxwell C. Preston