IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADREA, LLC,<br><br>    *Plaintiff,*<br><br>v.<br><br>BARNES & NOBLE, INC.,<br>BARNESANDNOBLE.COM LLC, and<br>NOOK MEDIA LLC,<br><br>    *Defendants*. | Civil Action No. 13-cv-4137 (JSR) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO
REVIEW THE CLERK'S DETERMINATION OF COSTS**

## **TABLE OF CONTENTS**

I. INTRODUCTION ..............................................................................................................1

II. FACTUAL BACKGROUND..............................................................................................2

III. ARGUMENT......................................................................................................................3

      A. The Court Should Review the Clerk's Actions with Respect to the Cost of Trial Transcripts ........................................................................................3

      B. This Court Should Review the Clerk's Actions With Respect to Travel Expenses for Testifying Witnesses................................................................4

      C. Adrea Is the Prevailing Party Under Controlling Federal Circuit Law ........................................................................................................................6

IV. CONCLUSION...................................................................................................................7

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Alice Corp. v. CLS Bank Int'l*,
   573 U.S. __, 134 S. Ct. 2347 (2014)......................................................................................6

*Karmel v. City of New York*,
   No. 00-cv-9063 (KMK), 2008 WL 216929 (S.D.N.Y Jan. 9, 2008) .........................................3

*Limelight Networks, Inc. v. Akamai Techs., Inc.*,
   572 U.S. __, 134 S. Ct. 2111 (2014)......................................................................................7

*Nat. Organics, Inc. v. Nutraceutical Corp.*,
   No. 01-cv-0384 (GBD)(RLE), 2009 WL 2424188 (S.D.N.Y. Aug. 6, 2009) ..........................3

*Patterson v. McCarron*,
   No. 99-cv-11078 (RCC), 2005 WL 735954 (S.D.N.Y. Mar. 30, 2005) ...............................4, 5

*Settlement Funding, LLC v. AXA Equitable Life Ins. Co.*,
   No. 09-cv-8685 (HB), 2011 WL 2848644 (S.D.N.Y. July 18, 2011).......................................4

*Shum v. Intel Corp.*,
   629 F.3d 1360 (Fed. Cir. 2010)......................................................................................1, 6, 7

**OTHER AUTHORITIES**

FED. R. CIV. P. 54............................................................................................................1, 3, 6, 7

Local Rule 54.1 ...............................................................................................................1, 3, 4, 5

**I.     INTRODUCTION**

Plaintiff Adrea, LLC ("Adrea" or "Plaintiff") brings this motion under FED. R. CIV. P. 54(d)(1) for review of the Clerk's determination of taxable costs. In particular, Adrea respectfully requests review of the Clerk's actions on two issues: (i) the reduction of costs for trial transcripts, taxable under L.R. 54.1(c)(1), from $20,118.24 to $0; and (ii) the reduction of costs for witness fees, taxable under L.R. 54.1(c)(3), from $15,920.74 to $0.

Adrea brought this action for patent infringement in 2013. Adrea prevailed. A jury found Defendants (collectively, "B&N") liable for infringement, and the Court issued final judgment for Plaintiff, holding that Adrea shall recover damages resulting from B&N's infringement. Dkt. No. 262 at 8-9. That relief materially altered the legal relationship between the parties by modifying B&N's behavior in a way that directly benefits Adrea, as the opposing party. *See Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010) (defining "prevailing party" for purposes of patent litigation).

In review of the Clerk's actions, the Court should award taxable costs incurred for original trial transcripts. The Clerk awarded no costs for transcripts because, according to the Clerk, they "seem[ed] to be for convenience of counsel." Dkt. No. 267 at 3. That is not so. The trial transcripts were critical and necessary in this complex patent case to respond to B&N's post-trial Rule 50(b) motion after the original jury trial (*see* Dkt. Nos. 184-185, 193), to respond to oral motions and jury questions during the original trial, and to prepare post-trial submissions in lieu of closing arguments following the bench trial on damages (*see* Dkt. Nos. 232-233, 246). The taxable cost of original trial transcripts was $9,345.24.[1]

---

[1] This amount reflects a reduction of the amount included in Adrea's bill of costs ($20,118.24) due to the removal of other expenses reflected on the invoices—*e.g.*, Realtime, minuscripts, and diskettes.

1

The Court should also award taxable costs incurred for travel expenses of testifying non-party witnesses. The Clerk's primary rationale for denying these costs—because "no one testified more than 2 days"—does not apply to the cost of airline travel, which would have been incurred regardless of whether a witness testified for only a few minutes or for many days. Moreover, lengthy hotel stays for the testifying non-party witnesses were necessitated by a disjointed trial schedule that stretched over 3 weeks. In fact, on the first day of the original trial, the Court addressed the jury, summarizing numerous scheduling conflicts and constraints during the first two weeks, including (i) no proceedings on Thursday or Friday of the first week; (ii) a court holiday the following Monday; (iii) a half day the following Tuesday; (iv) a short day the following Thursday; and (v) no proceedings the following Friday afternoon. *See* Trial Tr. (Oct. 7, 2014) at 75:6-76:5. As a result, the testifying non-party witnesses had to remain on "stand by" to take the stand on short notice. Having traveled long distances to testify (three came from California and one from Texas), it was not practical for them to return to their residences from day to day. The taxable costs of travel expenses for testifying witnesses came to $15,920.74.

For these reasons, and those set forth below, the Court should tax an additional $25,265.98 in costs.

## II.   FACTUAL BACKGROUND

The Court issued final judgment for Adrea on March 22, 2017. Dkt. No. 262 at 9 ("The Court accordingly hereby amends its Order and Final Judgment dated January 12, 2017, ECF No. 249, and issues final judgment for Adrea holding that plaintiff Adrea LLC shall recover from defendants Barnes and Noble, Inc., BarnesandNoble.com LLC, and Nook Media LLC, jointly and severally, in the amount of $282,438.08.").

Adrea filed a timely Notice of Taxation of Costs pursuant to Local Rule 54.1 with supporting documentation. Dkt. Nos. 263, 264. B&N filed objections on the April 19, 2017 deadline. Dkt. No. 265.

On April 28, 2017, the Clerk taxed costs in favor of Adrea in the amount of $27,041.59. Dkt. 267. The Clerk noted that B&N's objection had been "taken into consideration." *Id.* The Clerk reduced Adrea's cost for trial transcripts, taxable under L.R. 54.1(c)(1), from $20,118.24 to $0, noting, without explanation, "seems to be for convenience of counsel." *Id.* at 3. In addition, the Clerk wrote down the cost of witness fees, travel expenses, and subsistence, taxable under L.R. 54.1(c)(3), from $15,920.74 to $0 in response to B&N's objections—namely, that "no one testified more than 2 days" and "the court struck Magee[']s testimony." *Id* at 2.

### III. ARGUMENT

#### A. The Court Should Review the Clerk's Actions with Respect to the Cost of Trial Transcripts

The Local Rules provide that "the cost of any part of the original trial transcript that was necessarily obtained for use in this Court or on appeal is taxable." L.R. 54.1(c)(1). Upon motion for review under Rule 54(d)(1), district courts review the Clerk's taxation of costs *de novo*. *Nat. Organics, Inc. v. Nutraceutical Corp.*, No. 01-cv-0384 (GBD) (RLE), 2009 WL 2424188, at *3 (S.D.N.Y. Aug. 6, 2009); *Karmel v. City of New York*, No. 00-cv-9063 (KMK), 2008 WL 216929, at *1 (S.D.N.Y Jan. 9, 2008).

The original trial transcripts were necessarily obtained by Adrea. The transcripts for the original 3-week trial on complex, patent-related issues were used by both parties in post-trial motions, including B&N's Rule 50(b) motion to set aside the jury verdict. In addition, the original transcripts were critical for post-trial submissions made in lieu of closing arguments following the bench trial on damages. The Court relied extensively on these transcripts when

3

denying B&N's JMOL motion and issuing findings of fact on damages issues. *See* Dkt. No. 201 (Feb. 24, 2016 Order denying JMOL) (citing trial transcript throughout); Dkt. No. 248 (Amended Findings of Fact and Conclusions of Law) (same). In short, the Clerk's assumption that the transcripts were for convenience of counsel was incorrect. The original trial transcripts fall squarely within the category of taxable costs set forth in Local Rule 54.1(c)(1) and should be awarded here. *See Settlement Funding, LLC v. AXA Equitable Life Ins. Co.*, No. 09-cv-8685 (HB), 2011 WL 2848644, at *2 (S.D.N.Y. July 18, 2011) (taxing costs for original trial transcripts, and noting, "The trial transcripts were used by both parties in post-trial motions, including Defendant's motion to set aside the verdict, and relied upon by the Court to resolve those motions."); *Patterson v. McCarron*, No. 99-cv-11078 (RCC), 2005 WL 735954, at *1 (S.D.N.Y. Mar. 30, 2005). ("After the prevailing party demonstrates the amount of its costs and that they fall within an allowable category of taxable costs . . . that party enjoys a presumption that its costs will be awarded.").

The Court should award an additional $9,345.24 in taxable costs for the original trial transcripts, as reflected in the receipts submitted with the bill of costs. *See* Dkt. No. 264, Exhibit A (receipts for original trial transcripts).

### B. This Court Should Review the Clerk's Actions With Respect to Travel Expenses for Testifying Witnesses

The Local Rules state: "Witness fees and travel expenses authorized by 28 U.S.C. § 1821 are taxable if the witness testifies. Subsistence pursuant to 28 U.S.C. § 1821 is taxable if the witness testifies and it is not practical for the witness to return to his or her residence from day to day." L.R. 54.1(c)(3).

The travel expenses for the testifying non-party witness fall into two general categories: (1) the cost of airline travel; and (2) the cost of hotel stays during trial. The Clerk taxed $0 in

costs on the ground that no witness testified for more than two days during trial.  *See* Dkt. No. 267 at 2.  But airline travel was an unavoidable expense for each non-party witness who did not reside in the District, regardless of the duration of his testimony.  Airfare costs alone totaled $4,368.74.  *See id.* at 2.

Moreover, the testifying witnesses required extended hotel stays due to the lengthy and disjointed trial schedule, which stretched over 3 weeks—far longer than the parties' expected.  *Cf.* Dkt No. 140 (Pretrial Consent Order) ("The parties estimate that the trial of this matter will take approximately 8 days . . ."); Trial Tr. (Oct. 7, 2014) at 75:6-76:5 (summarizing the scheduling constraints that extended the trial several weeks).  Under the circumstances, it was not practical for the testifying witnesses to return to their residences from day to day; nor could they without incurring significant airline expenses.

In further support of its denial of witness fees and expenses, the Clerk also noted that "the objections [filed by B&N] also state that the Court struck Magee[']s testimony."  Dkt. No. 267 at 2.  The plain language of Local Rule 54.1, however, provides that fees and travel expenses are taxable ***if the witness testifies***.  There is no dispute that Dr. Magee testified.  In fact, he testified twice after the start of the original trial—once during the *Daubert* hearing held on October 10, 2014 (*see* Dkt. No. 150 at 310), and a second time during the actual trial.  This testimony brings his travel expenses within the category of taxable costs set forth in Rule 54.1(c)(3).  The Rule is silent regarding rulings by the Court regarding the admissibility (or lack thereof) of the testimony offered.

Accordingly, the Court should award an additional $15,920.74 in taxable costs for the travel expenses of testifying non-party witnesses.  *See* Dkt. No. 264, Exhibit C (receipts for witness fees and travel expenses); Dkt. No. 267 at 2 (showing itemized witness fees).

### C. Adrea Is the Prevailing Party Under Controlling Federal Circuit Law

"Unless a federal state, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). Federal Circuit law defines the "prevailing party" for purposes of patent litigation. *Shum*, 629 F.3d at 1366. To be a "prevailing party," the law requires that "the party have received at least some relief on the merits" and "[t]hat [such] relief must materially alter the legal relationship between the parties by modifying one party's behavior in a way that 'directly benefits' the opposing party." *Id.* at 1367.

There is no genuine dispute about which party prevailed here.[2] This is not a mixed judgment case—the Court entered final judgment for Adrea alone. The relief granted alters the legal relationship between Adrea and B&N by forcing B&N to pay royalties for past infringement.

Nonetheless, B&N argued in its objections—without regard to the actual legal standard—that "if anyone is the prevailing party in this case, it is B&N." Dkt. No. 265 at 2. But the outcome of this case has not modified Adrea's behavior in any way, let alone a way that directly benefits B&N. The Clerk correctly rejected B&N's argument.[3] This Court should do the same

---

[2] Federal Circuit law provides that there can only be one winner: "For the purposes of costs and fees, there can be only one winner. A court must choose one, and only one, 'prevailing party' to receive any costs award." *Shum*, 629 F.3d at 1367.

[3] In its objections, B&N argues that costs are not taxable because, in its view, "B&N's victories far outnumbered Adrea's with respect to the key issues in contention." Dkt. No. 265 at 5-6. B&N fails to mention that: (1) a jury found B&N liable for infringement of two patents after rejecting all of its non-infringement and invalidity defenses; (2) B&N lost on virtually all contested issues during the claim construction and summary judgment phases of the case; and (3) B&N's "victories" on two patents were the direct result of two significant Supreme Court opinions that issued during the litigation, changing the law regarding patentable subject matter under 35 U.S.C. § 101 (*Alice Corp. v. CLS Bank Int'l*, 573 U.S. __, 134 S. Ct. 2347 (2014)) and the law of divided indirect infringement (*Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. __, 134 S. Ct. 2111 (2014)).

in the event B&N renews its objection in a Rule 54(d)(1) motion. The law is clear: "A party is not required . . . to prevail on all claims in order to qualify as the prevailing party under Rule 54." *Shum*, 629 F.3d at 1367-68 (citing *Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. De C.V.*, 464 F.3d 1339, 1347-48 (Fed. Cir. 2006)).

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court: (i) review the Clerk's actions relating to taxable costs associated with trial transcripts and witness expenses; and (ii) tax additional costs in the amount of $25,265.98.

Dated:  May 5, 2017                                   Respectfully submitted,

*/s/ Colin Cabral*
Steven M. Bauer
Brendan Cox (*pro hac vice*)
PROSKAUER ROSE LLP
One International Place
Boston, Massachusetts 02110
(617) 526-9600 (telephone)
(617) 526-9800 (facsimile)
sbauer@proskauer.com
bcox@proskauer.com

Colin Cabral
PROSKAUER ROSE LLP
2049 Century Park East, Suite 3200
Los Angeles, CA 90067
(310) 284-5611 (telephone)
(310) 557-2193 (facsimile)
ccabral@proskauer.com

*Attorneys for Plaintiff ADREA, LLC*

## **CERTIFICATE OF SERVICE**

I certify that on May 5, 2017, I caused a copy of the foregoing document to be served upon counsel of record for Barnes & Noble, Inc., barnesandnoble.com llc, and Nook Media LLC by electronic mail.

Louis S. Ederer
Susan Lee Shin
Maxwell Charles Preston
ARNOLD & PORTER LLP
399 Park Avenue
New York, NY 10022-4690
Telephone: (212) 715-1000
Facsimile: (212) 715-1399
louis.ederer@aporter.com
susan.shin@aporter.com
maxwell.preston@aporter.com

*Attorneys for Defendants Barnes & Noble, Inc., barnesandnoble.com llc, and Nook Media LLC*

                                           */s/ Colin Cabral*
                                             Colin Cabral