**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| ADREA, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| - against - | )   ECF Case |
| | ) |
| BARNES & NOBLE, INC., | )   13-CV-4137 (JSR) |
| BARNESANDNOBLE.COM LLC, and | ) |
| NOOK MEDIA LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO REVIEW THE CLERK'S DETERMINATION OF COSTS**

**TABLE OF CONTENTS**

**Page**

I. ADREA WAS NOT ENTITLED TO RECOVER ANY COSTS AS THE PREVAILING PARTY UNDER FRCP 54(d)(1) .................................................................. 1

II. EVEN IF ADREA IS ENTITLED TO AN AWARD OF COSTS UNDER FRCP 54(d)(1), THE CLERK PROPERLY REFUSED TO AWARD COSTS RELATED TO TRIAL TRANSCRIPTS, AND TO ITS WITNESSES' TRAVEL AND SUBSISTENCE ................................................................................................................ 5

    A. The Clerk Properly Denied Costs With Respect Adrea's Trial Transcripts ........... 6

    B. The Clerk Properly Denied Costs With Respect to Adrea's Witnesses' Travel and Subsistence Expenses ....................................................................................... 7

III. CONCLUSION ............................................................................................................. 10

## TABLE OF AUTHORITIES

**Cases:**  **Page(s):**

*Advanced Video Techs., LLC v. HTC Corp.*,
 2016 WL 1253899 (S.D.N.Y. Feb. 23, 2016) .................................................................. 5, 9

*AXA Versicherung AG v. N.H. Ins. Co.*,
 769 F. Supp. 2d 623 (S.D.N.Y. 2011) (Rakoff, J.) ............................................................... 5

*Browne v. Greensleeves Records, Ltd.*,
 2005 WL 2716568 (S.D.N.Y. Oct. 21, 2005) ....................................................................... 9

*Farrar v. Hobby*,
 506 U.S. 103 (1992) .......................................................................................................... 3, 4

*ICU Med., Inc. v. Alaris Med. Sys., Inc.*,
 558 F.3d 1368 (Fed. Cir. 2009) ......................................................................................... 3, 4

*J.S. Nicol, Inc. v. Peking Handicraft, Inc.*,
 2008 WL 4613752 (S.D.N.Y. Oct. 17, 2008) ..................................................................... 10

*Manildra Mill. Corp. v. Ogilvie Mills, Inc.*,
 76 F.3d 1178 (Fed. Cir. 1996) ........................................................................................... 3, 4

*In re Paoli R.R. Yard PCB Litig.*,
 221 F.3d 449 (3d Cir. 2000) .................................................................................................. 6

*Ruiz v. A.B. Chance Co.*,
 234 F.3d 654 (Fed. Cir. 2000) ............................................................................................... 3

*Schultz v. United States*,
 918 F.2d 164 (Fed. Cir. 1990) ............................................................................................... 2

*Shum v. Intel Corp.*,
 629 F.3d 1360 (Fed. Cir. 2010) .................................................................................... 2, 3, 4

**Statutes, Rules and Regulations**

28 U.S.C. § 1821 ............................................................................................................... 7, 9, 10

Fed. R. Civ. P. 54 ..................................................................................................... *passim*

Local Civil Rule 54.1 ........................................................................................................ 6, 7, 10

Defendants ("B&N") respectfully submit this memorandum of law in opposition to plaintiff Adrea, LLC ("Adrea")'s Motion to Review the Clerk's Determination of Costs. Adrea presents two new arguments not previously made to the Clerk — and without any evidentiary support — as to why it is entitled to recover certain costs that the Clerk refused to award it. *First*, Adrea argues that it is entitled to recover a portion of its trial transcript costs because the transcripts were necessarily obtained for post-trial briefing, and not merely for the "convenience of counsel", as the Clerk concluded in rejecting such costs (Dkt. No. 267). *Second*, Adrea argues that it should be entitled to recover outrageously excessive hotel lodging and travel expenses for its trial witnesses, because the trial schedule was "disjointed" and trial lasted "far longer than the parties' [sic] expected." In addition, apparently recognizing its vulnerability to an award of no costs at all, Adrea attempts to preemptively address B&N's position that Adrea is not the "prevailing party" for purposes of a costs award under Federal Rule of Civil Procedure ("FRCP") 54(d)(1), but offers only false and misleading arguments about the operative law and the outcome of this litigation. All of Adrea's arguments fail on their merits.

### I. ADREA WAS NOT ENTITLED TO RECOVER ANY COSTS AS THE PREVAILING PARTY UNDER FRCP 54(d)(1)

B&N first addresses Adrea's arguments on the "prevailing party" issue, since, should the Court agree with B&N's position, Adrea's motion must be denied in its entirety. In an apparent attempt to undercut B&N's anticipated argument in its own simultaneously filed Motion to Review the Clerk's Determination of Costs (Dkt. No. 269), Adrea argues that it was, in fact, the prevailing party, and therefore entitled to an award of costs. *See* Adrea's Moving Brief ("Adrea Br.") at 6-7. Adrea's arguments, however, are unpersuasive, and highlight just how susceptible it is to an award of no costs.

Adrea first argues that it is the prevailing party because its "victory" on *one* of its three patent infringement claims resulted in a modification of the parties' relationship in a way that benefits Adrea. *See* Adrea Br. at 1. This, however, is not the test for determining whether a technically prevailing party should be entitled to costs, and no honest, practical evaluation of the outcome of this case could result in a finding that Adrea "prevailed" for that purpose. As explained in detail in B&N's Moving Brief (Dkt. No. 269), Adrea lost on two of its three infringement claims, and had its damages reduced from a claimed $12.4 million to $266,832. *See* B&N's Moving Brief ("B&N Br.") at 1-3. Thus, no matter what spin Adrea attempts to put on it, its "victory" pales in comparison to its defeats. *See Schultz v. United States*, 918 F.2d 164, 166 (Fed. Cir. 1990) (in considering whether a party is the prevailing party for purposes of FRCP 54(d)(1), "substance should prevail over form").

Moreover, Adrea blatantly mischaracterizes the law it claims this Court should apply in determining whether it "prevailed" for purposes of an award of costs under FRCP 54(d)(1), improperly focusing on the question of whether there has been a "mixed judgment". That is nothing but a red herring. A party's entitlement to an award of costs has nothing to do with whether the counterparty asserted any affirmative claims of its own, much less whether it prevailed on any such claims. Rather, all that is needed for a court to exercise its discretion to deny an award of costs under FRCP 54(d)(1) is a "mixed result", not a "mixed judgment". Unfortunately for Adrea, this is a quintessential "mixed results" case. *See* B&N Br. at 2-5.

Adrea then goes on to cite *Shum v. Intel Corp.*, 629 F.3d 1360 (Fed. Cir. 2010), for the proposition that because the jury found B&N to have infringed *one* of the three asserted patents, Adrea must automatically be considered the "prevailing party" for purposes of an award of costs under FRCP 54(d)(1). *See* Adrea Br. at 6-7. Once again, however, Adrea ignores the fact that

2

the jury also found that B&N *did not infringe* a second asserted patent, and the Court found that a third asserted patent was *invalid*. If anything, these findings support the conclusion that *B&N* is the prevailing party. *See, e.g.*, *ICU Med., Inc. v. Alaris Med. Sys., Inc.*, 558 F.3d 1368, at 1379-80 (Fed. Cir. 2009) (affirming the district court's conclusion that a defendant was a prevailing party where the court found some patents not infringed, and others invalid); *Manildra Mill. Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1183 (Fed. Cir. 1996) ("as a matter of law, a party who has a competitor's patent declared invalid meets the definition of 'prevailing party'").

That being said, B&N is *not* asking this Court to find that it is the "prevailing party", or to award it costs.[1] Rather, all B&N is saying is that when the results of a case are mixed — as they were here — it is entirely proper for a court to decline to award costs to either party under FRCP 54(d)(1), since "neither party prevailed sufficiently to require an award of costs." *See Ruiz v. A.B. Chance Co.*, 234 F.3d 654, 670 (Fed. Cir. 2000) (affirming refusal to award costs where plaintiffs prevailed on patent invalidity, but defendants prevailed on all other issues). As discussed in detail in B&N's Moving Brief, both the Federal and Second Circuits follow this "mixed results" doctrine, as this Court should here. *See* B&N Br. at 3-7.

Thus, as the Federal Circuit noted in *Shum*, even if a party has technically "prevailed", it is not automatically entitled to an award of costs under FRCP 54(d)(1); rather, "[d]epending on the extent and nature of the prevailing party's victory, it may be proper for the trial court to award … no costs at all." *See Shum*, 629 F.3d at 1366, 1367 n.8 (citing *Farrar v. Hobby*, 506 U.S. 103, 115 (1992), and *Manildra Milling*, 76 F.3d at 1183). While Adrea is correct that "there

---

[1] Adrea incorrectly suggests that B&N is trying to convince the Court to declare B&N the prevailing party. Adrea Br. at 6 n.3. That, however, misses the point entirely; rather, the point is that in a case like this where B&N's victories far outweigh Adrea's, there is *no* prevailing party for purposes of a costs award under FRCP 54(d)(1).

3

can only be one winner" in a FRCP 54(d)(1) cost analysis (Adrea Br. at 6 n.2), courts need not declare a winner and award costs in every case. *Farrar v. Hobby* is a perfect illustration. In *Farrar*, the Supreme Court considered whether an award of attorneys' fees was appropriate where the plaintiff, though technically the prevailing party, achieved only limited success. *See Farrar*, 506 U.S. at 114-15. In concurring with the reversal of the district court's fee award, Justice O'Connor notably stated: "Just as a Pyrrhic victor would be denied costs under Rule 54(d), so too should it be denied fees [here].... [T]he technical or *de minimis* nature of [the plaintiff's] victory is readily apparent: He asked for a bundle and got a pittance." *Farrar*, 506 U.S. at 120 (O'Connor, J., concurring).

Here too, even if Adrea is the technical prevailing party, at best it is the epitome of a "Pyrrhic victor". As described more fully in B&N's Moving Brief (B&N Br. at 2-3), Adrea "asked for a bundle and got a pittance" — indeed, Adrea recovered *less than 3%* of the $12.4 million it originally sought, succeeded on only *one* of the three asserted patents (and had one invalidated in the process), and failed on the issues of willfulness, prejudgment interest, and supplemental damages. *See id.*[2]

For ease of reference, below is the final scorecard in this case:

| Liability | Infringement | Willfulness | Exceptional Case |
|---|---|---|---|
| '851 Patent | No | No | No |
| '501 Patent | No - Invalidated | No | No |
| '703 Patent | Yes | No | No |

---

[2] Faced with this reality, Adrea grasps at straws to list its "victories". Adrea first argues that B&N "lost on virtually all contested issues during the … summary judgment phases of the case" (Adrea Br. at 6 n.3), ignoring the fact that the only party who prevailed on any summary judgment issues was *B&N*. *See* Dkt. No. 85. Adrea further argues that B&N lost on claim construction (Adrea Br. at 6 n.3), which is not only inaccurate, but irrelevant given the ultimate outcome. Finally, Adrea argues that the only reason it lost on two of the three asserted patents was because of intervening Supreme Court decisions (Adrea Br. at 6 n.3), apparently suggesting that a loss that results from a recent Supreme Court decision should actually be counted as a win.

| **Monetary Relief** | Requested | Received |
|---|---|---|
| Damages | $12,400,000.00 | $266,832.82 |
| Prejudgment Interest | $90,000.00 | $2,999.43 |
| Supplemental Damages | Old/New Products | Old Products |
| Ongoing Royalties | $0.102/unit | None |

Finally, and once again without basis, Adrea argues that "[t]he Clerk correctly rejected B&N's argument" that Adrea was not the prevailing party. Adrea Br. at 6. The Clerk, however, did not reject B&N's argument, but instead prudently left this purely legal determination to the Court. Accordingly, now is the time for this Court to decide, just as it did in *AXA Versicherung AG v. N.H. Ins. Co.*, 769 F. Supp. 2d 623, 625-26 (S.D.N.Y. 2011) (Rakoff, J.), that awarding *any* costs to Adrea under the circumstances of this case would be completely "'inequitable' or 'unfair'", and deny Adrea's request for costs in its entirety.

## II. EVEN IF ADREA IS ENTITLED TO AN AWARD OF COSTS UNDER FRCP 54(d)(1), THE CLERK PROPERLY REFUSED TO AWARD COSTS RELATED TO TRIAL TRANSCRIPTS, AND TO ITS WITNESSES' TRAVEL AND SUBSISTENCE

As the filer of the Bill of Costs, it was Adrea's burden to prove its entitlement to recover any and all requested costs. *Advanced Video Techs., LLC v. HTC Corp.*, 2016 WL 1253899, at *3 (S.D.N.Y. Feb. 23, 2016). Adrea, however, failed to meet its burden; indeed, at the Bill of Costs level, it made no arguments and presented no evidence (other than invoices) in support of its position. Dkt. Nos. 263-264. Now Adrea belatedly attempts to rectify the deficiencies in its Bill of Costs submission by making entirely new arguments that were never presented to the Clerk. Adrea's motion is too little, too late.

In this regard, while FRCP 54(d)(1) permits a court to "review the clerk's action" with respect to a Bill of Costs, and that review is *de novo*, this does not mean that the party seeking the court's review may expand the record or make new arguments it never presented to the clerk. Indeed, in those instances where, on a motion for review of a clerk's determination of costs,

5

courts have permitted a party to make new arguments or present new evidence, it has been under circumstances far different from those in this case. *See, e.g.*, *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462 (3d Cir. 2000) (permitting a defendant to offer untimely evidence of indigence in response to a Bill of Costs). Moreover, courts always "retain the discretion not to" expand the record or hear new arguments. *See id.* at 461-62. For example, in *Paoli*, the Third Circuit warned attorneys for parties *objecting* to a Bill of Costs that they "would be well advised, when it is feasible, to submit to the clerk of court all relevant evidence bearing on a potential costs award before the clerk proceeds to tax costs." *See id.* at 462. That admonition applies even more so to attorneys for parties *seeking* costs (especially ones, as here, who are not indigent or infirm). Accordingly, this Court should exercise its discretion and refuse to consider Adrea's new arguments, none of which were presented to the Clerk.

Further, and all procedural issues aside, for the reasons explained below, Adrea's newfangled arguments for recovery of trial transcript and witness subsistence costs are unpersuasive and lack evidentiary support. As a result, the Clerk's complete denial of such costs should be upheld.

**A.     The Clerk Properly Denied All of Adrea's Trial Transcript Costs**

As for the Clerk's denial of all costs associated with Adrea's payments for trial transcripts, Local Rule 54.1(c)(1) provides that the cost of the "original trial transcript" is taxable only if it was "necessarily obtained", and was not merely for the convenience of counsel. In its Bill of Costs, however — aside from seeking to recover numerous transcript-related costs it now concedes are improper (*see* Adrea Br. at 1 n.1) — Adrea failed to provide the Clerk with *any* explanation as to why the trial transcript was "necessarily obtained"; indeed, the only party that presented any evidence and arguments on this issue was B&N. *See* Dkt. No. 85. Such failure

6

left the Clerk no choice but to find that all of Adrea's trial transcript expenses "seem[ed] to be for the convenience of counsel." Dkt. No. 267 at 3.

Now, however, Adrea argues, for the first time, that it should be reimbursed for transcript costs related to all sixteen trial days because such transcripts were "necessarily obtained" not just for the trials themselves, but for post-trial briefing, and therefore were not just "for the convenience of counsel". Adrea Br. at 3. Unfortunately for Adrea, however, aside from the fact that it could not possibly have needed every single transcript for post-trial briefing, it had its chance to make this argument and present such evidence to the Clerk, and failed. Moreover, given the context of this "mixed results" case, the Court should afford Adrea no leeway, treat the record as closed, disregard Adrea's new arguments, and award it no trial transcript costs.[3]

### B. The Clerk Properly Denied All Costs With Respect to Adrea's Witnesses' Travel and Subsistence Expenses

Adrea also argues that, pursuant to Local Rule 54.1(c)(3)[4] and 28 U.S.C. § 1821,[5] it is entitled to recover facially excessive travel and subsistence costs for its witnesses, claiming, once again for the first time, that those expenses were unavoidable in view of the "lengthy and disjointed trial schedule". *See* Adrea Br. at 4-7. No such argument was ever presented to the

---

[3] In any case, Adrea should not be entitled to recover transcript costs for the second trial on damages. At that trial, Adrea sought damages of $1.059 million, but was awarded only $266,832. Since that award was far closer to B&N's number ($104,000), Adrea should be considered the losing party, and no transcript expenses should be taxed. Dkt. No. 265 at 9.

[4] Local Rule 54.1(c)(3) provides for reimbursement of subsistence costs authorized by 28 U.S.C. § 1821 if a witness testifies at trial, and if it is not practical for the witness to return to his or her residence from day to day. Under Section 1821(d)(1), a witness may receive a "subsistence allowance … in an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services … for official travel in the area of attendance by employees of the Federal Government." 28 U.S.C. § 1821(d)(1).

[5] As for travel-related expenses, Section 1821(c)(1) provides that a witness may be reimbursed for travel costs "to and from such witness's residence by the shortest practical route in going and returning from the place of attendance," provided the witness has traveled via "a common carrier at the most economical rate reasonably available." 28 U.S.C. § 1821(c)(1).

7

Clerk.  Furthermore, Adrea's belated argument lacks any evidentiary support, so once again Adrea has failed to carry its burden to prove its entitlement to such costs.

Adrea's new argument that the schedule for the first trial was abnormally "disjointed" is also wrong.  In fact, testimony at this trial was heard over a consecutive two week period, on eight of ten available court days (*see* Docket references noting that the jury trial was held between October 7, 2014 and October 27, 2014, with breaks only for weekends, Columbus Day, and two additional days).  Further, even if the trial schedule had been "disjointed", Adrea offers no good explanation why B&N should have to bear the exorbitant travel and subsistence expenses incurred by Adrea's witnesses, the gross majority of which appear to be attributable to attorney convenience.  In any event, B&N should not be held accountable for Adrea's counsel's decision to keep its witnesses around for weeks, resulting, for example, in an absurd *fourteen nights* of hotel charges for a witness that testified at trial for *less than forty minutes* — a rate of less than three minutes of testimony per night.  As for Adrea's complaint that the trial was "far longer than the parties' [sic] expected", in fact, the parties estimated that the trial would take eight days (Dkt. No. 132 at 35), and that is how long it took, not counting jury deliberations.

Nevertheless, Adrea contends that B&N should have to pay for the following absurd witness-related costs:

- $5,388.94 for *nine days* of lodging/subsistence and *two* round-trip airfares from California to New York for Brian Berg (Dkt. No. 267-1 at 58, 64-72), who testified at trial for well less than *two days* (Dkt. Nos. 152 and 154);

- $1,216 for *four days* of lodging/subsistence for Eugene Shteyn (Dkt. No. 267-1 at 58), who lives locally and testified at trial for less than *one day* (Dkt. No. 148); and

- $4,256 for *fourteen days* of lodging/subsistence for Xin Wang (Dkt. No. 267-1 at 58), who testified at trial for less than *forty minutes* (Dkt. No. 160), and the need for whose testimony the Court questioned.  *See* Trial Tr. at 354:1-358:25 (Dkt. No. 150); *id.* at 1285:9-11 (Dkt. No. 160).

8

- $4624.70 for *eleven days* of lodging, travel, and subsistence for Stephen Magee (Dkt. No. 267-1 at 58, 63), Adrea's first damages expert, whose testimony was stricken at trial (*see* Trial Tr. at 1522:20-1523:7 (Dkt. No. 270-3)).

In particular, Adrea still offers no explanation why it was necessary for these witnesses to be lodged for so many days in excess of the number of days (or in the case of Wang, minutes) each actually testified, nor has it indicated why it was not practical for Shteyn to return to his New York-area residence each evening.[6]

Similarly, Adrea has requested travel expenses for *two* round trip airfares for its expert witness Berg, who apparently flew back and forth between New York and California twice during trial — while also racking up *nine days* of lodging/subsistence costs — and ended up testifying only for portions of two consecutive days, during which several other witnesses also testified. While Berg's travel itinerary may have been most convenient for him and Adrea's counsel, B&N should not have to pay for what was clearly not "the shortest practical route" to attend trial. 28 U.S.C. § 1821(c)(1); *see also* Dkt. No. 265 at 12.

As for Adrea's damages expert Magee, for whom Adrea seeks to recover $4624.70 in lodging, travel and subsistence costs, it is undisputed that the Court struck his testimony. While of course, as Adrea argues (*see* Adrea Br. at 5), Magee physically appeared at trial and took the witness stand, in effect he *did not* testify — the jury having been instructed to disregard his

---

[6] In addition, Adrea has provided no reason why it should be entitled to recover more than the *per diem* rates authorized by Section 1821(d)(1) and the Administrator of General Services for the months of September and October 2014 ($303 and $304, respectively). Absent such explanation, at best Adrea's recovery, if any, should be limited to the statutory *per diem* rates authorized by Section 1821(d)(1), and only for those days on which these witnesses actually testified. *See* Dkt. No. 265 at 11-13 & n.7 (B&N's Objections to Adrea's Bill of Costs); *see also Advanced Video Techs.*, 2016 WL 1253899, at *6 (explaining that the party moving for taxation of costs must illustrate a "good reason why these witnesses needed to stay overnight"); *Browne v. Greensleeves Records, Ltd.*, 2005 WL 2716568, at *2 (S.D.N.Y. Oct. 21, 2005) (reducing witness' eight-day subsistence costs to a single day of costs on grounds that witness testified for only part of one day).

opinions — and the travel and subsistence costs associated with his appearance should be denied on that basis alone.  *See* Dkt. No. 265 at 12-13 (citing *J.S. Nicol, Inc. v. Peking Handicraft, Inc.*, 2008 WL 4613752, at **13-14 (S.D.N.Y. Oct. 17, 2008) (deducting fees and costs related to witnesses who were excluded from testifying at trial)).  Moreover, Adrea offers no good reason why Magee needed to stick around for an indefensible *eleven days*.  Dkt. No. 267-1 at 58.  This is not only well beyond anything Local Rule 54.1 (c)(3) may cover for witnesses whose testimony was not stricken, but the very definition of audacity.

### III.    CONCLUSION

For all the foregoing reasons, B&N respectfully requests that the Court deny Adrea's Motion to Review in its entirety, and enter an order awarding Adrea no costs, or, in the alternative, affirm the Clerk's denial of all trial transcript and witness-related costs.

Dated:  May 12, 2017                                              ARNOLD & PORTER KAYE SCHOLER LLP

*/s/ Louis S. Ederer*
Louis S. Ederer
Maxwell C. Preston
250 West 55th Street
New York, NY 10019
Telephone:  (212) 836-8000
Facsimile:  (212) 836-8689
louis.ederer@apks.com
maxwell.preston@apks.com

*Attorneys for Defendants Barnes & Noble, Inc., barnesandnoble.com LLC, and Nook Media LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2017, copies of the attached were caused to be served upon the following via ECF:

Colin Cabral, Esq.
PROSKAUER ROSE LLP
2049 Century Park East, Suite 3200
Los Angeles, CA 90067

*Attorneys for Plaintiff*

                                        */s/ Maxwell C. Preston*
                                          Maxwell C. Preston