IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADREA, LLC,<br><br>    *Plaintiff,*<br><br>v.<br><br>BARNES & NOBLE, INC.,<br>BARNESANDNOBLE.COM LLC, and<br>NOOK MEDIA LLC,<br><br>    *Defendants*. | Civil Action No. 13-cv-4137 (JSR) |

**OPPOSITION TO DEFENDANTS'**
**MOTION TO REVIEW THE CLERK'S TAXATION OF COSTS**

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................1

II. PLAINTIFF IS THE PREVAILING PARTY UNDER CONTROLLING
    FEDERAL CIRCUIT LAW ...................................................................................3

III. B&N'S OBJECTIONS TO SPECIFIC ITEMIZED COSTS SHOULD BE
     OVERRULED, TO THE EXTENT THEY HAVE NOT BEEN WAIVED .......6

IV. CONCLUSION......................................................................................................9

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Advanced Video Techs., LLC v. HTC Corp.*,
  No. 11-cv-6604 (CM)(RLE), 2016 WL 1253899 (S.D.N.Y. Feb. 23, 2016) ...........................7

*Alice Corp. Pty. v. CLS Bank Int'l*,
  134 S. Ct. 2347 (2014) ..................................................................................................................3

*Arlington Indus. Inc. v. Bridgeport Fittings Inc.*,
  No. 3:06-cv-1105, 2015 WL 1470710 (M.D. Pa. Mar. 31, 2015) ...........................................5

*ARP Films, Inc. v. Marvel Entm't Grp., Inc.*,
  952 F.2d 643 (2d Cir. 1991)......................................................................................................5

*Farrar v. Hobby*,
  506 U.S. 103 (1992)..............................................................................................................2, 4

*Hamptons Locations, Inc. v. Rubens*,
  No. 01-cv-5477, 2010 WL 3522808 (E.D.N.Y. Sept. 2, 2010) ................................................6

*Intellectual Ventures I LLC v. Capital One Fin. Corp.*,
  No. 1:13-cv-740, 2015 WL 7283108 (E.D. Va. Nov. 17, 2015) ..........................................4, 5

*J.S. Nicol, Inc. v. Peking Handicraft, Inc.*,
  2008 WL 4613752 (S.D.N.Y. Oct. 17, 2008)...........................................................................7

*JA Apparel Corp. v. Abboud*,
  No. 07-cv-7787 (THK), 2010 WL 11488009 (S.D.N.Y. Apr. 13, 2010) ...............................5, 6

*Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*,
  464 F.3d 1339, 1347 (Fed. Cir. 2006)........................................................................................4

*Mercy v. Suffolk Cty., N.Y.*,
  748 F.2d 52 (2d Cir. 1984).........................................................................................................2

*Patterson v. McCarron*,
  No. 99-cv-11078 (RCC), 2005 WL 735954 (S.D.N.Y. Mar. 30, 2005) ................................2, 7

*RBC Nice Bearings, Inc. v. SKF USA Inc.*,
  513 Fed. Appx 61 (2d Cir. 2013)...............................................................................................5

*Rebel Distribs. Corp. v. Devos, Ltd.*,
  376 Fed. Appx. 772 (9th Cir. 2010)...........................................................................................6

*Schultz v. United States*,
    918 F.2d 164 (Fed. Cir. 1990) ............................................................................................... 1

*Shum v. Intel Corp.*,
    629 F.3d 1360 (Fed. Cir. 2010) ..................................................................................... 1, 3, 4

*SSL Services, LLC v. Citrix Systems, Inc.*,
    769 F.3d 1073 (Fed. Cir. 2014) ......................................................................................... 1, 4

*Sung Choi v. City of N.Y.*,
    No. 10-cv-6617 JPO, 2013 WL 1387021 (S.D.N.Y. Apr. 5, 2013) ..................................... 6, 8

**OTHER AUTHORITIES**

10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane,
    *Federal Practice and Procedure* § 2667 (3d ed. 1998) ......................................................... 6

FED. R. CIV. P. 54 ............................................................................................................................. 3

Civ. L.R. 54.1 ............................................................................................................................. 6, 8

**I.     INTRODUCTION**

Defendants (collectively, "B&N") acknowledge that "the law of the Federal Circuit governs the determination whether a party has 'prevailed' within the meaning of FRCP 54(d)(1)" in a patent infringement case, citing *Shum v. Intel Corp.*, 629 F.3d 1360, 1366 (Fed. Cir. 2010). *See* Dkt. No. 269 ("B&N Br."), at 3-4. And yet, B&N fails to address the controlling legal standard and the test for determining a prevailing party set forth by the Federal Circuit in *Shum*.[1] Instead, B&N relies on non-patent cases from other Circuits, taken out of context, to develop what it calls a "mixed results principle" for determining the prevailing party.[2] B&N Br. at 4-5. B&N's legal analysis is flawed and unsound.

The determination of the "prevailing party" in this case is straightforward. Under Federal Circuit law, "[f]or the purposes of costs and fees, there can be only one winner." *Shum*, 629 F.3d at 1367. Indeed, "[a] court must choose one, and only one, 'prevailing party' to receive any costs award." *Id.* Here, a jury found B&N liable for patent infringement, and the Court issued final judgment for Plaintiff Adrea, LLC ("Adrea"), ordering B&N to pay damages. That relief materially altered the legal relationship between the parties by modifying B&N's behavior in a way that directly benefits Adrea. *See SSL Services, LLC v. Citrix Systems, Inc.*, 769 F.3d 1073, 1087 (Fed. Cir. 2014) (holding that a judgment for damages is "relief on the merits [that]

---

[1] "To be a 'prevailing party,' our precedent requires that the party have received at least some relief on the merits. That relief must materially alter the legal relationship between the parties by modifying one party's behavior in a way that 'directly benefits' the opposing party. A party is not required, however, to prevail on all claims in order to qualify as a prevailing party under Rule 54." *Shum*, 629 F.3d at 1366-68 (citations omitted).

[2] B&N purports to recite "Federal Circuit law" by citing *Schultz v. United States*, a 1990 decision relating to a taxpayer suit for refund of tax penalty partial payment. *See* 918 F.2d 164, 165-67 (Fed. Cir. 1990) (holding the government "prevailed" once any tax liability had been imposed); B&N Br. at 4. B&N selectively quotes from *Schultz*, without informing the Court that the Federal Circuit explicitly laid out the test for determining the prevailing party in patent litigation 20 years later in *Shum*.

1

materially alters the legal relationship" of the parties); *Farrar v. Hobby*, 506 U.S. 103, 113 (1992) ("A judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay.").

Nonetheless, B&N asserts that "if anyone is the prevailing party in this case, it is B&N." B&N Br. at 2. If that were true, B&N would have sought reimbursement for its own costs. It did not. As an adjudged infringer ordered to pay damages, B&N cannot credibly claim that it has directly benefited from a material alteration in the legal relationship between the parties. So B&N ignored the Federal Circuit's test altogether.[3]

To be sure, the issue of awarding costs remains within the sound discretion of the Court. Here, B&N's motion is limited to Adrea's *eligibility* to recover costs as a prevailing party—B&N does not challenge the reasonableness of the total costs in dispute. *See Mercy v. Suffolk Cty., N.Y.*, 748 F.2d 52, 54 (2d Cir. 1984) ("The award of costs against the losing party is a normal incident of civil litigation and is the rule rather than the exception."); *Patterson v. McCarron*, No. 99-cv-11078 (RCC), 2005 WL 735954, at *1 (S.D.N.Y. Mar. 30, 2005) ("After the prevailing party demonstrates the amount of its costs and that they fall within an allowable category of taxable costs . . . that party enjoys a presumption that its costs will be awarded.").

In the alternative, B&N argues that specific itemized costs should not have been taxed. Each challenged cost was properly taxed under the Local Rules for the reasons set forth below. B&N's motion should be denied in its entirety.

---

[3] In support of its motion, B&N submitted a 8-page declaration from Louis Ederer that contains, among other things, a procedural history and sections including "relevant" facts related to B&N's motion. *See* Dkt. No. 270. Contrary to explicit instructions from the Court, during the parties' telephone conference with chambers on May 2, 2017, the declaration includes a substantial amount of material that should have been included in B&N's legal memorandum, circumventing the Court's 10-page limit.

2

## II.  PLAINTIFF IS THE PREVAILING PARTY UNDER CONTROLLING FEDERAL CIRCUIT LAW

"Unless a federal state, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party."  FED. R. CIV. P. 54(d)(1).  Determining the prevailing party for purposes of Rule 54 is not a factual inquiry, but rather a question of law.  *Shum*, 629 F.3d at 1366 ("Determination of the prevailing party is a question of law reviewed de novo.").  Indeed, Federal Circuit law defines the "prevailing party" for purposes of patent litigation.  *Id.*  To be a "prevailing party," the law requires that "the party have received at least some relief on the merits" and "[t]hat [such] relief must materially alter the legal relationship between the parties by modifying one party's behavior in a way that 'directly benefits' the opposing party."  *Id.* at 1367.

Following the original trial, a jury found B&N liable for infringement of two patents. Dkt. No. 145.  The Court subsequently determined that one of the infringed patents did not cover patentable subject matter in view of the Supreme Court's landmark decision in *Alice Corp. Pty. v. CLS Bank Int'l*,[4] which issued shortly before trial.  *See* Dkt. No. 182 at 7-14.  The Court also denied B&N's motion for judgment as a matter of law on the second patent.  Dkt. No. 201 at 2-13 ("[T]he Court denies B&N's motion for judgment as a matter of law under Rule 50 or, alternatively, for a new trial, seeking to overturn the jury's findings of infringement and validity of the '703 patent.").  In the end, the Court issued final judgment in Adrea's favor, ordering B&N to pay damages.  Dkt. No. 262 at 9 ("The Court accordingly hereby amends its Order and Final Judgment dated January 12, 2017, ECF No. 249, and issues final judgment for Adrea holding that plaintiff Adrea LLC shall recover from defendants Barnes and Noble, Inc.,

---

[4] 134 S. Ct. 2347 (2014).

BarnesandNoble.com LLC, and Nook Media LLC, jointly and severally, in the amount of $282,438.08.").

The Federal Circuit has expressly rejected B&N's argument—namely, that a patent owner, despite having a judgment for damages, is not a prevailing party in litigation if it wins on one (but not all) of its claims of infringement.  In *Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, the Federal Circuit affirmed a finding that the patent owner was the prevailing party when it prevailed on one of its two infringement claims.  464 F.3d 1339, 1347 (Fed. Cir. 2006).  In rejecting the same argument now raised by B&N, the Court noted: "The fact that a party does not prevail on all of its claims does not . . . preclude it from being the prevailing party for purposes of awarding costs under Rule 54(d)." *Id.*  Similarly, in *SSL Services, LLC v. Citrix Systems, Inc.*, the Federal Circuit reversed a district's holding that the patent owner (SSL) was not the prevailing party because "SSL has a judgment for damages against Citrix."  769 F.3d at 1087.  The Federal Circuit explicitly held that the judgment for damages was "relief on the merits [that] materially alters the legal relationship of the parties," thereby satisfying the prevailing party test set forth in *Shum*.  *See id.* ("Even though SSL did not succeed on all of its infringement claims, this does not change the outcome."); *see also Farrar*, 506 U.S. at 113 ("A judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay.").

B&N cites two patent cases as examples of district courts "applying Federal Circuit law" on the prevailing party issue, without directly relying on either of them.  *See* B&N Br. at 4.  In *Intellectual Ventures I LLC v. Capital One Fin. Corp.*, the defendant "successfully defeated [plaintiff]'s entire litigation objective."  No. 1:13-cv-740, 2015 WL 7283108, at *3 (E.D. Va.

4

Nov. 17, 2015). That is simply not what happened here. Moreover, in *Arlington Indus. Inc. v. Bridgeport Fittings Inc.*, the court found that ***the defendant*** was not a prevailing party, in view of a preliminary injunction and summary judgment in favor of the patent owner on one its patents, and where the patent owner was in the process of pursuing damages. No. 3:06-cv-1105, 2015 WL 1470710, at *9 (M.D. Pa. Mar. 31, 2015).

The remaining cases cited by B&N in support of its motion are disparate, non-patent cases that do not apply the law of the Federal Circuit. For example, B&N identifies *ARP Films, Inc. v. Marvel Entm't Grp., Inc.*, 952 F.2d 643, 651 (2d Cir. 1991) as a case with a "mixed" result. *See* B&N Br. at 4. But that case applied Second Circuit law to a contractual dispute, where the jury awarded damages to both sides. *See ARP*, 952 F.2d at 648 ("The jury awarded $1,220,000 to ARP for Marvel's breach of contract by licensing other to distribute Marvel films on videocassette, and $137,000 to Marvel for various contractual breaches by plaintiffs . . ."). B&N also cites *RBC Nice Bearings, Inc. v. SKF USA Inc.*, an unpublished Second Circuit order, where the lower court had found that neither party "prevailed" because its judgment dismissed all claims and counterclaims. *See* 513 Fed. Appx 61 (2d Cir. 2013). Remarkably, the Court actually declined to address the prevailing party issue. *Id.* at 62 ("Whether a party is a 'prevailing party' within the meaning of Rule 54(d) is a question of law, which we review *de novo*. We need not resolve this issue, however, because the district court was well within its discretion in declining to award costs to either party.") (citation omitted). Last, B&N relies on *JA Apparel Corp. v. Abboud*,[5] describing this contract and trademark case as "on point" and an example of a "mixed outcome." B&N Br. at 4-5. But, unlike here, the plaintiff failed to recover costs under Second Circuit law because it lost on "the primary issue in the litigation," and the

---

[5] No. 07-cv-7787 (THK), 2010 WL 11488009 (S.D.N.Y. Apr. 13, 2010).

5

defendant "had not actually infringed [plaintiff]'s trademark." *See JA Apparel*, 2010 WL 11488009, at *4.[6]

### III. B&N'S OBJECTIONS TO SPECIFIC ITEMIZED COSTS SHOULD BE OVERRULED, TO THE EXTENT THEY HAVE NOT BEEN WAIVED

B&N has challenged four specific itemized costs, totaling approximately $10,000. First, B&N challenges the taxed cost of the deposition transcript of Stephen Magee (already reduced from $3,631 to $1,127) on the ground that his testimony was excluded during the original trial. *See* B&N Br. at 7-8. The Local Rules provide that "the original transcript of a deposition, plus one copy, is taxable if the deposition was ***used*** or received in evidence ***at the trial***, whether or not it was read in its entirety." L.R. 54.1(c)(2) (emphasis added). The Rules are silent with regard to how the transcript must be used (*e.g.*, on cross examination) and whether the deponent's live testimony was ultimately deemed admissible.

With regard to taxation of Magee's deposition transcript under L.R. 54.1(c)(2), the proper inquiry is "whether, at the time the deposition was taken, it appeared to be reasonably necessary." *Sung Choi v. City of N.Y.*, No. 10-cv-6617 JPO, 2013 WL 1387021, at *2 (S.D.N.Y. Apr. 5, 2013) (quoting *Hamptons Locations, Inc. v. Rubens,* No. 01-cv-5477, 2010 WL 3522808, at *7 (E.D.N.Y. Sept. 2, 2010)). Indeed, "the costs of depositions not used at trial are still taxable . . . where they appear to have been reasonably necessary at the time they were taken."

---

[6] In a footnote, B&N includes a long string of cases as examples of "mixed" results. B&N Br. at 5 n.2. These cases, however, do not support the relief that B&N has requested and, in fact, belie the premise of B&N's motion. *See*, *e.g.*, *Rebel Distribs. Corp. v. Devos, Ltd.*, 376 Fed. Appx. 772, 774 (9th Cir. 2010) (holding that the plaintiff, not the defendant, was the prevailing party because "the district court entered judgment in favor of [plaintiff] in the amount of $59,031.82") (citing 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2667, at 219-20 (3d ed. 1998) ("[W]hen the jury finds for plaintiff as to liability, it has been held that plaintiff is the prevailing party and entitled to costs even though the jury determines that plaintiff has suffered no more than nominal damages.").

*Id.* (quotations omitted). Under this standard, the cost of the transcript is taxable, regardless of the Court's rulings during the trial.

B&N cites no relevant authority to support its position. Contrary to B&N's misleading description, the only case cited by B&N involved an entirely different set of circumstances—that is, the reduction of attorneys' fees and expert witness fees relating to the preparation of an expert report that the Court ultimately excluded. *See J.S. Nicol, Inc. v. Peking Handicraft, Inc.*, 2008 WL 4613752, at *13 (S.D.N.Y. Oct. 17, 2008) ("This Court finds that it would be unreasonable to award J.S. Nicol attorneys' fees for Levine's expert report, and for any trial preparation concerning the subject matter of that report, because J.S. Nicol was unsuccessful in getting Levine or his report before the jury.").

Second, B&N challenges the cost associated with the deposition transcript of David Yurkerwich because the court reporting service hired by B&N did not provide an itemized breakdown of expenses on its invoice. *See* B&N Br. at 8-9. B&N is simply wrong to argue that no costs should be taxed because Adrea has not met its burden. "After the prevailing party demonstrates the amount of its costs and that they fall within an allowable category of taxable costs . . . that party enjoys a presumption that its costs will be awarded." *Patterson*, 2005 WL 735954, at *1. Upon review of the Clerk's taxation of costs, "the losing party bears the burden of showing why costs should not be awarded and convincing the district court to exercise its discretion to vacate the Clerk of Court's award of costs." *Advanced Video Techs., LLC v. HTC Corp.*, No. 11-cv-6604 (CM)(RLE), 2016 WL 1253899, at *3 (S.D.N.Y. Feb. 23, 2016), *report and recommendation adopted sub nom. Advanced Video Techs. v. HTC Corp.*, No. 11-cv-8908 (CM), 2016 WL 1271498 (S.D.N.Y. Mar. 30, 2016). It is beyond dispute that Mr. Yurkerwich's deposition testimony was used extensively for cross-examination during the bench trial on

7

damages (*see*, *e.g.*, Trial Tr. (June 24, 2016) at 213:19-215:13), and that the costs of his original transcript, plus one copy, are therefore taxable under L.R. 54.1(c)(2).  Consequently, B&N has the burden of perfecting the incomplete information provided by its own court reporting service in challenging the Clerk's actions here.  It has not done so.

Third, B&N challenges the costs associated with the deposition transcripts of James Rosenstock and William Rainey.  B&N Br. at 9.  B&N did not challenge these costs in its objections filed on April 19, 2017; the objection is therefore waived.  *See generally* Dkt. No. 265 (containing no mention of "Rosenstock" or "Rainey").  In any event, B&N challenges these costs on the ground that "Adrea fails to indicate where in the trial transcript such depositions were introduced into the record, which, in fact, they were not."  *See* B&N Br. at 9.  Further, in a sworn declaration, B&N's counsel, Mr. Ederer, states that "a review of the trial transcripts indicates that no portion of [Mr. Rosenstock's] deposition transcripts were used or received in evidence at trial.  *See* Dkt. No. 270 at ¶ 25.  These statements are demonstrably false.  *See* Trial Tr. (Oct. 16, 2014) 824:8-12 ("[The Court:] Let me have my courtroom deputy hand out the marked-up deposition of James Rosenstock.  I have ruled on the one and only objection.  It took hours to work it out, but I did somehow.").[7]

Last, B&N challenges the costs associated with the deposition transcripts of John Hendricks, Bahrath Kalyan, and Susan Lally because it would be "unfair."  *See* B&N Br. at 9-10.  B&N does not even attempt to dispute that these are taxable costs.  Indeed, Mr. Hendricks's

---

[7] Mr. Rainey testified at his deposition pursuant to FED. R. CIV. P. 30(b)(6).  Mr. Rainey's deposition was neither solely for discovery, nor for the convenience of counsel.  To the contrary, the deposition appeared to be reasonably necessary at the time it was taken.  *See Sung Choi*, 2013 WL 1387021, at *2 ("the costs of depositions not used at trial are still taxable . . . where they appear to have been reasonably necessary at the time they were taken").  In fact, both parties expected Mr. Rainey to testify as a party witness at trial and included him on their witness lists in advance of trial.  *See* Dkt. No. 140 (Pretrial Consent Order) at 33-34.

8

deposition testimony was shown live to the jury during the trial.  *See* Trial Tr. (Oct. 8, 2014) at 257:17.  Once again, B&N has created its own ad hoc rules for taxing costs, without any relationship to text of Local Rules or other legal authority.  Accordingly, B&N has not come close to overcoming the existing presumption of awarding taxable costs, or meeting its burden of showing why these taxable costs should not be awarded.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny B&N's motion in its entirety.

Dated:  May 12, 2017                              Respectfully submitted,


/s/ Colin Cabral
Steven M. Bauer
Brendan Cox (*pro hac vice*)
PROSKAUER ROSE LLP
One International Place
Boston, Massachusetts 02110
(617) 526-9600 (telephone)
(617) 526-9800 (facsimile)
sbauer@proskauer.com
bcox@proskauer.com

Colin Cabral
PROSKAUER ROSE LLP
2049 Century Park East, Suite 3200
Los Angeles, CA 90067
(310) 284-5611 (telephone)
(310) 557-2193 (facsimile)
ccabral@proskauer.com

*Attorneys for Plaintiff ADREA, LLC*

**CERTIFICATE OF SERVICE**

   I certify that on May 12, 2017, I caused a copy of the foregoing document to be served upon counsel of record for Barnes & Noble, Inc., barnesandnoble.com llc, and Nook Media LLC by electronic mail.

Louis S. Ederer
Susan Lee Shin
Maxwell Charles Preston
ARNOLD & PORTER LLP
399 Park Avenue
New York, NY 10022-4690
Telephone:  (212) 715-1000
Facsimile:  (212) 715-1399
louis.ederer@aporter.com
susan.shin@aporter.com
maxwell.preston@aporter.com

*Attorneys for Defendants Barnes & Noble, Inc., barnesandnoble.com llc, and Nook Media LLC*

                */s/ Colin Cabral*