UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADREA, LLC,<br><br>                Plaintiff,<br><br>    - against -<br><br>BARNES & NOBLE, INC.,<br>BARNESANDNOBLE.COM LLC, and<br>NOOK MEDIA LLC,<br><br>                Defendants. | ECF Case<br><br>13-CV-4137 (JSR) |

## DEFENDANTS' OBJECTIONS TO PLAINTIFF'S INVOICES

Defendants Barnes & Noble, Inc., barnesandnoble.com LLC, and NOOK Media LLC (collectively "B&N"),[1] pursuant to the Court's instructions in an email received from the Clerk on July 17, 2017, and in accordance with Local Rule 54.1(b), hereby respectfully submit their Objections to the costs enumerated by Plaintiff Adrea, LLC ("Adrea") in the Declaration of Colin Cabral, filed July 18, 2017 (Dkt. No. 275), and the attached exhibits. These Objections are in addition to, and subject to the various sets of Objections to Adrea's requested costs that B&N has previously filed in this action, including, without limitation, B&N's position that as a matter of law, Adrea is not entitled to recover any costs, as it was not the prevailing party in this action for purposes of a costs award. *See* Dkt. Nos. 260, 265, 269. As requested by the Clerk, however, this document focuses primarily on B&N's objections to the specific costs addressed in Mr. Cabral's declaration and the exhibits attached thereto.

---

[1] NOOK Media LLC is now Barnes & Noble Education, LLC, a subsidiary of Barnes & Noble Education, Inc., and a separately traded company. barnesandnoble.com LLC is the predecessor in interest to Nook Digital, LLC, a subsidiary of Barnes & Noble, Inc.

Once again, virtually all of Adrea's requested costs should be rejected. It is the burden of the party who filed a Bill of Costs to demonstrate the amount of costs to which it is entitled under Local Rule 54.1, and that such costs were necessarily incurred and were therefore justified. *Advanced Video Techs., LLC v. HTC Corp.*, No. 11-CV-6604 (CM)(RLE), 2016 WL 1253899, at *3 (S.D.N.Y. Feb. 23, 2016). Notwithstanding the Clerk's July 17 request for such details, however, Adrea has failed to carry this burden with respect to the costs it now seeks to recover. Accordingly, for the reasons set forth below and those in B&N's previously filed Objections, no such costs should be awarded.

### I. Adrea Is Not Entitled to Be Reimbursed for Costs Associated with the Deposition Transcript of David Yurkerwich

In the Clerk's July 17 email, the Court first requested that Adrea provide a breakdown of expenses it is seeking to recover in connection with the transcript of the deposition of David Yurkerwich, Adrea's second damages expert, excluding any expenses other than those attributable to the cost of producing the transcript on regular turnaround. Previously, Adrea sought to recover the amount of $5,862.80 for such transcript, including charges for all manner of costs not covered by Local Rule 54.1. Now, Adrea seeks to recover $1,639.65 in connection with the Yurkerwich deposition: $1,561.65 for the cost of the transcript itself on regular turnaround, and $78.00 for shipping and handling of the transcript and exhibits. *See* Dkt. No. 275-1 at 2. As discussed in B&N's previous objections, however, Adrea should not be entitled to recover *any* expenses associated with the Yurkerwich deposition, as Yurkerwich only testified at the second trial in this action, which Adrea essentially lost. *See* Dkt. No. 265 at 9.

Thus, as B&N has previously argued, Adrea should not be entitled to recover any costs associated with the Yurkerwich transcript. At the second trial on damages, this Court rejected Yurkerwich's trial testimony, and reduced the damages award from Yurkerwich's amount of

$1,059, 265, to $266,832.33, an amount much closer to that calculated by B&N's expert. Even if Adrea may be considered a prevailing party at the first trial for purposes of recovering costs, which, for the reasons discussed previously, it should not, under no definition may Adrea be considered the prevailing party at the damages trial.

Focusing specifically on the reporting company's invoice attached to Adrea's papers, courts in this District have repeatedly held that shipping and handling fees incurred in connection with deposition transcripts are not reimbursable. *See, e.g.*, *Mobasher v. Bronx Cmty. College of the City Univ. of N.Y.*, 2008 U.S. Dist. LEXIS 57470 at *10 (S.D.N.Y. July 28, 2008) ("shipping fees [for deposition transcripts] are not provided for under Local Civil Rule 54.1"). Accordingly, to the extent that Adrea is entitled to anything in connection with the Yurkerwich deposition transcript, which it is not, it may recover, at most, the cost of the transcript itself on regular turnaround, and not the shipping and handling charges.

## II. Adrea Has Improperly Inflated the Airfare Costs for Which it Seeks Reimbursement

The Clerk next requested that Adrea provide evidence of one round trip airfare expense for each of the witnesses for which it seeks reimbursement of such charges, as previously it had sought more than one such reimbursement for at least one witness. Adrea now seeks to recover the following airfare costs in connection with its expert witnesses: $435.10 for Xin Wang, $1,526.96 for Brian Berg, and $1,280.70 for Stephen Magee. Putting aside the question of whether Adrea should recover any airfare costs for Wang, who testified for less than forty minutes, and, as the Court recognized, not very effectively, the costs associated with Berg's airline travel are improperly inflated. Moreover, as B&N explained in its previous sets of Objections, Adrea should be not entitled to recover any costs associated with Magee, whose testimony was excluded at trial.

3

### A. Adrea Has Deliberately Inflated Berg's Airfare Costs

With respect to Berg's airfare costs, the requested reimbursement of $1,526.96 is overinflated in two respects. First, Berg flew to and from New York on two separate occasions. Previously, Adrea tried to recover the cost of both round trip flights. Now, not surprisingly, Adrea has requested reimbursement for the more expensive round trip, even though that travel expense is not connected to Berg's trial testimony. Thus, Adrea has requested reimbursement for Berg's flight to New York on October 9, 2014, and his return flight to California on October 12, 2014. *See* Dkt. No. 275-2 at 3-6. Berg, however, testified at trial on October 15 and 16, 2014 — his testimony on October 10 was at the *Markman* hearing, which was not his trial testimony. *See* Dkt. Nos. 150, 152, 154. Obviously these earlier flights were chosen by Adrea simply because they were more expensive than Berg's flights on October 15 and 16, 2014 — the dates he actually testified at trial — which totaled $950.98 ($402.00 plus $548.98). *See* Dkt. No. 264-3 at 15–18. Accordingly, Adrea should not be entitled to recover the Berg airfare costs it now seeks.

Second, the invoices submitted by Adrea for Berg's airfare costs reflect an "Ancillary Seat Fee" in connection with each flight, one for $99.00 and one for $80.00. *See* Dkt. No. 275-2 at 3–6. This fee is unexplained, but is apparently in addition to the "Base Fare Total." *See id.* To the extent this charge relates to a seat upgrade, it would certainly not qualify as "the most economical rate reasonably available" for which travel expenses are permitted. *See* 28 U.S.C. §1821(c)(1). Regardless, Adrea should not be reimbursed for a completely unexplained fee. *See Advanced Video Techs., LLC*, 2016 WL 1253899, at *3 (party seeking reimbursement must show that reimbursement is justified).

### B. Adrea Is Not Entitled to Recover Magee's Airfare Costs

As explained in detail in B&N's earlier Objections, Adrea is not entitled to recover the $1,280.70 in airfare costs incurred by its first damages expert Magee, since the Court struck

Magee's testimony at the first trial during cross-examination, and the jury was instructed to disregard his testimony in its entirety. Dkt. No. 143 at 12; *see also* Dkt. No. 263-2 at 2. In effect, then, Magee did not testify at trial, so under Local Rule 54.1(c)(2), B&N should not have to reimburse any of Adrea's costs associated with his appearance at trial. *See J.S. Nicol, Inc. v. Peking Handicraft, Inc.*, No. 03CIV.1548(GHD AJP), 2008 WL 4613752, at *13-14 (S.D.N.Y. Oct. 17, 2008) (deducting fees and costs related to witnesses who were excluded from testifying at trial).

Moreover, the invoice submitted with respect to Magee's airfare expenses fails to explain the costs allegedly incurred. *See* Dkt. No. 275-2 at 7. The invoice appears to show that Magee's flight on October 3, 2014 cost $471.10, apparently consisting of unexplained charges of $388.84, $43.26, and $39.00. *Id.* Similarly, the invoice shows that Magee's return flight on October 16, 2014 cost $809.60, with unexplained charges of $695.81, $74.79, and $39.00. *Id.* The invoice also appears to reflect a charge for an unused ticket valued at $158.99. *Id.* Without any explanation of these charges, it is not possible for this Court to evaluate whether they all constitute "the most economical rate reasonably available". *See* 28 U.S.C. §1821(c)(1). At the least, Adrea has failed to meet its burden to show that reimbursement is justified for these unexplained charges. *See Advanced Video Techs., LLC*, 2016 WL 1253899, at *3.

### III.     Adrea Has Improperly Inflated its Claimed Hotel Costs

Next, the Clerk requested that Adrea provide invoices evidencing the costs of overnight hotel stays it seeks to recover, limited only to the days the witnesses in question actually testified at trial. Adrea responds by purporting to provide an invoice reflecting the costs associated with the hotel stays of the inventor Eugene Shteyn, and, once again, its three expert witnesses, Wang, Berg, and Magee. Specifically, Adrea seeks to be reimbursed for a total of eight (8) hotel nights: one (1) night for Shteyn, two (2) nights for Wang, two (2) nights for Berg, and three (3) nights

5

for Magee. Further, Adrea now claims that it is entitled to hotel costs totaling $426.93 per night, although, in its Bill of Costs, it only sought to recover $304 per night. *Compare* Dkt. No. 275 ¶ 4 *with* Dkt. No. 263-1 at 2. Adrea's requests are overinflated in several ways.

First, Local Rule 54.1(c)(3) provides for reimbursement of subsistence costs under 28 U.S.C. §1821 only if a non-party witness testifies at trial, and it is not practical for the witness to return to his or her residence from day to day. Under Section 1821(d)(1), a witness may receive a "subsistence allowance … in an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services … for official travel in the area of attendance by employees of the Federal Government." 28 U.S.C. §1821(d)(1). In October 2014, that allowance was $304.00. *See* https://www.gsa.gov/portal/category/100120. Accordingly, to the extent Adrea is entitled to recover any hotel costs — which it is not — it is entitled to no more than $304.00 per day per witness.

Second, putting aside the question whether Shteyn, the inventor of one of the patents at issue, was even an eligible non-party witness, Adrea has provided no explanation as to why "it [was] not practical for [Shteyn] to return to his … residence" (Local Rule 54.1(c)(3)), when he only testified for part of a single day. *See* Dkt. No. 148. B&N has repeatedly asserted that Adrea is not entitled to recover subsistence costs for Shteyn because he maintains a residence in the New York area, and Adrea has never argued to the contrary, nor does it seek recovery for his airfare expenses. Indeed, to this day, Adrea has still not explained why Shteyn could not return home from day to day.

Third, Adrea argues that it is entitled to reimbursement for two (2) hotel nights for Wang, since he allegedly testified at trial on October 10 and 21, 2014. *See* Dkt. No. 275 ¶ 4. However, as noted above, October 10, 2014 was the date of the *Markman* hearing, so the only trial

6

testimony Wang gave was on October 21, 2014. Thus, at most, Wang required a single night in the hotel for the less than forty minutes of trial testimony he presented, and given the superfluousness of that testimony, such costs should be denied in their entirety.

Fourth, Adrea argues that it is entitled to reimbursement for two (2) hotel nights for Berg, since he testified at trial on October 15 and 16, 2014. *See* Dkt. No. 275 ¶ 4. However, although Adrea correctly lists the days that Berg testified, according to Adrea's airfare invoices, Berg flew into New York on October 15, 2014, and then flew out on October 16, 2014. *See* Dkt. No. 264-3 at 15–18. Accordingly, Berg only required a hotel for trial testimony for a single night, and Adrea should be entitled to reimbursement only for that one night. Further, to the extent Adrea is seeking to recover hotel costs for Berg's testimony at the *Markman* hearing, this should be denied for the reasons previously stated.

Lastly, and incredibly, Adrea argues that it is entitled to reimbursement for three (3) hotel nights for Magee, since he allegedly testified at trial on October 10, 16 and 17, 2014. *See* Dkt. No. 275 ¶ 4. As discussed, however, October 10, 2014 was the date of the *Markman* hearing, and then Magee's trial testimony was excluded by the Court on October 17. Accordingly, for the reasons previously indicated, Adrea should not be entitled to recover any hotel costs with respect to Magee's trial testimony. *See J.S. Nicol, Inc.*, 2008 WL 4613752, at *13-14.

### III.     Adrea Is Not Entitled to Recover Any Costs, as It Was Not a Prevailing Party

Finally, as discussed in more detail in B&N's previously filed Objections, Adrea is not entitled to any costs, since it was not a "prevailing party" for purposes of such an award under Federal Rule 54(d). Under both Federal Circuit and Second Circuit law, a party — like Adrea — that achieved only "mixed results", and failed to "substantially prevail[]" should not be considered a prevailing party for purposes of a costs award. *See, e.g.*, *Schultz v. United States*,

7

918 F.2d 164, 166 (Fed. Cir. 1990) ("[a]scertaining the 'prevailing party' [under FRCP 54(d)] requires us to 'look to the substance of the litigation to determine whether an applicant has *substantially* prevailed in its position, and not merely the technical disposition of the case or motion") (emphasis in original); *ARP Films. Inc. v. Marvel Entm't Group, Inc.*, 952 F.2d 643, 651 (2d Cir. 1991) ("In view of the mixed outcome of this litigation, the district court was well within its discretion in concluding that plaintiffs were not prevailing parties …."); *Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*, No. 3:06-CV-1105, 2015 WL 1470710, at *8 (M.D. Pa. Mar. 31, 2015) ("[T]he essential inquiry in mixed judgment cases is whether one party's successes surpass the other's with respect to the 'central issue[s]' in the suit."); *JA Apparel Corp. v. Abboud*, 2010 WL 1488009, *4 (S.D.N.Y. April 13, 2010) (finding that plaintiff was not a "prevailing party" in the litigation, since "[t]he judgment was 'mixed', with Abboud prevailing on the issue most seriously in contention, and JA Apparel prevailing on other issues").

Given that B&N's victories far outnumbered Adrea's with respect to the key issues in contention — including whether Adrea's patents were valid and infringed, and whether Adrea's damages should be in the multi-millions, or in the low six figures — the question of whether the results were "mixed", or whether fairness requires each party to bear its own costs, is not close.  Having lost two of its three claims for patent infringement, had one of its asserted patents invalidated, and been awarded less than three percent of its claimed damages, Adrea did not come close to "substantially prevailing" on its key positions, and cannot be considered a "prevailing party" for purposes of FRCP 54(d)(1).  Put another way, to the extent Adrea prevailed on some small portion of its case, B&N prevailed to a much greater extent, so at best the results were "mixed", and "[i]n any realistic sense, [Adrea] was not a prevailing party." *Mills v. Energy Transp. Corp.*, 2000 WL 328573, at *1 (S.D.N.Y. Mar. 29, 2000)

(finding that a jury's decision to award $193,750 in damages when the plaintiff sought millions of dollars was "clearly a major victory for the defendant"); *see also Natividad v. Pronav Ship Mgmt., Inc.*, 2001 WL 357086, at *1 (S.D.N.Y. Apr. 9, 2001) (finding that the plaintiff was not the prevailing party where he recovered damages at trial that were less than 5% of the amount demanded). Accordingly, the Court should exercise its broad discretion to deny costs to Adrea in their entirety. *AXA Versicherung AG v. N.H. Ins. Co.*, 769 F. Supp. 2d 623, 625-26 (S.D.N.Y. 2011) (Rakoff, J.).

## IV. Conclusion

For all the foregoing reasons, Adrea should not be awarded the costs it seeks, but in any event, its costs should be reduced only to those to which it is entitled by law.

Dated: July 19, 2017

**ARNOLD & PORTER KAYE SCHOLER LLP**

*/s/ Louis S. Ederer*
Louis S. Ederer
Maxwell C. Preston
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8000
Facsimile: (212) 836-8689
louis.ederer@apks.com
maxwell.preston@apks.com

*Attorneys for Defendants Barnes & Noble, Inc., barnesandnoble.com LLC, and Nook Media LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 19, 2017, copies of the Defendants' Objections to Plaintiff's Invoices was caused to be served upon the following via ECF:

Colin Cabral, Esq.
PROSKAUER ROSE LLP
2049 Century Park East, Suite 3200
Los Angeles, CA 90067

                                               */s/ Maxwell C. Preston*
                                                  Maxwell C. Preston