UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ :
ADREA, LLC,                          :
                                     :
               Plaintiff,            :
                                     :
        -v-                          :        13 Civ. 4137(JSR)
                                     :
BARNES & NOBLE, INC.,                :        MEMORANDUM ORDER
BARNESANDNOBLE.COM LLC, and NOOK
MEDIA LLC,
                                     :
               Defendants.           :
------------------------------------ :

JED S. RAKOFF, U.S.D.J.

        By Amended Order dated March 22, 2017, the Court issued final

judgment for plaintiff Adrea, LLC ("Adrea") against defendants Barnes

and Noble, Inc., BarnesandNoble.com LLC, and Nook Media LLC

(collectively, "B&N"). Following that Amended Order, on April 28,

2017, the Judgment Clerk entered a Bill of Costs in favor of Adrea

for $27,041.59, and both parties now move to modify that award. After

carefully considering the parties' written submissions, the Court,

for the reasons stated below, grants in part and denies in part the

parties' motions and approves a Bill of Costs for Adrea in the amount

of $45,228.21.

        The details of this case are discussed in greater detail in

Adrea, LLC v. Barnes & Noble, Inc., No. 13 CIV. 4137(JSR), 2017 WL

44954 (S.D.N.Y. Jan. 3, 2017), familiarity with which is here

presumed. In brief, Adrea filed suit in 2013 accusing B&N of

infringing three U.S. patents: U.S. Patent No. 7,620,703 ("the '703 Patent"); U.S. Patent No. 7,299,501 ("the '501 Patent"); and U.S. Patent No. 7,298,851 ("the '851 Patent"). The following year, a jury found B&N liable for infringing the '703 and '501 Patents and awarded Adrea $1.33 million in damages. Subsequently, however, the Court granted B&N's post-trial motion, holding as a matter of law that the '501 Patent was invalid. The Court accordingly ordered a limited new trial to determine damages on the '703 Patent and, after a three-day bench trial, found B&N liable to Adrea in the amount of $266,832.82. The Court then issued final judgment for Adrea on January 12, 2017 in the amount of $269,832.25 and, after Adrea moved for supplemental damages for pre-judgment infringement and ongoing royalties for post-judgment infringement, issued an Amended Order and Final Judgment on March 22, 2017 in the amount of $282,438.08.

On April 5, 2017, Adrea filed a proposed Bill of Costs with the Judgment Clerk, and B&N filed its objections on April 19, 2017. On April 28, 2017, the Judgment Clerk entered a Bill of Costs in favor of Adrea for $27,041.59, and both parties moved to modify the Bill on May 5, 2017. On July 17, 2017, the Court requested that Adrea submit a revised invoice for one of its trial witnesses, David Yurkerwich, invoices for one round-trip airfare for each its trial witnesses, and invoices for the overnight stays associated with the days when those

witnesses testified at trial.[1] Adrea submitted its invoices on July 18, 2017, see ECF No. 275, and B&N submitted its objections to the invoices the next day on July 19, 2017, see ECF No. 276.

The Court begins with B&N's motion and, in particular, whether the Court should set aside the Bill of Costs in its entirety because Adrea is not a prevailing party. Under the Federal Rules, the prevailing party in an action is generally entitled to recover certain costs. Fed. R. Civ. P. 54(d)(1). B&N, in turn, asserts that Adrea has not prevailed because it was successful on only one of its three patent claims.

B&N is incorrect. A prevailing party is not required to prevail on all its claims. Shum v. Intel Corp., 629 F.3d 1360, 1368 (Fed. Cir. 2010). Instead, the prevailing party must receive some relief on the merits and that relief must materially alter the legal relationship between the parties by modifying one party's behavior in a way that "directly benefits" the opposing party. Id. (citing Manildra Mill. Corp. v. Ogilvie Mills, Inc., 76 F.3d 1178, 1182 (Fed. Cir. 1996)). Here, although Adrea recovered on only one of its three patent claims, its nearly $300,000 recovery is hardly a "technical disposition" of the case and is therefore sufficient to make it the

---

[1] With regard to the revised invoice for Mr. Yurkerwich, the Court requested that Adrea "exclude[] any expenses for the expedited turnaround of his transcript, interactive real-time, rough draft/ASCII exhibit package, and litigation support package." See ECF No. 275.

prevailing party for the purposes of recovering costs.

To be sure, B&N did achieve some success in the litigation by invalidating Adrea's '501 Patent. See Manildra Mill., 76 F.3d at 1183 ("By removing the potential threat of the patentee instituting an infringement action, the competitor necessarily alters the patentee's subsequent behavior to his benefit."). However, the Federal Circuit has made clear that there can "there can be, by definition, only one prevailing party," Shum, 629 F.3d at 1363, and Adrea has achieved an overall greater degree of success by recovering a monetary award and inducing B&N to make "significant modifications" to its devices to avoid infringing Adrea's '703 Patent in the future. See ECF No. 255 at 11; ECF No. 262 at 6; see also SSL Servs., LLC v. Citrix Sys., Inc., 769 F.3d 1073, 1087 (Fed. Cir. 2014).

The Court agrees with B&N, however, that regardless of Adrea's status as a prevailing party, the Judgment Clerk erred by taxing costs for certain deposition transcripts. Pursuant to Local Civil Rule 54.1(c)(2), "the original transcript of a deposition, plus one copy, is taxable if the deposition was used or received in evidence at the trial, whether or not it was read in its entirety." Deposition transcripts are likewise taxable if, at the time the deposition was taken, the deponent's testimony appeared to be reasonably necessary to the litigation. Sung Choi v. City of N.Y., No. 10-cv-6617 JPO, 2013 WL 1387021, at *2 (S.D.N.Y. Apr. 5, 2013). Court reporter

appearance fees, delivery fees, ASCII, and rough ASCII fees, however, are not taxable, In re Omeprazole Patent Litig., No. 00 CIV. 6749 BSJ, 2012 WL 5427849, at *4 (S.D.N.Y. Nov. 7, 2012), and expedited transcripts are taxable only if an impending deadline necessitates expedited treatment. Gottlieb v. Simon, No. 97 CIV. 1019 JSR, 1999 WL 993700, at *1 (S.D.N.Y. Nov. 2, 1999).

B&N's challenges here fall into three categories. First, B&N asserts that the deposition transcripts of two individuals, Stephen Magee and William Ernest Rainey, III, were not used or received in evidence at trial and therefore are not taxable.[2] B&N is partially correct. Although it is true that the Court excluded Mr. Magee's testimony at trial, Adrea has shown that his deposition appeared to be reasonably necessary at the time it was taken (because Magee was then serving as Adrea's damages expert), and the cost of Mr. Magee's deposition transcript is therefore taxable. Adrea has failed, however, to make such a showing with regard to Mr. Rainey. While both parties included him on their witness lists in advance of trial, this says nothing about the content of his deposition or whether it was reasonably necessary at the time it was taken. The Court accordingly finds that it was error for the Judgment Clerk to tax the costs of Mr. Rainey's deposition transcript and reduces the Bill of Costs in

---

[2] B&N also asserts that Adrea did not use or introduce deposition testimony for James Rosenstock. However, Adrea has shown that it did, in fact, introduce such testimony. See Transcript dated October 16, 2014 at 824:8-12.

the amount of $347.75.[3]

B&N next challenges the Judgment Clerk's award of costs for the deposition transcript David Yurkerwich because the invoice submitted to the Judgment Clerk by Adrea included non-taxable fees.[4] Adrea, in turn, has admitted in response to the inquiry from the Court on July 17, 2017 that this is true, and has submitted a revised invoice. See ECF No. 275. The Court accordingly reduces the Bill of Costs by $4,223.15 to reflect this revision.

B&N finally asserts that the Judgment Clerk improperly awarded costs for the deposition transcripts of John Hendricks, Bahrath Kaylan, and Susan Lally because the subject matter of their testimony at trial related solely to patents that were either found invalid or not to have been infringed. Although it might have been reasonably necessary at the time for Adrea to take these depositions, the Court has discretion to deny costs where such an award would be "inequitable" or "unfair." AXA Versicherung AG v. New Hampshire Ins. Co., 769 F. Supp. 2d 623, 625-26 (S.D.N.Y. 2011) (citations omitted).

---

[3] Although Adrea asserts that B&N waived its objection to the taxation of Mr. Rainey's costs, because it did not raise this issue in its objections filed with the Judgment Clerk on April 19, 2017, Adrea identifies no rule in support of its position. Instead, Local Civil Rule 54.1, regarding "objections to bill of costs," provides that a party objecting to any cost item shall serve objections by ECF "prior to the date and time scheduled for taxation."

[4] B&N also asserts that Adrea did not use or introduce deposition testimony for James Rosenstock. However, Adrea has shown that it did, in fact, introduce such testimony. See Transcript dated October 16,

Because Adrea did not ultimately prevail on the claims that were the subject matter of these individuals' deposition testimony, the Court concludes that awarding costs would be inequitable and therefore denies Adrea costs relating to the depositions of these individuals. This results in a reduction of the Bill of Costs in the amount of $1,851.50.

For the foregoing reasons, the Court denies B&N's motion insofar as it seeks to set aside the Bill of Costs in its entirety, but grants B&N's motion to exclude the costs of deposition transcripts for Mr. Rainey, Mr. Hendricks, Mr. Kaylan, and Ms. Lally, and to reduce the award of costs relating to Mr. Yurkerwich. This results in a reduction of the Bill of Costs in the amount of $6,422.40.

The Court next turns to Adrea's motion and, in particular, its arguments that the Judgment Clerk improperly denied costs relating to transcripts, witness travel, and witness subsistence. Under Local Civil Rules 54.1(c)(1), "The cost of any part of the original trial transcript that was necessarily obtained for use in this Court of appeal is taxable." The Judgment Clerk accordingly denied Adrea the costs of obtaining the transcript from the parties' 2014 jury trial because it determined that the transcript was obtained only for "convenience" purposes. Adrea has shown, however, that the transcript was necessary for the parties' post-trial motions and the parties' subsequent bench trial on damages. The Court accordingly grants Adrea

2014 at 824:8-12.

the costs of obtaining the transcript for the parties' 2014 trial and increases the Bill of Costs in the amount of $20,118.24.

Adrea additionally argues that the Judgment Clerk erroneously denied Adrea travel expenses for several testifying witnesses. Under Local Civil Rule 54(1)(c)(3), witness fees and travel expenses are taxable if the witness testifies, and subsistence "is taxable is the witness testifies and it is not practical for the witness to return to his or the residence from day to day." Although the Judgment Clerk is correct that no one witness testified for more than two days, this does not warrant denying travel expenses altogether. As Adrea points out, airline travel was an unavoidable expense for each witness who did not reside in this District, and several witnesses required extended hotel stays due to the trial schedule. The Court accordingly grants Adrea the costs of one round-trip airfare for each witness at trial,[5] and the costs of overnight stays for each witness where it was not practical for the witness to return to his or her residence from day to day (at the per diem rate of $304 per day). See ECF No. 276 at 6. This amounts to travel costs of $950.98 for Brian Berg, $435.10

---

[5] Despite the Court's request on July 17, 2017 that Adrea submit invoices for one round-trip airfare and overnight costs corresponding to the days when the witnesses testified at trial, Adrea has submitted invoices for Brian Berg and Stephen Magee in connection with the parties' pre-trial Markman hearing. See ECF No. 275. The Court accordingly taxes $950.98 for the cost of Mr. Berg's correct round-trip flight (as set forth in B&N's objections), see ECF No. 276 at 4, and denies Adrea the cost of Mr. Magee's overnight stay in connection with the parties' Markman hearing.

for Xin Wang, and $1,280.70 for Stephen Magee, and overnight costs in the amount of $608 for Xin Wang, $608 for Brian Berg, and $608 for Stephen Magee.[6]

For the foregoing reasons, the Court grants in part and denies in part the parties' motions to modify the Judgment Clerk's Bill of Costs, and taxes costs for Adrea in the amount of $45,228.21.

SO ORDERED.

Dated:   New York, NY
         July 15, 2017                        JED S. RAKOFF, U.S.D.J.

---

[6] Although Adrea also seeks to recover the cost of an overnight stay by Eugene Shteyn following his testimony on October 8, 2014, Adrea does not dispute that Mr. Shteyn testified for only part of a day and lives in the New York area. See ECF No. 276 at 6. Adrea accordingly has failed to show that it was not practical for Mr. Shteyn to return to his residence.